```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/7/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARL BLESSING, EDWARD A. SCERBO,
JOHN CRONIN, CHARLES BONSIGNORE,
BRIAN BALAGUERA, SCOTT BYRD,
GLENN DEMOTT, ANDREW DREMAK,
MELISSA FAST, JAMES HEWITT, TODD
HILL, CURTIS JONES, RONALD WILLIAM
KADER, EDWARD LEYBA, GREG LUCAS,
JOSHUA NATHAN, JAMES SACCHETTA,
DAVID SALYER, SUSIE STANAJ, JANEL
and KEVIN STANFIELD, PAUL
STASIUKEVICIUS, TODD STAVE, and
PAOLA TOMASSINI, on Behalf of
Themselves and All Others Similarly Situated,

   Plaintiffs,

-against-

SIRIUS XM RADIO INC.,

   Defendant

No. 09-cv-10035 (HB)

ECF CASE

---

**STIPULATION AND [PROPOSED] ORDER GOVERNING
DISCOVERY RELATING TO TESTIFYING EXPERTS**

  Counsel for plaintiffs and defendant Sirius XM Radio Inc. stipulate and agree to discovery relating to testifying experts in this matter as follows:

  1. This Stipulation will govern discovery related to testifying experts in this matter. In order to avoid consuming the parties' and the Court's time and resources, the parties have agreed to certain limitations on the scope of expert-related discovery and testimony. To the extent this Stipulation imposes limitations on discovery that would otherwise be available under the Federal Rules of Civil Procedure, the parties have agreed to such limitations. Neither the terms of this Stipulation nor the parties' agreement to them implies that any of the information exempted from discovery in this Stipulation would otherwise be discoverable.

2.  In connection with any expert opinion to be offered on class-related issues, plaintiffs and Sirius XM shall provide the disclosures required by Rule 26(a)(2)(B), as modified by this Stipulation, at the times specified in the Court's March 4, 2010 Order for the service of plaintiffs' motion for class certification (July 30, 2010) and Sirius XM's opposition to plaintiffs' motion for class certification (September 30, 2010), respectively. The parties shall make all disclosures regarding non-class issues required by Rule 26(a)(2)(B), as modified by this Stipulation, at the time specified in the Court's March 4, 2010 Order for the exchange of expert (November 30, 2010) and rebuttal (December 30, 2010) reports regarding non-class issues. To the extent that the disclosure describes or includes exhibits, information or data processed or modeled by computer at the direction of a disclosed testifying expert in the course of forming the testifying expert's opinions, machine readable copies of the data (including all input and output files) along with the appropriate computer programs and instructions shall be produced and no subpoena shall be necessary to secure such information. No party need produce computer programs that are reasonably and readily commercially available. All electronic data, together with programs and instructions, shall be produced via hand, email, or overnight delivery within two business days of the disclosure of the testifying expert's opinion or report to the opposing party.

3.  The following categories of data, information, documents or materials need not be produced by any party and need not be listed on any privilege log:

(a) drafts of expert reports, opinions or written testimony, regardless of whether any such drafts have been disclosed or otherwise transmitted to in-house or outside counsel, employees or consultants for the party or parties who retained such testifying expert;

(b) notes or other writings prepared by or for any testifying expert, unless the testifying expert is relying upon those notes or other writings or upon information received in

2

meetings or conversations to which the notes or other writings relate as a basis for his or her opinions; except that facts, data or information considered by such testifying expert in forming his or her opinions, even if attached to, or included in, any such notes or other writings (including but not limited to facts, data or information contained in documents produced by the parties in this litigation, as well as preliminary calculations, computations, modeling or data runs, and any other preliminary or draft materials, to the extent considered by the testifying expert in forming his or her opinions), shall be provided as set forth in Rule 26(a)(2)(B);

(c) documents or information constituting or reflecting oral or written communications between or among the testifying expert, the testifying expert's staff, any non-testifying expert, and/or the party, parties or counsel who retained the testifying expert in the action, unless relied upon by the testifying expert as a basis for his or her opinions; except that facts, data or information considered by such testifying expert in forming his or her opinions, even if attached to, or included in, any such communications (including but not limited to facts, data or information contained in documents produced by the parties in this litigation, as well as preliminary calculations, computations, modeling or data runs, and any other preliminary or draft materials, to the extent considered by the testifying expert in forming his or her opinions), shall be provided as set forth in Rule 26(a)(2)(B); and

(d) The bills and related billing records of the testifying expert, the testifying expert's assistants and clerical or support staff, and any non-testifying expert consultants, except that reasonable questions at depositions going to the testifying expert's compensation and hours expended in preparing his or her report and testimony shall be permitted.

4. Nothing in this Stipulation shall be construed to prevent substantive deposition questions with respect to any data or other non-privileged information that may be relevant to the substance of the testifying expert's opinions, including alternative theories, methodologies,

3

variables, data or assumptions that the testifying expert may have considered in preparing his or her report.

5. This Stipulation and Order does not alter the parties' obligations under Federal Rule of Civil Procedure 26(a)(2)(B)(i) and (iii)-(v).

**GRANT & EISENHOFER P.A.**

By _____

485 Lexington Avenue
New York, NY 10017
646-722-8500

**MILBERG LLP**
One Pennsylvania Plaza
New York, NY 10119
212-594-5300

**COOK, HALL & LAMPROS, LLP**
Promenade Two, Suite 3700
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
404 876-8100

*Interim Class Counsel*

Dated: 6/7, 2010

**JONES DAY**

By _____

North Point – 901 Lakeside Ave.
Cleveland, OH 44114
216-586-3939

*Counsel for Defendant*

SO ORDERED:

_____
Honorable Harold Baer
United States District Judge

4