UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARL BLESSING, EDWARD A. SCERBO, JOHN CRONIN, CHARLES BONSIGNORE, BRIAN BALAGUERA, SCOTT BYRD, GLENN DEMOTT, ANDREW DREMAK, MELISSA FAST, JAMES HEWITT, TODD HILL, CURTIS JONES, RONALD WILLIAM KADER, EDWARD LEYBA, GREG LUCAS, JOSHUA NATHAN, JAMES SACCHETTA, DAVID SALYER, SUSIE STANAJ, JANEL and KEVIN STANFIELD, PAUL STASIUKEVICIUS, TODD STAVE, and PAOLA TOMASSINI, on Behalf of Themselves and All Others Similarly Situated,

   Plaintiffs,

 -against-

SIRIUS XM RADIO INC.,

   Defendant

No. 09-cv-10035 (HB)
ECF Case

---

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO BIFURCATE UNDER FEDERAL RULE OF CIVIL PROCEDURE 42(B)

Plaintiffs move pursuant to Federal Rule of Civil Procedure 42(b) to bifurcate Plaintiffs' non-antitrust claims from the federal antitrust claims in order to expedite consideration of the antitrust claims presented, and effect judicial savings of time.[1]  Despite filing three motions to dismiss herein, Defendant Sirius XM Radio Inc. ("Defendant" or "Sirius XM") has never challenged the sufficiency of Plaintiffs' antitrust allegations, which present factual and legal issues distinct from the Non-Antitrust Claims.  Streamlining the case along the two tracks

---

[1] Plaintiffs' Second Amended Complaint contains four counts: Counts I and II allege violations of § 7 of the Clayton Act and § 2 of the Sherman Act (the "Antitrust Claims"); and Counts III and IV charge Defendant with breach of contract and breach of the implied covenant of good faith and fair dealing and violations of 42 state consumer protection laws (the "Non-Antitrust Claims").  Citations to the Second Amended Complaint are indicated as ¶ __.

suggested will enable the parties to advance the unchallenged Antitrust Claims—through class certification and perhaps through trial—unencumbered by the more complex choice of law and standing issues implicated by the Non-Antitrust Claims which are brought under state common law and the consumer protection statutes of 42 states.  Moreover, discovery on Plaintiffs' Antitrust Claims is already more advanced than discovery on Plaintiffs' Non-Antitrust Claims, as Defendant has not produced, and has barely begun searching for, documents related to the misrepresentations that form the basis of Plaintiffs' Non-Antitrust Claims.  Defendant will not be prejudiced by fast-tracking claims which Defendant has not challenged.  The Court should exercise its broad discretion to manage this case in an efficient, expedited manner and grant Plaintiffs' bifurcation motion.[2]

## ARGUMENT

I.  **THE COURT SHOULD BIFURCATE THE NON-ANTITRUST CLAIMS FROM THE ANTITRUST CLAIMS IN ORDER TO EXPEDITE AND ECONOMIZE THE LITIGATION PROCESS AND TRIAL**

Federal Rule of Civil Procedure 42(b) authorizes the Court to bifurcate the Non-Antitrust Claims from the Antitrust Claims "[f]or convenience, to avoid prejudice, or to expedite and economize. . . ."  Fed. R. Civ. P. 42(b).  The decision to bifurcate is within the broad discretion of the trial judge.  *In re Master Key Antitrust Litig.*, 528 F.2d 5, 14 (2d Cir. 1975).  In determining whether bifurcation is appropriate, Rule 42(b) does not contain a bright-line test; rather, a factual and legal analysis of each case informs the court as to the reasonableness of bifurcation.  *Guidi v. InterContinental Hotels Corp.*, No. 95 Civ. 9006 (LAP), 2003 U.S. Dist. LEXIS 5739, at *2 (S.D.N.Y. Apr. 3, 2003); *see also Haitian Ctrs. Council, v. McNary*, 144

---

[2] Although Plaintiffs believe that the Claims should be bifurcated, discovery should proceed on all issues.

F.R.D. 191, 192 (E.D.N.Y. 1992).³   A factual and legal analysis of this case demonstrates that bifurcation is warranted because it will enable the parties and the Court to more economically and efficiently adjudicate the unchallenged Antitrust Claims.

      A.      <u>The Antitrust Claims and the Non-Antitrust Claims Are Severable</u>

The Antitrust Claims may be successfully advanced ahead of the Non-Antitrust Claims because the two sets of claims are largely legally and factually distinct.  The Antitrust Claims challenge the anticompetitive merger between Sirius and XM that formed Defendant Sirius XM Radio Inc.  Plaintiffs allege that the merger of the only two providers of satellite radio in the United States created an illegal monopoly which threatens to, and has already, substantially reduced competition in the satellite radio market.  ¶¶ 1-12; 46-131.  After the merger eliminated previously vigorous competition between Sirius and XM, Defendant has abused its new-found monopoly power by raising prices and reducing consumer choice.  ¶¶ 92-131.  Establishing that Defendant violated the federal antitrust laws will involve, *inter alia*: (a) defining the relevant product market; (b) determining whether Defendant was able to impose and profitably sustain a small but significant, non-transitory price increase or otherwise decrease competition and consumer choice; (c) demonstrating that Plaintiffs suffered antitrust injury which was caused by Defendant's anticompetitive conduct; and (d) defeating Defendant's defenses, *e.g.*, rebutting any purported pro-competitive efficiencies.

Plaintiffs' Non-Antitrust Claims, consisting primarily of contract claims and claimed violations of state consumer protection statutes of various states, challenge Defendant's

---

³ The factors courts may consider include, but are not limited to: "(1) whether the issues are significantly different from one another; (2) whether the issues are to be tried before a jury or to the court; (3) whether the posture of discovery on the issues favors a single trial or bifurcation; (4) whether the documentary and testimonial evidence on the issues overlap; and (5) whether the party opposing bifurcation will be prejudiced if it is granted."  *Guidi*, 2003 U.S. Dist. LEXIS 5739, at *2-3 (citation omitted).

misrepresentations regarding the "U.S. Music Royalty Fee" (the "Royalty Fee") which Defendant began charging consumers in July 2009. Defendant uniformly represents to subscribers that the Royalty Fee is merely a pass-through of its increased royalty payments to the music industry, when the Royalty Fee charged actually far exceeds Defendant's costs and provides substantial revenue to Defendant. ¶¶ 132-160. Determining whether Defendant's Royalty Fee misrepresentations constitute breach of the subscribers' contracts, breach of any implied covenants or violation of the state consumer protection statutes will concern, *inter alia*: (a) interpretation of subscriber contracts and whether Defendant breached the terms of those contracts; (b) whether Defendant made false, deceptive and/or misleading statements and disclosures about the identity, type, purpose and method of calculation of the Royalty Fee; and (c) whether the misrepresentations constitute unfair, illegal, deceptive and/or fraudulent business practices under various state laws. Thus, the legal and factual considerations regarding the Non-Antitrust Claims are entirely different from those regarding the Antitrust Claims.[4]

---

[4] Although the Royalty Fee is one of the many price increases that Plaintiffs allege Defendant has imposed since the merger to monopoly, the relevance of the Royalty Fee will be vastly different as it relates to the Antirust Claims and the Non-Antitrust Claims. With respect to the Antitrust Claims, Plaintiffs allege that, but for the merger to monopoly, competition between Sirius and XM would have prevented the companies from charging higher prices by, *e.g.*, passing on increased royalty costs to consumers in the form of a Royalty Fee. The legal basis for liability under the Antitrust Claims is not predicated on whether Defendant is misrepresenting the Royalty Fee as a cost pass-through, as it is for the Non-Antitrust Claims. Rather, the relevant question is whether, absent the merger, Sirius or XM would have charged a Royalty Fee at all.

The distinctions between the Claims as they relate to the Royalty Fee are also evidenced by the different damage theories that apply. Antitrust damages will be the difference between the Royalty Fee charged and the amount Sirius and XM would have charged absent the merger (which Plaintiffs allege would be zero). The measure of damages for the Non-Antitrust Claims is the difference between the Royalty Fee charged and Defendant's actual increased royalty costs. The Non-Antitrust Claims assume, *arguendo*, that Defendant is permitted to charge a fee commensurate with its expenses. In contrast, the Antitrust Claims assert that regardless of its expenses and representations, damages are based on what competition, and not contract or disclosure language, would have permitted.

B.      Certification of the Antitrust Claims May Proceed On an Expedited Basis

Although Plaintiffs are confident that that they will satisfy the requirements of Federal Rule of Civil Procedure 23 for each of their claims, analyzing whether Plaintiffs' Federal Antitrust Claims should be certified will be less complex than determining whether the Non-Antitrust Claims, which are brought under the common law and 42 states' laws, should be certified as class claims. Bifurcation will enable the Court to sequentially address class certification and initially limit its consideration to the narrower issues that would be presented under the federal Antitrust Claims. These claims in no way implicate the complex choice of law analysis that this Court will undertake in connection with the Non-Antitrust Claims. Such a bifurcated approach is supported by the Manual for Complex Litigation. *See* Manual for Complex Litigation (Fourth) § 21.1 ("Bifurcation and severance under Rule 42 are available as tools that might make a case more manageable by separating out discrete issues for a phased or sequenced decision by the judge or at trial.").

C.      Discovery Regarding Plaintiffs' Antitrust Claims Is More Advanced

Bifurcating the Non-Antitrust Claims also makes sense here because discovery on the Antitrust Claims is already underway. Defendant has produced approximately ten million pages of documents that were previously produced to the Department of Justice and the Federal Communications Commission in connection with those agencies' review of the anticompetitive merger which forms the basis of the Antitrust Claims. *See* June 4, 2010 Letter from Todd R. Geremia, Esq. to Hon. Harold Baer, Jr. In contrast, Defendant has not yet produced documents responsive to discovery requests regarding the royalty fee misrepresentations that form the basis of the Non-Antitrust Claims. As we have previously advised the Court, Defendant refused to even begin searching for such documents until just recently, even though Plaintiffs served their

requests for this discovery on January 25—over four months ago.[5]

        D.      <u>Defendant Will Not Be Prejudiced By Bifurcation</u>

Requiring Defendant to focus first on the Antitrust Claims, which carry potential treble damage liability, will not prejudice Defendant. First, since Plaintiffs propose that discovery would <u>not</u> be stayed, bifurcation will not create inefficient discovery redundancies, *e.g.*, having to examine the same witness twice. Second, having to file two shorter class certification briefs rather than one brief addressing complex choice of law issues that are irrelevant to Plaintiffs' severable Antitrust allegations presents no cognizable "burden"; Defendant will be able to assert the same arguments on the issue of class certification whether there is one brief or two. Finally, and importantly, by electing not to challenge the Antitrust Claims in the motions to dismiss and by delaying its production of discovery relating to the Non-Antitrust Claims, Defendant has created circumstances which reinforce the appropriateness of bifurcation here. Thus, whatever "burden" Defendant argues may result from bifurcation is the result of its own doing.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court bifurcate the Non-Antitrust Claims from the Antitrust Claims and resolve class certification of the Antitrust Claims before considering class certification of the Non-Antitrust Claims.

---

[5] Defendant also refused, for over four months, to begin searching for any documents related to the Antitrust Claims that were not previously produced to the Government. As Plaintiffs have explained in letters to the Court, Defendant's unjustifiable delay in searching for and producing documents has prejudiced Plaintiffs' ability to meet the current July 30, 2010 class certification deadline. *See* May 25, 2010 Letter from Peter Safirstein, Esq. to Hon. Harold Baer, Jr.; June 7, 2010 Letter from James J. Sabella, Esq. to Hon. Harold Baer, Jr. Accordingly, Plaintiffs have asked the Court to set a new class certification deadline. Plaintiffs now request that the Court also bifurcate the class certification motions.

Dated:  June 11, 2010                          Respectfully submitted,

| **GRANT & EISENHOFER P.A.** | **MILBERG LLP** |
|---|---|
| Jay W. Eisenhofer | /s/ Peter Safirstein |
| Richard S. Schiffrin | Herman Cahn |
| James J. Sabella | Peter Safirstein |
| Shelly L. Friedland | Anne Fornecker |
| 485 Lexington Avenue | One Pennsylvania Plaza |
| New York, NY 10017 | New York, NY 10119 |
| Tel.: 646-722-8500 | Tel.: 212-594-5300 |
| Fax: 646-722-8501 | Fax.: 212-868-1229 |
| | |
| Mary S. Thomas (admitted *pro hac vice*) | Paul F. Novak |
| 1201 N. Market Street | Milberg LLP |
| Wilmington, DE 19801 | One Kennedy Square |
| Tel.: 302-622-7000 | 777 Woodward Avenue |
| | Suite 890 |
| Reuben Guttman | Detroit, MI 48826 |
| 1920 L. Street NW | Tel.: 313-309-1760 |
| Suite 400 | |
| Washington, DC 20036 | Nicole Duckett |
| Tel.: 202-386-9500 | Milberg LLP |
| | 300 S. Grand Avenue, 39th Floor |
| **COOK, HALL & LAMPROS, LLP** | Los Angeles, CA 90071 |
| Edward S. Cook | Tel.: 213-617-1200 |
| Christopher B. Hall | Fax: 213-617-1975 |
| P. Andrew Lampros | |
| Promenade Two, Suite 3700 | |
| 1230 Peachtree Street, N.E. | |
| Atlanta, Georgia 30309 | |
| Tel.: 404 876-8100 | |
| Fax: 404 876-3477 | |

*Attorneys For Plaintiffs Carl Blessing, Charles Bonsignore,*
*Andrew Dremak, Curtis Jones, James Sacchetta, David Salyer,*
*Susie Stanaj, and Paul Stasiukevicius, and Interim Class Counsel*

**ABBEY SPANIER RODD & ABRAMS, LLP**
Jill Abrams
Natalie Marcus
212 East 39th Street
New York, NY 10016
Tel.: 212-889-3700
Fax: 212-684-5191

**SHAHEEN & GORDON, P.A.**
Christine Craig
140 Washington Street
Dover, NH 03821
Tel.: 603-749-5000
Fax: 603-749-1838

*Attorneys for Plaintiff John Cronin and Todd Hill*

**GARDY & NOTIS, LLP**
Mark C. Gardy
James S. Notis
560 Sylvan Avenue
Englewood Cliffs, NJ 07632
Tel.: 201-567-7377
Fax: 201-567-7337

**FARUQI & FARUQI, LLP**
Nadeem Faruqi
Shane T. Rowley
369 Lexington Avenue
New York, NY 10017
Tel.: 212-983-9330
Fax: 212-983-9331

*Attorneys for Plaintiff Edward A. Scerbo*

**FREED & WEISS LLC**
Jeffrey A. Leon
Eric D. Freed
111 West Washington Street
Suite 1331
Chicago, IL 60602
Tel.: 312-220-0000

**CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN**
James E. Cecchi
Lindsey Taylor
5 Becker Farm Road
Roseland, NJ 07068
Tel.: 973-994-1700
Fax: 973-994-1744

**SEEGER WEISS LLP**
Stephen A. Weiss
James A. O'Brien, III
One William Street
New York, NY 10004
Tel.: 888-584-0411

**LAYTIN VERNER LLP**
Jeffrey L. Laytin
Richard B. Verner
One Pennsylvania Plaza
48th Floor
New York, NY 10119
Tel.: 212-631-8695
Fax: 212-273-4306

*Additional Counsel for Plaintiffs*

**SCOTT+SCOTT LLP**
Joseph P. Guglielmo
500 Fifth Avenue
New York, NY 10110
Tel.: 212-223-6444

    and

Christopher M. Burke
600 B Street, Suite 1500
San Diego, CA 92101
Tel.: 619-233-4565

**LEOPOLD~KUVIN, P.A.**
William C. Wright
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Tel.: 561-935-4801

**BERGER & MONTAGUE, P.C.**
Merrill G. Davidoff
Michael Dell'Angelo
1622 Locust Street
Philadelphia, PA 19103
Tel.: 215-875-3000

*Attorneys for Plaintiff Brian Balaguera*

**BLOOD HURST & O'REARDON LLP**
Timothy G. Blood
Thomas P. O'Reardon, II
600 B Street, Suite 1550
San Diego, CA 92101
Telephone: 619-338-1100
Facsimile: 619-338-1101

**ADEMI & O'REILLY, LLP**
Shpetim Ademi
Guri Ademi
David J. Syrios
3620 East Layton Ave.
Cudahy, WI 53110
Tel.: 866-264-3995
Fax: 414-482-8001

*Additional Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 11, 2010 the foregoing **Plaintiffs' Memorandum of Law in Support of Their Motion to Bifurcate Under Federal Rule of Civil Procedure 42(b)** was filed electronically. Notice of this filing will be electronically mailed to all parties registered with the Court's electronic filing system.

                                                                       /s/ Peter Safirstein
                                                                       Peter Safirstein