UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/19/11
```

CARL BLESSING, et al., on Behalf of Themselves and All
Others Similarly Situated,

                                        Plaintiffs,                    No. 09-cv-10035 (HB)(RLE)

        -against-

SIRIUS XM RADIO INC.,

                                        Defendant.

---

**ORDER GRANTING PLAINTIFFS' MOTION (1) FOR PRELIMINARY APPROVAL
OF PROPOSED SETTLEMENT, (2) FOR APPROVAL OF THE FORM AND
MANNER OF NOTICE TO THE CLASS, AND (3) TO SCHEDULE A HEARING ON
FINAL APPROVAL OF THE SETTLEMENT AND ON CLASS COUNSEL'S
APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES**

        WHEREAS, Plaintiffs Carl Blessing, Edward A. Scerbo, John Cronin, Brian Balaguera,

Scott Byrd, Glenn Demott, James Hewitt, Todd Hill, Curtis Jones, Ronald William Kader,

Edward Leyba, Greg Lucas, Joshua Nathan, James Sacchetta, David Salyer, Susie Stanaj, Janel

and Kevin Stanfield, Paul Stasiukevicius, and Paola Tomassini ("Plaintiffs") have entered into a

Settlement Agreement, dated May 12, 2011 (the "Agreement") with Defendant Sirius XM Radio

Inc. ("Defendant") to settle this action (the "Action") on the terms and conditions set forth

therein; and

        WHEREAS, on March 29, 2011, the Court issued an Opinion and Order that certified the

federal antitrust damage claims for class action adjudication on behalf of a class (the "Class")

consisting of:

> All persons or entities who reside in the United States and who contracted with
> Sirius Satellite Radio, Inc., XM Satellite Radio Holdings, Inc., Sirius XM Radio
> Inc., or their affiliated entities, for the provision of satellite digital radio services

1

who during the relevant period of July 29, 2008 through the present: (1) paid the U.S. Music Royalty Fee; (2) own and activated additional radios ("multi-radio subscribers") and paid the increased monthly charge of $8.99 per additional radio; or (3) did not pay to access the content available on the 32 bkps or 64 bkps connections on the Internet but are now paying the Internet access monthly charge of $2.99;[1]

and

WHEREAS, the Court's March 29, 2011 Opinion and Order appointed Plaintiffs as Class representatives and appointed Grant & Eisenhofer P.A., Milberg LLP and Cook, Hall & Lampros, LLP as Class Counsel; and

WHEREAS, Plaintiffs have moved pursuant to Fed. R. Civ. P. 23 for (i) preliminary approval of the Settlement of this Action; (ii) approval of the form and manner of notice to Class Members; and (iii) the scheduling of a hearing on final approval of the Settlement and on Class Counsel's motion for attorneys' fees and reimbursement of litigation expenses (the "Motion"); and

WHEREAS, the Court has considered all of the papers and arguments of counsel in connection with the Motion; and

WHEREAS, the Court finds, upon a preliminary evaluation, that the Members of the Class should be apprised of the proposed Settlement, allowed to file objections thereto and to appear at the Settlement Hearing, or alternatively, be afforded a reasonable opportunity to exclude themselves from the Settlement; and

WHEREAS, the Court finds that the form and content of the notices attached as Exhibits 1-4 hereto, and the methods and schedule set forth herein for giving notice, are reasonable and

---

[1] Excluded from the Class are: (1) all persons or entities that make a timely election to be excluded from the proposed Class; (2) Sirius XM and its legal representatives, officers, directors, assignees and successors; (3) governmental entities; and (4) the judges to whom this case is assigned and any immediate family members thereof.

2

constitute due and sufficient notice to all persons entitled to it. These forms and methods constitute the best notice practicable under the circumstances, satisfy the requirements of due process, and fully comply with the requirements of Federal Rule of Civil Procedure 23(c)(2); and

WHEREAS, unless otherwise stated herein, all defined terms contained herein shall have the same meanings set forth in the Agreement;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Settlement Hearing** – A hearing (the "Settlement Hearing") shall be held on August ___8___, 2011 at ___10 AM___ before the Honorable Harold Baer, Jr. in the United States District Court for the Southern District of New York, United States Courthouse, 500 Pearl Street, New York, New York, 10007. The purpose of the Settlement Hearing will be to determine whether the proposed Settlement on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; whether the Judgment as provided in the Agreement should be entered herein; and whether Class Counsel's application for attorneys' fees and expenses should be granted.

2. **Approval of Form and Content of Notice** – The Court approves the form, content, and requirements of the Long Form Notice, the Postcard Notice, the E-Mail Notice, and the Publication Notice attached hereto as Exhibits 1 – 4, respectively.

3. **Retention of Notice Administrator** – The Court approves the appointment of Rust Consulting, Inc. and its wholly owned subsidiary, Kinsella Media LLC, as the Notice Administrator and finds that this Notice Administrator is competent and has no conflicts of interest in serving as the Notice Administrator in this case.

4.    **Manner of Providing Notice** –

a.    The Notice Administrator shall cause the E-Mail Notice in the forms annexed hereto to be sent via e-mail to all Class Members for whom Defendant has provided an e-mail address on a rolling basis and not later than nineteen (19) days from entry of this Order. With respect to those Class Members whose Class Notice by email is returned to the Notice Administrator as undeliverable, the Notice Administrator shall promptly verify that the email address used was that provided in the data provided by Defendant and resend the email at least two additional times. Alternatively, if a mailing address is available, the Notice Administrator shall send Class Notice by first class mail, postage prepaid, to any Class Member whose Class Notice by email is returned to the Notice Administrator as undeliverable.

b.    The Notice Administrator shall cause the Postcard Notice, in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, to all Class Members for whom Defendant has not provided an e-mail address but has provided a postal mailing address not later than ten (10) days from entry of this Order. An advertised version, in the form of the Publication Notice, shall also be published, not later than eighteen (18) days from entry of this Order, twice in *USA Today* and once in the *Wall Street Journal*.

c.    Not later than three (3) days from entry of this Order, the Notice Administrator shall cause a copy of the Long Form Notice to be posted on a website for this lawsuit constructed and maintained by the Notice Administrator from which Class Members may print copies of the Notice. A version of the Long Form Notice translated into Spanish by a reputable translation service shall also be posted on the website in Spanish.

5.    **Exclusion From the Class** – A Class Member wishing to request exclusion from the Class shall mail the request in written form by first class mail to the address identified in the

4

Long Form Notice, postmarked no later than the Opt Out Exclusion Deadline, which shall be forty five (45) days after issuance of this Order. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class in *Blessing v. Sirius XM Radio Inc.*, No. 09-CV-10035 HB (S.D.N.Y.), and be signed by such person. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

6.      **Appearance and Objections at Fairness Hearing** – Any Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice, in which case such counsel for any such Class Member must file with the Clerk of Court and deliver to Class Counsel and the Defendant's Counsel a notice of appearance such that it is received by _____July 11_____, 2011, or as the Court may otherwise direct. Any Class Member who does not enter an appearance will be represented by Class Counsel. Any Class member may appear and show cause, if he, she or it has any such cause, why the proposed Settlement of the Action should or should not be approved as fair, reasonable and adequate, or why a Judgment should or should not be entered thereon; provided, however, that no Class Member or any other person or entity shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Final Judgment to be entered thereon approving the same, unless that person or entity has filed written objections and copies of any such papers and briefs with the Clerk of the Court for the United States District Court for the Southern District of New York, on or before _____July 11_____, 2011, and unless copies of such written objection papers and briefs are received by each of the following:

Class Counsel:

James J. Sabella
GRANT & EISENHOFER P.A.
485 Lexington Avenue
New York, NY  10017

Paul Novak
MILBERG LLP
One Pennsylvania Plaza
New York, NY 10019

Christopher B. Hall
COOK, HALL & LAMPROS, LLP
Promenade Two, Suite 3700
1230 Peachtree Street, N.E.
Atlanta, GA 30309

Defendant's Counsel

Todd R. Geremia
JONES DAY
22 East 41st Street
New York, NY 10017

The objections and/or briefs filed by the objecting Class Member must contain a statement of his, her or its objection that the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of his, her or its objection.  Any Class Member who does not make his, her or its objection in the manner provided herein shall be deemed to have waived such objection and shall be forever barred and foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement, or to the approval of Class Counsel's application for attorneys' fees and expenses.

7.    **Report to the Court** – Class Counsel shall file with the Court proof of publication, e-mailing, and mailing of the Summary Notice promptly after the completion of such distribution and publication of the Summary Notice.  No later than three (3) days following

the Opt Out Exclusion Deadline, Class Counsel shall file with the Court a list of all persons who have requested exclusion from the Class. At the request of Defendant's counsel, Class Counsel shall provide, within two (2) business days following such request, interim reports identifying the number of requests for exclusion received from Class Members to date.

8.     **Expenses for Notice and Administration** – All costs incurred in identifying and notifying Class Members, as well as in administering the Settlement, shall be paid as set forth in the Agreement.

9.     **Attorneys' Fees and Expenses** – At or after the Settlement Hearing, the Court shall determine whether any application for reimbursement of Class Counsel's and other Plaintiffs' counsel's fees and expenses shall be approved. Any amount awarded by the Court shall be paid as set forth in the Agreement. Such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

10.     **Continuance of Hearing** – The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the parties to the Agreement, if appropriate, without further notice to the Class.

11.     **Termination of Settlement** – This Order shall become null and void, and be without prejudice to the rights of Plaintiffs, the Class Members, and the Defendant, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (i) the proposed Settlement is not finally approved by the Court; or (ii) the proposed Settlement is terminated pursuant to the terms of the Agreement. In such events, the Agreement shall become null and void and of no further force and effect.

7

12.    **Use of Order** – This Order shall not be construed or used as an admission, concession or declaration by or against the Defendant of any fault, wrongdoing, breach, or liability, nor shall the Order be construed or used as an admission, concession or declaration by or against Plaintiffs, or the Class Members, that their claims lack merit, that their damages are in any way limited, or that the relief requested in the Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have.

Dated:    5/19/11

SO ORDERED:

HONORABLE HAROLD BAER, JR
UNITED STATES DISTRICT JUDGE

Exhibit 1

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

# If You Subscribed to Sirius, XM, or Sirius XM Radio at Anytime from July 28, 2008 to Month 00, 2011 [deadline for requesting exclusion from the Class], You Could Benefit From a Class Action Settlement.

*A court authorized this notice. This is not a solicitation from a lawyer.*

- There is a class action lawsuit (*Blessing v. Sirius XM Radio Inc.*) against Sirius XM concerning the July 29, 2008 merger that created Sirius XM. The lawsuit claims this merger violated federal antitrust laws and that Sirius XM raised its prices as a result of the merger. Sirius XM denies it did anything wrong.

- The Settlement includes individuals who subscribed to Sirius, XM, or Sirius XM satellite radio at any time between July 28, 2008 and **Month 00, 2011 [deadline for requesting exclusion from the Class]**.

- As part of the Settlement, Sirius XM has agreed not to raise prices through the end of 2011. Former subscribers can re-subscribe with a month's free service (see Questions 8 and 9).

**Your legal rights are affected even if you do nothing. Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **GET BENEFITS** | Current subscribers scheduled to renew their plans before December 31, 2011 do not need to do anything. Current subscribers scheduled to renew after December 31, 2011 and who want to restart their long term plan at current rates should go to www.siriusxm.com/blessingclassaction. Former subscribers who want to reconnect their satellite radio and receive one month of basic service at no cost or receive one month of Internet streaming service at no cost should go to www.siriusxm.com/blessingclassaction after approval of the Settlement. |
| **ASK TO BE EXCLUDED BY [INSERT DATE]** | If you ask to be excluded from this lawsuit, you won't share in benefits. But, you will keep any rights to sue Sirius XM on your own about the legal claims in this lawsuit, and you will not be bound by any orders or judgments entered by the Court in this case. *See* the answer to Question 14 below. |
| **OBJECT BY [INSERT DATE]** | Tell the Court if you do not like the Settlement. |
| **DO NOTHING** | Participate in the Settlement and get benefits as explained above. Give up your rights to sue Sirius XM concerning the merger that formed Sirius XM. |

- These rights and options--and the deadlines to exercise them--are explained in this notice.
- The Court presiding over this case still has to decide whether to approve the Settlement with Sirius XM.
- Do not call or write to Judge Baer for information.

**QUESTIONS? CALL TOLL-FREE 1-800-000-0000 OR VISIT WWW.SATELLITERADIOSUIT.COM**

1

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** .......................................................................................**PAGE 3**
    1.   Why was this Notice issued?
    2.   What is this lawsuit about?
    3.   Why is this lawsuit a class action?
    4.   Why is there a Settlement?

**WHO IS IN THE SETTLEMENT?** ......................................................................**PAGE 4**
    5.   How do I know if I am part of the Settlement?
    6.   Are there exceptions to being included in the Settlement?
    7.   What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS** .........................................................................**PAGE 5**
    8.   What does the Settlement provide to current subscribers?
    9.   What does the Settlement provide to former subscribers?

**HOW TO GET BENEFITS** .................................................................................**PAGE 5**
    10.  How do I get benefits?
    11.  What am I giving up as part of the Settlement?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** .........................................**PAGE 6**
    11.  If I exclude myself, can I benefit from this Settlement?
    12.  If I don't exclude myself, can I sue Sirius XM for the same thing later?
    13.  How do I exclude myself from the Settlement?

**THE LAWYERS REPRESENTING YOU** .............................................................**PAGE 7**
    14.  Do I have a lawyer in this case?
    15.  How will the lawyers be paid?

**OBJECTING TO OR COMMENTING ON THE SETTLEMENT** ...............................**PAGE 7**
    16.  How do I tell the Court that I do not like the settlement with Sirius XM?
    17.  What is the difference between objecting and asking to be excluded?

**THE COURT'S FAIRNESS HEARING** ...............................................................**PAGE 8**
    18.  When and where will the Court decide whether to approve the Settlement?
    19.  Do I have to come to the hearing?
    20.  May I speak at the fairness hearing?

**IF YOU DO NOTHING** ......................................................................................**PAGE 9**
    21.  What happens if I do nothing at all?

**GETTING MORE INFORMATION** ......................................................................**PAGE 9**
    22.  How do I get more information about the Settlement?

**QUESTIONS? CALL TOLL-FREE 1-800-000-0000 OR VISIT WWW.SATELLITERADIOSUIT.COM**

# BASIC INFORMATION

**1. Why was this Notice issued?**

A Court authorized this notice because you have a right to know about the proposed Settlement in this class action lawsuit and about all of your options before the Court decides whether to give "final approval" to the Settlement. This notice explains the legal rights and options that you may exercise before the Court decides whether to approve the Settlement with Sirius XM.

The Honorable Harold Baer, Jr., United States District Judge in the United States District Court for the Southern District of New York, is presiding over this case. The case is known as *Blessing v. Sirius XM Radio Inc.*, No 09-CV-10035 HB (S.D.N.Y.). The people who sued are called the Plaintiffs. Sirius XM Radio Inc. ("Sirius XM") is the Defendant.

**2. What is this lawsuit about?**

The lawsuit claims that the July 28, 2008 merger of a subsidiary of Sirius Satellite Radio Inc. with XM Satellite Radio Holdings Inc. violated federal antitrust laws. Specifically, the Class claims that, as a result of the merger, Sirius XM increased prices by: (1) charging a U.S. Music Royalty Fee for as much as $1.98 per month, (2) increasing the charge for additional radios from $6.99 to $8.99 per month, and (3) charging a $2.99 per month charge for Internet streaming. The Class had asked the Court to award the Class damages (or money), plus interest, attorney's fees, and costs.

The Class claims that Sirius XM violated federal antitrust laws, specifically Section 7 of the Clayton Antitrust Act, 15 U.S.C. § 18, and Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2. These are called the "Class Claims" in this notice.

Sirius XM denies that it did anything wrong. Sirius XM denies that the merger was anticompetitive and that the price increases that are the basis for Plaintiffs' claims violated the federal antitrust laws.

**3. Why is this lawsuit a class action?**

In a class action, one or more people called "Class Representatives" sue on behalf of all people who have similar claims. Such people together are the "Class" or "Class Members." In this case, the Class Representatives are Carl Blessing, Edward A. Scerbo, John Cronin, Brian Balaguera, Scott Byrd, Glenn Demott, James Hewitt, Todd Hill, Curtis Jones, Ronald William Kader, Edward Leyba, Greg Lucas, Joshua Nathan, James Sacchetta, David Salyer, Susie Stanaj, Janel and Kevin Stanfield, Paul Stasiukevicius, and Paola Tomassini. In a class action lawsuit, one action resolves the issues for everyone in the Class, except for those people who choose to exclude themselves from the Class, as described in the answer to Question 14 below.

**4. Why is there a Settlement?**

The Court did not decide whether Sirius XM violated the federal antitrust laws.  Instead, both sides have agreed to a Settlement.  The Settlement does not mean that any law was broken or that Sirius XM did anything wrong.  The Class Representatives and their lawyers think the settlement is best for all Class members.

## WHO IS IN THE SETTLEMENT?

You need to decide whether you are included in the Settlement.

**5. How do I know if I'm included in the Settlement?**

The Settlement includes:

> *All persons or entities who reside in the United States who contracted with Sirius Satellite Radio Inc., XM Satellite Radio Inc., XM Satellite Radio Holdings Inc., Sirius XM Radio Inc. or their affiliated entities for the provision of satellite digital audio radio services who, during the relevant period of July 29, 2008 through* **Month 00**, *2011 [deadline for requesting exclusion from the class]: (1) paid the U.S. Music Royalty Fee; (2) own and activated additional radios ("multi-radio subscribers") and paid the increased monthly charge of $8.99 per additional radio; or (3) did not pay to access the content available on the 32 bkps or 64 bkps connections on the Internet but are now paying the Internet access monthly charge of $2.99.*

**6. Who is not included in the Settlement?**

The Settlement does not include: (1) persons who exclude themselves from the Settlement (*see* answer to Question 14 below); (2) Sirius XM and its legal representatives, officers, directors, assignees, and successors; (3) governmental entities; and (4) the judges to whom this case is assigned and their immediate family members.

**7. What if I am not sure whether I am included in the Settlement?**

If you are not sure whether you are included in the Settlement, you may get free help by calling or writing to the lawyers for the Class in this case at the telephone numbers or addresses listed in the answer to Question 15 below.

# THE SETTLEMENT BENEFITS

The estimated value to the Class of the Settlement is approximately $180 million.  The Settlement does not provide for cash payments to Class members.

## 8.  What does the Settlement provide to current subscribers?

Sirius XM had contemplated and made plans to raise the price of its subscription plans and other charges, including the multi-receiver discount, by $2 per month after July 28, 2011 (which is when the price restriction imposed upon Sirius XM by the Federal Communications Commission expires).  However, as part of the Settlement, Sirius XM will agree to hold the base price at or below current rates through December 31, 2011 for monthly, quarterly, semi-annual, and other long-term subscriptions (but excluding lifetime subscriptions) for "mostly music," "news sports and talk," "a la carte," and what are now known as the "select" and "select family friendly" packages (but were formerly known as "everything," "everything family friendly" or "family friendly" packages).

Sirius XM has also agreed to keep the prices at or below current rates through December 31, 2011, for multi-radio subscriptions, Internet streaming, "Best of" plans (now known as the "premier" and "premier family friendly" packages), and the U.S. Music Royalty Fee.

Additionally, subscribers with long term plans (excluding lifetime subscriptions) will be permitted to lock in the current rates by renewing their subscriptions before December 31, 2011.  This will keep rates at the existing subscription levels through the entire period of the new subscription term.

## 9.  What does the Settlement provide to former subscribers?

Sirius XM has also agreed to allow former subscribers who cancelled their Sirius XM service between July 29, 2009 and **Month 00**, 2011 **[deadline for requesting exclusion from the Class]** to (a) reconnect their satellite radio without paying a reactivation fee and receive one month of basic satellite radio service at no cost; or (b) receive one month of Sirius XM Internet streaming service at no cost.    To get these benefits former subscribers should go to www.siriusxm.com/blessingclassaction after approval of the Settlement.

# HOW TO GET BENEFITS

## 10.  How do I get benefits?

Current subscribers who are scheduled to renew their plans before December 31, 2011 do not need to do anything.  Their plans will automatically renew at current prices.  Current subscribers who are not scheduled to renew until after December 31, 2011 and who want to restart their long term plan before December 31, 2011 at current rates should go to www.siriusxm.com/blessingclassaction. Former subscribers who want to reconnect their satellite radio and receive one month basic service at no cost or receive one month of Internet streaming

service at no cost should also go to www.siriusxm.com/blessingclassaction after approval of the Settlement.

**11.  What am I giving up as part of the Settlement?**

If the Settlement becomes final, Class members will be releasing Sirius XM from all claims arising out of, based on, or relating to the merger that formed Sirius XM. The released claims are described and identified in further detail in Section 8 of the Settlement Agreement. The Settlement Agreement is available at www.SatelliteRadioSuit.com. The Settlement Agreement describes the released claims in necessarily accurate legal terminology, so read it carefully. You can talk to one of the lawyers listed in response to Question 15 as "Class Counsel" for free or you can, of course, talk to your own lawyer if you have questions about the released claims or what the release in the Settlement Agreement means.


# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to start your own lawsuit against Sirius XM over any claims arising out of, based on, or relating to the merger that formed Sirius XM, then you must take steps to get out of the Settlement. This is called asking to be excluded from— also sometimes called "opting out" of—the Class.

**12.  If I exclude myself, can I benefit from this Settlement?**

If you ask to be excluded, you may not receive the pricing benefits being made available by the Settlement. If you are a former subscriber, you will not receive the opportunity provided by the Settlement to reactivate your satellite radio and receive one month of basic service or one month of Internet streaming service at no cost.

**13.  If I don't exclude myself, can I sue Sirius XM for the same thing later?**

**No.** Unless you exclude yourself, you will give up the right to sue Sirius XM yourself for the Class Claims and the released claims (*see* Question 11). You must exclude yourself from *this* Class to start your own lawsuit against Sirius XM for the Class Claims or any claims arising out of, based on, or relating to the merger that formed Sirius XM.

If you exclude yourself so that you can start your own lawsuit against Sirius XM, you should talk to your own lawyer soon, because your claims are subject to a time limitation.

**14.  How do I exclude myself from the Settlement?**

To exclude yourself, send a letter that says you want to be excluded from the Settlement in *Blessing v. Sirius XM Radio Inc.* Include your name, address, and signature. You must mail your Exclusion Request postmarked by **Month 00, 2011**, to:

    Satellite Radio Exclusions

QUESTIONS? CALL TOLL-FREE 1-800-000-0000 OR VISIT WWW.SATELLITERADIOSUIT.COM

P.O. Box _____,
City, St 00000

**You cannot exclude yourself by telephone or e-mail.** No request for exclusion will be considered valid unless it is made in a timely manner and in compliance with the procedure set out above. The Court will automatically grant all timely requests for exclusion.

## THE LAWYERS REPRESENTING YOU

**15. Do I have a lawyer in this case?**

Yes. The Court appointed the following law firms as "Class Counsel":

| GRANT & EISENHOFER, P.A. 485 Lexington Avenue New York, NY 10017 Telephone: 646-722-8500 Fax: 646-722-8501 | MILBERG LLP One Penn Plaza New York, NY 10119 Telephone: 212-594-5300 Fax: 212-868-1229 | COOK, HALL, & LAMPROS, LLP Promenade Two, Suite 3700 1230 Peachtree Street, NE Atlanta, GA 30309 Telephone: 404-876-8100 Fax: 404-876-3477 |
|---|---|---|

You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**16. How will the lawyers be paid?**

Class Counsel will ask the Court for attorneys' fees and expenses of up to $13 million, plus interest, if the Settlement is approved. If the Court grants Class Counsel's requests, the fees and expenses will be paid separately by Sirius XM.

## OBJECTING TO OR COMMENTING ON THE SETTLEMENT

You can tell the Court that you don't agree with the Settlement or some part of it.

**17. How do I tell the Court that I do not like the Settlement with Sirius XM?**

If you are a Class Member (and have not excluded yourself), you can object to the Settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter via First Class U.S. mail stating that you object to the proposed Settlement in *Blessing v. Sirius XM Radio Inc.*, Civil Action No 09-CV-10035 HB. Be sure to include your name, address, telephone number, your signature, and the reasons you object to the Settlement (and any evidence in support of your objection). Mail the objection to each of the following:

| CLASS COUNSEL | COURT CLERK |
|---|---|
| James J. Sabella, Esq.<br>GRANT & EISENHOFER,<br>P.A.<br>485 Lexington Avenue<br>New York, NY 10017 | Clerk of the United States<br>District Court for the Southern<br>District of New York<br>500 Pearl Street<br>New York, NY 10007-1312 |

Your objection must be postmarked no later than **Month 00, 2011.** Do not send your objection to Judge Baer.

### 18. What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you don't exclude yourself from the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement with Sirius XM. You may attend and you may ask to speak, but you do not have to.

### 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing at **time** on **Month 00, 2011**, in Courtroom 23B at the United States Courthouse for the Southern District of New York, 500 Pearl Street, New York, New York 10007-1312. At this hearing, the Court will consider whether the Settlement with Sirius XM is fair, reasonable, and adequate. If there are objections, the Court will consider them and will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Class Counsel. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

### 20. Do I have to attend the hearing?

No. Class Counsel (*see* answer to Question 15 above) will answer any questions that the Court may have regarding the terms of the Settlement. But, you or your own lawyer are welcome to attend at your expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also have your own lawyer attend, but it is not necessary.

### 21. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter via First Class U.S. mail stating that it is your "Notice of Intention to Appear in *Blessing v. Sirius XM Radio Inc.*, Civil Action No 09-CV-10035 HB." Be sure to include your name,

address, telephone number, and your signature.  Your Notice of Intention to Appear must be postmarked no later than **Month 00, 2011**, and must be sent to the Clerk of the Court, Class Counsel, and Defense counsel at the addresses set forth in the response to Question 17.  You cannot speak at the hearing if you excluded yourself as a Class Member.

## IF YOU DO NOTHING

**22.  What happens if I do nothing at all?**

If you are a member of the Class as defined in the answer to Question 5 above and you do nothing, you will remain in the Class.  You will keep the right to receive the benefits that will come from the proposed Settlement with Sirius XM.  However, unless you exclude yourself, you won't be able to start a lawsuit, or be part of any other lawsuit against Sirius XM about the Class Claims or any claims arising out of, based on, or relating to the merger that formed Sirius XM.

## GETTING MORE INFORMATION

**23.  How do I get more information?**

This notice summarizes the proposed Settlement.  If you have any questions concerning the matters contained in this Notice, you can get more information at www.SatelliteRadioSuit.com, by calling toll free at 1-800-000-0000, or by writing to Satellite Radio Class Action, P.O. Box 0000, City, ST 00000.

### PLEASE DO NOT WRITE OR CALL THE COURT OR THE CLERK'S OFFICE FOR INFORMATION ABOUT THIS LAWSUIT

Dated: May ___, 2011

BY ORDER OF THE COURT
Honorable Harold Baer, Jr.
United States District Judge

Exhibit 2

## If You Subscribed to Sirius, XM, or Sirius XM Radio
## You Could Get Benefits From a Class Action Settlement

Read this message carefully. Records show you subscribed to Sirius XM Radio. We are sending this notice to tell you about the proposed Settlement of a class action that may affect your legal rights. There is a class action lawsuit against Sirius XM concerning the July 29, 2008 merger that created Sirius XM. The lawsuit claims this merger violated federal antitrust laws and that Sirius XM raised its prices as a result of the merger. Sirius XM denies it did anything wrong.

**Who's Included?** You are included in the Class if you were a Sirius, XM, or Sirius XM subscriber anytime from **July 29, 2008 to Month 00, 2011** and you paid: (1) the U.S. Music Royalty Fee; or (2) a monthly multi-radio charge of $8.99; or (3) a $2.99 monthly Internet access charge if you previously did not pay to access Sirius XM's content over the Internet.

**What Does the Settlement Provide?** Under this proposed Settlement, Sirius XM has agreed it will not raise the price of its base subscription plan and certain other prices through the end of 2011. Additionally, subscribers with long term plans (excluding lifetime subscriptions) will be permitted to restart their plan at current rates before December 31, 2011. After approval of the Settlement, former subscribers will also be permitted to either (a) reconnect their satellite radio without paying a reactivation fee and receive one month of service at no cost; or (b) receive one month of Sirius XM Internet streaming service at no cost. The estimated value of the Settlement is $180 million. The Settlement does not provide for cash payments to the Class.

**How to Get Benefits?** Current subscribers scheduled to renew before December 31, 2011 do not need to do anything. Current subscribers who are scheduled to renew after December 31, 2011 and who want to restart their long term plan at current rates as well as former subscribers who want to reconnect service or receive streaming service should go to www.siriusxm.com/blessingclassaction.

**Your Rights May Be Affected.** If you do not want to be legally bound by the Settlement, you must exclude yourself from it. The deadline to exclude yourself is **Month 00, 2011**. If you do not exclude yourself, you will release all claims against Sirius XM concerning any conduct arising out of, based on, or relating to the merger that created Sirius XM. If you stay in the Settlement Class, you may object to it by **Month 00, 2011**. The detailed notice, available at the website or by calling the toll-free number, tells you how to exclude yourself or object. The Court will hold a hearing on **Month 00, 2011**, to consider whether to approve the Settlement and a request by Class Counsel for attorneys' fees and costs up to $13 million, plus interest. You may appear at the hearing, but you don't have to. You may also hire your own attorney, at your own expense, to appear or speak for you at the hearing, but you don't have to.

| For more information about the Settlement: | www.SatelliteRadioSuit.com | 1-800-000-0000 |

*Court-Ordered Legal Notice*

**CLAIMS ADMINISTRATOR**
**PO BOX 0000**
**MINNEAPOLIS, MN 00000-0000**

*Para una notificación en Español,*
*llamar 1-800-000-0000 o visitar*
*www.SatelliteRadioSuit.com*

**Do not call or write to**
**Judge Baer for information.**

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
PAID
Rust Consulting, Inc.

**Important Notice About Satellite Radio Settlement**

NAME
ADDRESS
CITY STATE ZIP CODE

Exhibit 3

To:
From:  Satellite Radio Class Action Administrator
Subject: Satellite Radio Settlement - Notice to Current and Former Sirius XM Subscribers

## If You Subscribed to Sirius, XM, or Sirius XM Radio
## You Could Get Benefits From a Class Action Settlement

*Para una notificación en Español, llamar 1-800-000-0000 o visitar www.SatelliteRadioSuit.com*

Read this message carefully.  Records show you subscribed to Sirius XM Radio.  We are sending this e-mail to tell you about the proposed settlement of a class action that may affect your legal rights.  Go to www.SatelliteRadioSuit.com for a detailed notice about the proposed settlement.  There is a class action lawsuit against Sirius XM concerning the July 29, 2008 merger that created Sirius XM.  The lawsuit claims this merger violated federal antitrust laws and that Sirius XM raised its prices as a result of the merger.  Sirius XM denies it did anything wrong.

**Who's Included?**  You are included in the Class if you were a Sirius, XM, or Sirius XM subscriber anytime from **July 29, 2008 to Month 00, 2011 [opt-out deadline]** and you paid: (1) the U.S. Music Royalty Fee; or (2) a monthly multi-radio charge of $8.99; or (3) a $2.99 monthly Internet access charge if you previously did not pay to access Sirius XM's content over the Internet.

**What Does the Settlement Provide?** Under this proposed Settlement, Sirius XM has agreed it will not raise the price of its base subscription plan and certain other prices through the end of 2011.  Additionally, subscribers with long term plans (excluding lifetime subscriptions) will be permitted to restart their plan at current rates before December 31, 2011.  After approval of the Settlement, former subscribers will also be permitted to either (a) reconnect their satellite radio without paying a reactivation fee and receive one month of service at no cost; or (b) receive one month of Sirius XM Internet streaming service at no cost.  The estimated value of the Settlement is $180 million.  The Settlement does not provide for cash payments to the Class.

**How to Get Benefits?**  Current subscribers scheduled to renew before December 31, 2011 do not need to do anything.  Current subscribers who are scheduled to renew after December 31, 2011 and who want to restart their long term plan at current rates as well as former subscribers who want to reconnect service or receive streaming service should go to www.siriusxm.com/blessingclassaction.

**What Are Your Options?**  If you do not want to be legally bound by the Settlement, you must exclude yourself from it.  The deadline to exclude yourself is **Month 00, 2011**.  If you do not exclude yourself, you will release all claims against Sirius XM concerning any conduct arising out of, based on, or relating to the merger that created Sirius XM.  If you stay in the Settlement Class, you may object to it by **Month 00, 2011**.  The detailed notice, available at the website or by calling the toll-free number, tells you how to exclude yourself or object.  The Court will hold a hearing on **Month 00, 0000**, to consider whether to approve the Settlement and a request by Class Counsel for attorneys' fees and costs up to $13 million, plus interest.  You may appear at the hearing, but you don't have to.  You may also hire your own attorney, at your own expense, to appear or speak for you at the hearing, but you don't have to.

Do not call or write to Judge Baer for information.

**For more information about the Settlement:**     **www.SatelliteRadioSuit.com**     **1-800-000-0000**

Exhibit 4

Legal Notice

# If You Subscribed to Sirius, XM, or Sirius XM Radio

## You Could Get Benefits From a Class Action Settlement

There is a class action lawsuit against Sirius XM concerning the July 29, 2008 merger that created Sirius XM. The lawsuit claims this merger violated federal antitrust laws and that Sirius XM raised its prices as a result of the merger. Sirius XM denies it did anything wrong.

### Who's Included?

You are included in the Class if you were a Sirius, XM, or Sirius XM subscriber anytime from **July 29, 2008 to Month 00, 2011 [opt-out deadline]** and you paid: (1) the U.S. Music Royalty Fee; or (2) a monthly multi-radio charge of $8.99; or (3) a $2.99 monthly Internet access charge if you previously did not pay to access Sirius XM's content over the Internet.

### What Does the Settlement Provide?

Under this proposed Settlement, Sirius XM has agreed it will not raise the price of its base subscription plan and certain other prices through the end of 2011. Additionally, subscribers with long term plans (excluding lifetime subscriptions) will be permitted to restart their plan at current rates before December 31, 2011. After approval of the Settlement, former subscribers will also be permitted to either (a) reconnect their satellite radio without paying a reactivation fee and receive one month of service at no cost; or (b) receive one month of Sirius XM Internet streaming service at no cost. The estimated value of the Settlement is $180 million. The Settlement does not provide for cash payments to the Class.

### How to Get Benefits?

Current subscribers scheduled to renew before December 31, 2011 do not need to do anything. Current subscribers who are scheduled to renew after December 31, 2011 and who want to restart their long term plan at current rates as well as former subscribers who want to reconnect service or receive streaming service should go to www.siriusxm.com/blessingclassaction.

### Your Rights May Be Affected.

If you do not want to be legally bound by the Settlement, you must exclude yourself from it. The deadline to exclude yourself is **Month 00, 2011**. If you do not exclude yourself, you will release all claims against Sirius XM concerning any conduct arising out of, based on, or relating to the merger that created Sirius XM. If you stay in the Settlement Class, you may object to it by **Month 00, 2011**. The detailed notice, available at the website or by calling the toll-free number, tells you how to exclude yourself or object.

The Court will hold a hearing on **Month 00, 2011** to consider whether to approve the Settlement and a request for attorneys' fees, and costs up to $13 million, plus interest. You may appear at the hearing, but you don't have to. You may also hire your own attorney, at your own expense, to appear or speak for you at the hearing, but you don't have to.

Do not call or write to Judge Baer for information.

**For more information about the Settlement:**
**www.SatelliteRadioSuit.com or 1-800-000-0000**