UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARL BLESSING, et al., on Behalf of Themselves and All Others Similarly Situated,<br><br>                 Plaintiffs,<br><br>-against-<br><br>SIRIUS XM RADIO INC.,<br><br>                 Defendant. | No. 09-cv-10035<br>(HB)(RLE) |

## OBJECTIONS REGARDING PROPOSED SETTLEMENT

To The Hon. Harold Baer, U.S.D.J.:

Comes Now Linda Mrosko, ("Objector"), and files these Objections to the Proposed Settlement and Objections to Attorneys' Fees, and shows as follows:

## I.  Objector

Objector is a member of the settlement class, as shown by Objector's attached declaration. Objector's address, telephone number and signature are included in the attached declaration, which is incorporated herein by reference. The parties sent notice to Objector as a class member at ELMEROSKO@gmail.com.

## II. Objections to the Settlement

A district court may approve a settlement only if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(C). The settlement is not fair, reasonable, or adequate, and Objector objects to the settlement, for the following reasons.

### A.  There is inadequate compensation to class members

A district court abuses its discretion if it approves a class action settlement that does not provide adequate consideration for the release of the class member claims:

> Under Rule 23(e), trial judges bear the important responsibility of protecting absent class members, "which is executed by the court's assuring that the settlement represents adequate compensation for the release of the class claims."

*In re Pet Food Products Liability Litigation*, 629 F.3d 333, 349 (3rd Cir. 2010).  The settlement here is essentially a coupon settlement:  no money to class members for past

1

damages, but a price reduction for future sales (although referred to as "injunctive relief," the proposed final order does not contain an injunction against raising fees), and a hefty fee to the attorneys.   In the Class Action Fairness Act of 2005, (CAFA), Congress highlighted the very abuse that this settlement presents:

> Congress finds the following: ...
>
> **(3)** Class members often receive little or no benefit from class actions, and are sometimes harmed, such as where--
>
>> **(A)** counsel are awarded large fees, while leaving class members with coupons or other awards of little or no value.

Pub.L. 109-2, § 2, Feb. 18, 2005, 119 Stat. 4.   Similarly, the Federal Judiciary Center's MANUAL FOR COMPLEX LITIGATION 4th, found:

> There are a number of recurring potential abuses in class action litigation that judges should be wary of as they review proposed settlements:  ... releasing claims of parties who received no compensation in the settlement  ... .

*Id.* § 21.61, p 310-311.   In fact, the Federal Judicial Center has identified that very outcome as a "hot button indicator" of an unfair settlement:

> At times parties have attempted to release a damages remedy without making any correlative payment to class members ... .

Barbara J. Rothstein & Thomas E. Willging, MANAGING CLASS ACTION LITIGATION: A POCKET GUIDE FOR JUDGES, SECOND EDITION, (Federal Judicial Center 2009).   A settlement where all of the monetary relief Defendants were willing to pay goes to Class Counsel, with no money to the class, should cause courts serious concern.   Here the settling parties ensured that 100% of the money Defendants were willing to pay to end this litigation would go to the Class Counsel instead of the class members.

Courts routinely reject settlements that fail to provide compensation for the release of class members' claims.   For instance, in *Acosta v. Trans Union, LLC*, 243 F.R.D. 377 (C.D. Cal. 2007), the Plaintiffs had sought both injunctive and monetary relief.   *Id.* at 380 ("Acosta sought actual damages ... and an injunction.").   Like here, the proposed settlement provided injunctive relief.   *Id.* at 382.   It also released all equitable and monetary claims.   *Id.* at 383.   While it provided for economic relief to some class members, the court there focused on the fact that most class members would lose their damages claims for no compensation:

> [O]ver two-thirds of the Settlement Class, and up to 10 million class members, will be completely ineligible for any economic relief under the Settlement. In order to avoid having their rights to recover under the FCRA extinguished in exchange for zero economic relief, the Settlement requires these class members to affirmatively opt out lest their claims be

permanently relinquished under the Settlement's sweeping and indiscriminate release provisions. Moreover, those class members ineligible for economic relief are precisely those who are least likely to receive notice of the Settlement because the Settlement denies them its most effective notice mechanism, that of Mailed Notice.

*Id.* at 388. Here 100% of the class "will be completely ineligible for any economic relief under the Settlement."

As the *Acosta* court held, the injunctive relief does not compensate for the release of the economic damage claims for past statutory violations:

> The wholesale sacrifice of those class members [who receive no economic benefits] is especially egregious because as to these individuals "only damages matter, yet all the settlement does for (to?) them is cut them off at the knees. They gain nothing, yet lose the right to the benefits of aggregation in a class." *Crawford v. Equifax Payment Servs.*, 201 F.3d 877, 882 (7th Cir.2000).

*Id.* at 388. Just as the injunctive relief was not sufficient to support the waiver of past damages in *Acosta*, the injunctive relief in this case does not support the waiver of past damages here.

The Seventh Circuit in *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277 (7th Cir. 2002) also rejected a settlement that released damage claims for no compensation, despite the existence of injunctive relief. There were two main Defendants in that case, Beneficial and H&R Block. The settlement there provided injunctive relief against both Defendants to address future conduct. *Id.* at 281 ("the defendants [ ] also agreed to injunctive relief in the form of certain required disclosures to future customers"). As in *Acosta*, however, the Seventh Circuit did not consider the injunctive relief for future conduct to be consideration to support the release of damage claims for past conduct:

> For this release of potentially substantial claims against H & R Block the settlement class received no consideration. In fact the settlement class received no consideration for the release of any claims against Block.

*Id.* at 283-284. Based on this Court's own certification order, it is clear that "injunctive prescription over future prices" – the alleged benefit in the settlement – is not an appropriate outcome for this case. Plaintiffs sought an injunctive class expressly for a prescription over future prices, and the Court ruled:

> Absent a greater showing, this Court will not presume that all plaintiffs seek divestiture of the merged entity or an injunctive prescription over future prices, *let alone value such relief more than damages*. Furthermore, certifying this class for injunctive relief is not reasonably necessary because an injunction asserted by an individual plaintiff for a

3

> prohibition of future price increases or divestiture of the merged entity would have essentially the same impact on Defendant as an injunction asserted by a certified class, a concept more or less agreed to in oral argument.

Doc. 85, p. 6-7 (emphasis).  As the Court held, "It is reasonable to assume that all plaintiffs value damages as a remedy." *Id.* at 6.  Thus, the Court held that certification is appropriate for a damages class, but not an injunctive class. *Id.*

Despite the fact that the class has been certified expressly for the recovery of monetary damages, not for an "injunctive prescription over future prices," the settlement provides no economic damages to class members and merely provides an "injunctive prescription over future prices." The proposed settlement is not fair, reasonable, or adequate because it does not provide any damages to the class for past actions.

### B. This is an unreasonable coupon settlement

This is the very type of coupon settlement that the public, commentators, and Congress have criticized:

> Congress finds the following: ...

> **(3)** Class members often receive little or no benefit from class actions, and are sometimes harmed, such as where--

> > **(A)** counsel are awarded large fees, while leaving class members with coupons or other awards of little or no value.

Pub.L. 109-2, § 2, Feb. 18, 2005, 119 Stat. 4.  Thus, Congress has set in law what everyone else already knew:  coupons in class action settlements are "of little or no value." The alleged reduction in price for future purchases is simply a coupon.

A coupon is a price reduction for a future purchase from the Defendant. *See, True v. American Honda Motor Co.*, 749 F.Supp.2d 1052, 1069 (C.D. Cal. 2010). The sole relief here is a price reduction for a future purchase from the Defendant.  These types of settlements require extra scrutiny from the courts:

> "[C]ompensation in kind is worth less than cash of the same nominal value," since, as is typical with coupons, some percentage of the pre-paid envelopes claimed by class members will never be used and, as a result, will not constitute a cost to Airborne.  [C]ompensation in envelopes "require[s] the claimant to return to the Defendant to do business with him," something at least some class members likely would prefer not to do. ...[W]e note that in that statute Congress required heightened judicial scrutiny of coupon-based settlements based on its concern that in many cases "counsel are awarded large fees, while leaving class members with coupons or other awards of little or no value." Pub.L. 109-2, § 2(a)(3)(A), 119 Stat. 4, 4.

*Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 654 (7th Cir. 2006).

This coupon settlement is ideally structured to benefit the Defendant and class counsel at the expense of class members. To the extent class members do not renew their contracts, Defendant benefits because it avoids liability on the waived claims without any compensation to the class member. To the extent class members renew their contracts, Defendant benefits from the extra sales. Class counsel benefits by shifting to themselves as fees a much larger portion of the cash Defendant is willing to pay to settle a claim.

### C. Changes to the settlement should require notice to the class, the right to object, and court approval

The proposed final order provides that Plaintiffs and Defendants can change the settlement after final approval without Court approval or notice to the class:

> Without further approval from the Court, Plaintiffs and Defendant are hereby authorized to agree to and adopt such amendments or modifications of the Agreement or any exhibits attached thereto to effectuate this Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendant may agree to reasonable extensions of time to carry out any provisions of the Settlement.

Doc. 96-1, p. 54. That provision is in direct violation of FED. R. CIV. P. 23 (e), which requires both court approval and notice to the class of all settlement agreements. There is no exception for what the settling parties may claim to be "immaterial" changes.

### D. The settling parties have not met their burden of proof

Objector objects to the settlement because the parties have failed to meet their burden to prove that the amount of the settlement is fair, reasonable, and adequate. The burden of proof is on the settlement parties, not objectors:

> At the fairness hearing, the proponents of the settlement must show that the proposed settlement is 'fair, reasonable, and adequate.' [979]
>
> 979. *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 316 (3d Cir. 1998) (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 785 (3d Cir. 1995));

MANUAL FOR COMPLEX LITIGATION 4th, §21.634, p. 322.

### III. Objections to an Award of Attorneys' fees

When class counsel seeks to reduce the benefits to the class with a fee award, they become an adversary of the class and the district court becomes a fiduciary to protect the class:

> During the fee-setting stage of common fund class action suits such as this one, "[p]laintiffs' counsel, otherwise a fiduciary for the class, ... become[s] a claimant against the fund created for the benefit of the class." This shift puts plaintiffs' counsel's understandable interest in getting paid the most for its work representing the class at odds with the class' interest in securing the largest possible recovery for its members. Because "the relationship between plaintiffs and their attorneys turns adversarial at the fee-setting stage, courts have stressed that when awarding attorneys' fees from a common fund, the district court must assume the role of fiduciary for the class plaintiffs." As a fiduciary for the class, the district court must "act with 'a jealous regard to the rights of those who are interested in the fund' in determining what a proper fee award is.'"

*In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988, 994-995 (9th Cir. 2010)(citations omitted).

### A. Rule 23 and due process requires Class Counsel to file their motion for fees before the objection deadline

Rule 23 requires district courts to give class members a full and fair opportunity to contest class counsel's fee motion:

> In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement. The following procedures apply:
>
> (1) A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. Notice of the motion must be served on all parties and, *for motions by class counsel, directed to class members in a reasonable manner.*
>
> (2) A class member, or a party from whom payment is sought, may object to the motion.
>
> (3) The court may hold a hearing and must find the facts and state its legal conclusions under Rule 52 (a).

FED. R. CIV. P. 23 (h)(emphasis added). The Court did not direct class counsel's motion for fees to class members in a reasonable manner because it set an objection deadline *before* the due date for the fee request. Doc. 108 (preliminary approval order setting an objection deadline but no deadline for the filing of the fee motion).

A recent Ninth Circuit case reversed a district court for failing to give class members adequate time to review and object to class counsel's fee request:

> The plain text of the rule requires that any class member be allowed an opportunity to object to the fee "motion" itself, not merely to the preliminary notice that such a motion will be filed.

*In re Mercury Interactive*, 618 F.3d at 993-994. That Court went on to explain that the intent of the rule was to ensure that class members have sufficient time to review the motion and supporting documentation:

> The Advisory Committee Notes to the 2003 amendments to Rule 23(h) further support this reading of the rule. They elaborate that "[i]n setting the date objections are due, the court should provide sufficient time after the full fee motion is on file to enable potential objectors to examine the motion." Fed. R. Civ. P. 23, 2003 Advisory Committee Notes, ¶ 68. The Advisory Committee Notes further contemplate that, in appropriate cases, the court will permit an "objector discovery relevant to the objections." *Id.* ¶ 69. Clearly, the rule's drafters envisioned a process much more thorough than what occurred in this case.

*Id.* at 994. The Ninth Circuit noted that commentators agree that class members should be given sufficient opportunity to review and challenge class counsel's fee request:

Commentators also agree with this logical interpretation of the rule. For example, Moore's Federal Practice counsels that "[a]ny objection deadline set by the court should provide the eligible parties with an adequate opportunity to review all of the materials that may have been submitted in support of the motion and, in an appropriate case, conduct discovery concerning the fees request." 5 Moore's Federal Practice § 23.124[4] (Matthew Bender 3d ed. 2009). Allowing class members an opportunity thoroughly to examine counsel's fee motion, inquire into the bases for various charges and ensure that they are adequately documented and supported is essential for the protection of the rights of class members. It also ensures that the district court, acting as a fiduciary for the class, is presented with adequate, and adequately-tested, information to evaluate the reasonableness of a proposed fee. *Id.*

Importantly, a district court is required to give class members a full and fair opportunity to contest class counsel's fee motion.

> Included in that fiduciary obligation is the duty to ensure that the class is afforded the opportunity to represent its own best interests. When the district court sets a schedule that denies the class an adequate opportunity to review and prepare objections to class counsel's completed fee motion, it fails to fulfill its fiduciary responsibilities to the class.

*Id.* at 995. The Ninth Circuit case is on point and reversed the district court for using the very procedure followed here:

> We hold that the district court abused its discretion when it erred as a matter of law by misapplying Rule 23(h) in setting the objection deadline for class members on a date before the deadline for lead counsel to file their fee motion. Moreover, the practice borders on a denial of due process because it deprives objecting class members of a full and fair opportunity to contest class counsel's fee motion

*Id. At 993.* The facts in this case are identical to the facts in *Mercury Interactive*. The notice provided that "Class Counsel will ask the Court for attorneys' fees and expenses of up to $13 million, plus interest." Doc. 110 p. 16. The Court set July 19, 2011 as the objection deadline. Doc. 110 p. 3. Yet, the order did not set a deadline for filing the fee motion itself and as of this writing no such motion has been filed. Thus, under *In re Mercury Interactive Corp. Securities Litigation* approval of class counsel's fee request would violate Rule 23 and class members' due process rights.

### B. The attorneys' fee award must be based on the coupons actually redeemed

The Class Action Fairness Act provides:

> If a proposed settlement in a class action provides for a recovery of coupons to a class member, the portion of any attorney's fee award to class counsel that is attributable to the award of the coupons shall be based on the value to class members of the coupons that are redeemed.

28 U.S.C. § 1712 (a). By limiting fees to a percentage of discounts actually redeemed, the class is protected because it is in Class Counsel's self-interest to maximize the benefits actually received by the class. However, by not limiting class counsels' fees to coupons actually redeemed, Class Counsels' self-interest is actually opposed to that of the class. The Defendant is willing to settle a case for a certain sum, and it has little economic interest in how that sum is divided between the class and counsel. Thus, it is to the Class Counsel's advantage to shift more of the settlement money to themselves rather than the class. Indeed, it is even in Class Counsel's interest to offer to settle the case for a lower amount than the Defendant is willing to pay if the Defendant agrees to a settlement that shifts more of the money to the attorneys.

Congress made the correct determination in forcing the Class Counsel to put the interests of the class first by making the fee award a percentage of the coupons redeemed. Under that scenario the class is protected. Without such a requirement Class Counsel can abuse the class action device at the expense of the class members. Pursuant to § 1712, the Court should not base the fees on estimates of the value of the agreed price reductions, but should wait and set the fee based on the savings actually redeemed by class members who renew their contracts.

**C. Notice failed to notify class members of the right to object to Class Counsel's fees**

The notice to the class wholly fails to notify class members that they have a right to object to class counsel's fee request. Instead, the notice merely provided that class members could object to the settlement. Doc. 110 p. 16. Under FED. R. CIV. P. 23 (h) and due process the notice regarding the fee request must notify class members of their right to object to the request. Since the notice here failed to do so, the Court should deny the fee request.

**D. Class counsel have not met their burden of proof**

Class Counsel have the burden to prove the reasonableness of their requested fees. They have failed to do so here.

## IV. Prayer

Regarding the proposed class settlement, the Court is limited to a single decision: approve or disapprove the settlement. *Evans v. Jeff D.*, 475 U.S. 717, 726-727 (1986). The Court may not amend the settlement. *Id.* Thus, Objector prays that the Court disapprove the settlement.

If the Court nevertheless approves the settlement, Objector prays that the Court deny the requested fees to Class Counsel.

Objector further prays that the Court grant Objector such other and further relief as to which Objector may be entitled

_____
ROBERT E. MARGULIES, ESQ.
MARGULIES WIND
A Professional Corporation
Harborside Plaza 10
3 Second Street – Suite 1201
Jersey City, NJ 07311
201-333-0400
201-333-1110-fax

**ATTORNEYS FOR OBJECTOR**
**Linda Mrosko**

**Certificate of Service**

I hereby certify that a copy of the above and foregoing document has been served upon all counsel of record by electric mail by the Clerk of the Court via the CM/ECF system on July 18, 2011, including the following:

Clerk of the United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

James J. Sabella, Esq.              (additional copy being sent via US Mail)
GRANT & EISENHOFER, P.A.
485 Lexington Avenue
New York, NY 10017

_____
Robert E. Margulies