UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARL BLESSING, et al. on Behalf of Themselves
And All Others Similarly Situated,

                              Plaintiffs,

v.

SIRIUS XM RADIO INC.

                              Defendant.

No. 09-cv-10035 (HB)

---

## OBJECTIONS TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR AT FAIRNESS HEARING

COMES NOW, Objectors Steven Crutchfield, Scott D. Krueger, Asset Strategies, Inc., Charles B. Zuravin, and Jennifer Deachin (the Crutchfield Objectors), by and through their undersigned counsel of record, and hereby file these Preliminary Objections to the Proposed Settlement of Sirius XM Radio Inc. Settlement, give notice of their intent to appear at the fairness hearing, and in support of their objections state as follows:

### PROOF OF CLASS MEMBERSHIP

Stephen Crutchfield, 2144 U.S. Highway 278 West, Cullman, Alabama 35057, (256) 734-4553, referred by Frank H. Tomlinson, an Alabama attorney, is the owner of an XM radio and is a member of the Class. Scott D. Krueger, 2750 Northwest 43rd Street, Suite 201, Gainesville, Florida 32606, (352) 376-3090 referred by N. Albert Bacharach, Jr., a Florida attorney, is the owner of an XM radio and is a member of the Class. Asset Strategies Inc., 80 West Avon Road, Avon, CT 06001, (860) 6731040 is the owner of an XM radio and is a member of the Class, Charles B. Zuravin, 6634 Oakmont Way, West Palm Beach, 33412 (561) 775-1840

1

referred by C. Herbert Offer, a Florida attorney, is the owner of an XM radio and is a member of the Class, and Jennifer Deachin, 4932 SW 19th St., Gainesville, FL 32608, (352) 283-8865 referred by Paul S. Rothstein, a Florida attorney, is the owner of an XM radio and is a member of the Class.

## NOTICE OF INTENT TO APPEAR

The Crutchfield Objectors hereby give notice that they intend to appear, by undersigned counsel, at the Fairness Hearing that is presently scheduled to be held at 10:00 a.m. on Monday, August 8, 2011, before the Honorable Harold Baer, Jr., U.S. District Judge, in Courtroom 23B at the United States District Court for the Southern District of New York, located at 500 Pearl Street, New York, New York 10007-1312. The Crutchfield Objectors intend to offer documents into evidence and call witnesses in support of their objections.

## OBJECTIONS

The proposed Settlement is unfair, inadequate, and unreasonable for the following reasons:

1. After this Court indicated its willingness to certify this matter as a Federal Antitrust Damage class, a settlement was entered into by the parties. The proposed settlement appears to have no correlation to the damages to the class resulting from the Defendant's antitrust violations, much less triple damages, and only provides the class with a "six month extension" of current prices, in-kind benefit.

2. Since the FCC approved the merger of XM Radio and Sirius, the Defendant has had a monopoly in the provision of Satellite Digital Audio Radio Service (SDARS), as there is no other competition in the SDARS market.

3. Although this Court found that injunctive relief on a class-wide basis was not

predominate under Rule 23(b)(2), the relief afforded by the settlement is, in practice, injunctive relief, not money damages, i.e. if this court ordered the Defendant not to effectuate a price increase until next year, that would be injunctive relief.

4.  The parties to the settlement opine that the injunctive relief is worth at least $180 million to the class. Even assuming the purposed injunctive relief has finite monetary value, that value is not the money damages Defendant owes the class members. The antitrust laws envision a defendant paying money damages that are a multiple of their ill-gotten gain. As this Court noted:

> Plaintiffs also allege that in proving Defendant's anticompetitive conduct they will rely on the increase in market concentration, Defendant's post-merger price increases, and Defendant's plans to further increase prices in the future, none of which requires individualize proof.

Doc. 85 at 8.

5.  Assuming the current price of service is the result of defendant's monopolistic practices, the class will continue to pay the artificial inflated price during the proposed six month price freeze. Therefore, not only is the defendant is not paying damages to the class; they are only agreeing, for a limited time only, to not increase the damages that the members of the class suffer on a monthly basis.

6.  It is clear that there is no correlation between a six month moratorium of price increases, supposedly worth $180 million, to the amount of damages this class might ultimately prove if the case were to go to trial. As stated in *Malcolm v. Marathon Oil Co.*, 642 F.2d 845 (11th Cir. 1981):

> The antitrust plaintiff's burden of proving the amount of damages is lighter than the burden of proving injury in fact. See *Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555, 562, 51 S.Ct. 248, 250, 75 L.Ed. 544 (1931); *Terrell v. Household Goods Carriers' Bureau*, 494 F.2d 16, 23-24 (5th

3

Cir. 1974). Often the nature of the violation makes calculation of damages difficult. "In such (a) case, while the damages may not be determined by mere speculation, it will be enough if the evidence show(s) the extent of the damages as a matter of just and reasonable inference, although the result be only approximate." *Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555, 563, 51 S.Ct. 248, 250, 75 L.Ed. 544 (1931). The amount of damage may be shown by just and reasonable inference with juries voting upon the probable and inferential as well as upon direct and positive proof. *Terrell v. Household Goods Carriers' Bureau*, 494 F.2d 16, 23-24 (5th Cir. 1974); *Bigelow v. RKO Radio Pictures, Inc.*, 327 U.S. 251, 264, 66 S.Ct. 574, 579, 90 L.Ed. 652 (1946). In fact, given proof of the fact of damage, proof of losses which border on the speculative is allowed in order to facilitate the policy of the antitrust laws. *Ford Motor Co. v. Webster's Auto Sales, Inc.*, 361 F.2d 874, 887 (1st Cir. 1966); *Hobart Brothers Co. v. Malcolm T. Gilliland, Inc.*, 471 F.2d 894, 903 (5th Cir. 1973). And estimates may be based on assumptions so long as the assumptions rest on adequate bases. *Terrell v. Household Goods Carriers' Bureau*, 494 F.2d 16, 24 (5th Cir. 1974); *Hobart Brothers Co. v. Malcolm T. Gilliland, Inc.*, 471 F.2d 894, 902 (5th Cir. 1973). The estimate of the amount of damages may even suffer from minor imperfections. Id. at 903.

The point being that maybe since the damages are a multiple of the damage caused by the defendant's price of service, the class would be better off trying this case than settling for a six month price freeze. An antitrust verdict for money damages is worth substantially more than what this settlement is offering each of the class members.

7. Nothing has been submitted to substantiate the defendant's estimation that this price freeze has an "estimated" value of $180 million. Objectors have sought the information from the Defendant's counsel but at this time have not received a response. (See Exhibit "A" attached hereto.) Without this information neither Objectors, nor the Court, can assess "the range of reasonableness of the settlement fund in light of the best possible recovery." *D'Amato v. Deutsche Bank*, 236 F.3d 78, 86 (2d Cir. 2001).

8. The proposed settlement resembles and shares many of the characteristics of a Coupon Settlement including the fact that the proposed settlement provides for large cash

4

attorney fees and little or no actual value to class members. As the National Association of Consumer Advocates, Standards and Guidelines for Litigation and Settling Consumer Class Actions (2d ed.2006), 255 F.R.D. 215, 235 states, "[T]he considered view today is that unless a coupon settlement provides increased benefits to class members and possesses certain safe-guards, they should generally be avoided...".

9. Instead of a cash payout, the proposed settlement offers class members an in-kind benefit of continued membership without a price increase for six months. Or, for class members who are no longer subscribers, because they cancelled their Sirius XM service between July 29, 2009 and July 5, 2011, the opportunity to re-up their Sirius XM service; and, to either reconnect their satellite radio without paying a reactivation fee and receive one month of basic satellite radio service at no cost, or receive one month of Sirius XM Internet streaming service at no cost. Such in-kind compensation is generally calls for careful scrutiny, i.e. scrutiny of both the proposed in-kind benefit and scrutiny of the value of the in-kind benefit. In any event, the dollar amount ascribed to the benefit does not represent its actual cost to the Defendant and like most in-kind benefits can be used by the Defendant for advertising purposes such as encouraging class members to continue service during the price freeze period.

10. The attorney's fees request in this case is $13 million. However, under the authority of Fed.R.Civ.P. 23(h)(1), no motion has been made for said fees and directed to the class members.

11. A) Although the attorney fees are to be paid separate and apart from the in-kind benefits paid to the class, the fees must be reviewed as a part of the overall settlement because in all cases the total of money damages plus attorney fees is what the Defendant is willing to pay *out of pocket* to resolve the litigation. In that light the $13 million represents

5

100% of the cash settlement as opposed to 6.7% of the overall claimed in-kind <u>settlement value</u>, which, as objected to above consists of a price freeze on defendant's monopolistic pricing and other in-kind benefits, not actual damages paid to class members.

   B) Like a coupon published in Parade magazine, the price freeze is not properly a class benefit from which attorney fees can be calculated. There is a subclass of Class members, who are no longer subscribers. They will receive no benefit other than the opportunity to become defendant's customer once again. Furthermore, since everyone else in the United States who is not a member of the class will receive the same price freeze benefit from the defendant, that in-kind "benefit" is not a benefit to the class.[1]

   C) In any event if the court elects to pay attorney's fees on a percentage basis, that number should be cross-checked by examining the lodestar of class counsel. To date no lodestar has been submitted for class members to review.

  12. The Crutchfield Objectors hereby incorporate and adopt any and all other properly-filed objections not inconsistent with the foregoing.

  WHEREFORE, Objector respectfully requests that this Court sustain these Objections and enter such Orders as are necessary and just to adjudicate these Objections so as to alleviate the inherent unfairness, inadequacy and unreasonableness of the proposed Settlement.

            Respectfully submitted,

            /s/ Matthew J. Weiss
            Matthew J. Weiss
            Weiss & Associates, P.C.
            440 Park Avenue South
            3rd Floor
            New York, NY 10016

---

[1] One can almost see the advertising campaign regarding how the price of service will not increase until 2012, and then here comes the "Netflix" increase.

212-683-7373
212-726-0135 fax
mjweiss@weissandassociatespc.com

ATTORNEY FOR STEVEN CRUTCHFIELD, SCOTT D. KRUEGER, ASSET STRATEGIES, INC., CHARLES B. ZURAVIN, AND JENNIFER DEACHIN

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing OBJECTIONS TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR AT FAIRNESS HEARING was served via Notice of Electronic Filing on this the 18th day of July, 2011, to all attorneys of record., and a copy was mailed to:

James J. Sabella
Grant & Eisenhofer, P.A.
485 Lexington Avenue
New York, New York 10017

/s/ Matthew J. Weiss

# EXHIBIT "A"

# FRANK H. TOMLINSON
ATTORNEY AT LAW

15 NORTH 21st STREET
SUITE 302
BIRMINGHAM, ALABAMA 35203-4103

E-mail Address: htomlinson@bellsouth.net

July 13, 2011

TELEPHONE: (205) 326-6626
FACSIMILE: (205) 328-2889

**Via E-mail and U.S. Mail:**
Todd R. Geremia, Esq.
Jones Day (NYC)
222 East 41st Street
New York, NY 10017

Brian Keith Grube, Esq.
Jones Day (Cleveland)
901 Lakeside Avenue
Cleveland, OH 44114

RE: Blessing v. Sirus XM Radio, Inc.
U.S. Dist. Ct. S.D.N.Y. 09-CV-10035

Gentlemen:

I represent several class members in the Sirus XM Radio settlement. In trying to evaluate the settlement's reasonableness and fairness, I read in Plaintiffs' Memorandum of Law in Support (Doc. 95), the following statement, "Defendant estimates that the value to the Class of not implementing this rate increases between the period of August 1, 2011 through December 31, 2011 is at least $180 million."

In reviewing materials submitted, I cannot find any report of an economist or any expert who has submitted that estimation and the basis for it. I would ask that you forward me a copy of such materials in order to better understand where this number originated and so that my expert can review.

A prompt response would be greatly appreciated.

Very truly yours,

*Hilton Tomlinson*

Frank H. Tomlinson

FHGT/sah

Index No. 09-cv-10035(HB)    Year 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARL BLESSING, et al. on Behalf of Themselves
And All Others Similarly Situated,

Plaintiffs,

v.

SIRIUS XM RADIO INC.

Defendant.

---

**OBJECTIONS TO PROPOSED SETTLEMENT AND
NOTICE OF INTENT TO APPEAR**

---

WEISS & ASSOCIATES, P.C.
ATTORNEYS AT LAW

Attorneys for
Objectors

440 PARK AVENUE SOUTH, 3RD FLOOR
NEW YORK, NEW YORK 10016

(212) 683-7373

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: July 18, 2011

Signature: _[signature]_

Print Signer's Name: Matthew J. Weiss, Esq.

Service of a copy of the within _____ is hereby admitted.

Dated:

Attorney(s) for _____

**PLEASE TAKE NOTICE**

☐ NOTICE OF ENTRY

that the within is a (certified) true copy of a _____ entered in the office of the clerk of the within named Court on _____ 20___

☐ NOTICE OF SETTLEMENT

that an Order of which the within is a true copy will be presented for settlement to the Hon. _____ one of the judges of the within named Court, at _____ on _____ 20___, at _____ M.

Dated:

WEISS & ASSOCIATES, P.C.
Attorneys for
ATTORNEYS AT LAW
440 PARK AVENUE SOUTH, 3RD FLOOR
NEW YORK, NEW YORK 10016

To: