UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CARL BLESSING, et al., on Behalf of Themselves and All Others | ) ) ) | Case No.:   09-cv-10035 (HB) |
| Plaintiffs, | ) ) | Judge: Harold Baer, Jr. |
| vs. | ) ) | |
| SIRIUS XM RADIO, INC., | ) ) | |
| Defendant, | ) | |

NOTICE OF OBJECTION TO CLASS ACTION SETTLEMENT
AND REQUEST FOR ATTORNEYS' FEES
AND NOTICE OF INTENTION NOT TO APPEAR
<u>MARVIN UNION, ADAM FALKNER, JILL PIAZZA, KEN WARD, RUTH
CANNATA, LEE CLANTON, CRAIG CANTRALL AND BEN AND KIM
FRAMPTON</u>

Class members Marvin Union of 13530 Heath Road, Novelty Ohio, 44075, telephone number (440) 338-8185, Adam Falkner of 4148 W. 217th St. Fairview Park, Ohio 44125 telephone number  (216) 225-5679 (originally represented by Edward Cochran),  Jill Piazza of 495 Jordan Drive Lumberton Texas 77657  telephone number (409) 833-2352 (originally represented by Stuart Yoes), Ken Ward of 200 Evangeline Drive Mandeville LA 70471 Telephone number (985) 778-0888 (originally represented by Chris Trepagnier), Ruth Cannata of 12635 Chesterfield Lane, Chesterland Ohio 44026, telephone number (440) 729-2219 (originally represented by Sam Cannata),  Lee Clanton of 101 Azalea Rd. Birmingham AL 35213 (originally represented by Michael Lunsford), Craig Cantrall of 25550 Letchworth Rd. Beachwood Ohio 44122 telephone number 216-299-9169 (originally represented by Craig Adams) and M/M Ben and Kim Frampton of 4857 Perie Wood Lane Kent Ohio 44240 telephone number (502) 426-1058 (originally

represented by George Cochran (collectively referred to herein as "Objectors") by and through the undersigned counsel, hereby object to the proposed settlement of this class action and the request for attorneys' fees for the several reasons. The Objectors will **NOT** appear at the Fairness Hearing presently scheduled for August 8, 2011 at 11:00 A.M. at Foley Square in New York City but will rest on their pleadings. The settlement is not fair, reasonable and adequate for the following reasons:

**I. Class Counsel Has Failed to Direct Notice of Its Fee Motion to the Class Members in a Reasonable Manner.**

The Summary of Notice that Objectors received ("Notice") fails to provide the information required by Fed. R. Civ. P. 23(h). Fed. R. Civ. P. 23(h) provides:

> (1) *Motion for Award of Attorney Fees*. A claim for an award of attorney fees and nontaxable costs must be **made by motion** under Rule 54(d)(2), subject to the provisions of this subdivision, at a time set by the court. **Notice of the motion** must be served on all parties and, for motions by class counsel, directed to class members in **a reasonable manner**.
>
> (2) *Objections to Motion*. **A class member**, or a party from whom payment is sought, **may object** to the motion. (emphasis supplied)

This rule sets forth three (3) requirements: 1) The request for fees must be by MOTION; 2) Notice of the fee motion must be directed to the Class members in a "reasonable manner;" and 3) Class Members must have an opportunity to object. Although the pleadings filed on July 18, 2011 might be characterized as a "motion" it has not been directed to all Class Members in a "reasonable manner" as required by the Rule and the Class Members clearly do not have an opportunity to object. The Notice states only that Class Counsel intends to request fees and expenses in the amount of up to $13 million. The Notice does not provide the basis for the requested fee award, such as Class Counsel's reasonable lodestar, the composition of the lodestar, whether or not a fee was negotiated by Lead Plaintiffs

2

at the commencement of this case, how much risk was involved in the case, and all of the other relevant information that would permit class members to make an informed consideration of the fee request.    On July 18, 2011, *one day* before these Objections were due, Class Counsel filed voluminous pleadings in support of their fee request.  Clearly, one day is **NOT** sufficient time for class members to review, digest, contemplate, discuss and prepare any sort of response to the Fee Request (which was still not in the form of a motion).  Objectors reserve the right to file detailed objections to the Fee Request in a supplemental pleading.

      The Notice requires that any objections to the settlement or to class counsel's fees must be postmarked by July 19, 2011.  The only information that any class member had prior to around noon on the 18th was  that "Class Counsel will ask the Court for Attorneys' fees and expenses of up to $13 million plus interest…"  Notice, ¶ 16.   This is clearly inadequate under the plain meaning of Rule 23 (h).  The pleadings filed on July 18, 2011  clearly do not give anyone a reasonable opportunity to object to the substance of the request.    As the Ninth Circuit recently said, "The plain text of the rule requires a district court to set the deadline for objections to counsel's fee request on a date *after*  the motion and documents supporting it have been filed." *In re: Mercury Interactive Corp Securities Litigation,* 618 F. 3d 988 (Ninth Cir. 2010).   Here, the Court did not even set a date for the filing of the fee request.  Furthermore, is the filing of  the Fee request with the Court notifying the Class in a  "reasonable fashion?"  If it is not on the website, no class member other than those represented by counsel will even know of the filing.   It is hard to accept the argument that this is what Congress intended when it passed the amendment to Rule 23 in December 2003.  How can a class member intelligently

3

comment on the fee request, let alone object to it, when this Objector and the rest of the Class, do not even know what it contains?

## II.  $13 million Is An Excessive Attorneys' Fee.

Even though they have not had an opportunity to review the Fee Request in detail, Objectors assert that on its face, Class counsel's request for attorneys' fees of $13 million for the minimal benefits delivered to the Class members is  excessive by any standard. When measured against recent precedents in this Circuit, the requested fees are clearly unreasonable and excessive.

The Second Circuit announced a preference for "moderation" in the awarding of common fund attorneys' fees in a class action context.  *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 57 (2d Cir. 2000).  Windfalls to class counsel are to be avoided.  *Id*. at 49.  Lodestar cross-checks are "encouraged."  *Id.* at 50. Percentage fees in securities and antitrust class actions post-*Goldberger* have been as low as 4%.  *See In re Bristol-Myers Squibb Sec. Litig.*, 361 F. Supp. 2d 229, 237 (S.D.N.Y. 2005)(awarding 4% fee out of $300 million settlement fund); *In re Visa Check/Mastermoney Antitrust Litig.*, 297 F. Supp. 2d 503 (E.D.N.Y. 2003) (awarding fee of 6.5%); *Klein ex rel SICOR Inc. v. Salvi*, 2004 US Dist LEXIS 4844 (S.D.N.Y. 2004)(awarding a fee of 8% of the settlement, representing 1.45 times lodestar).

 "The first, and most important … factor is the risk in pursuing the case."  *Bristol-Myers*, 361 F. Supp. 2d at 233 (*citing Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 54 (2d Cir. 2000).  "It is well-settled that the risk of the litigation must be measured as of when the case is filed."  *Id*. at 234.  There has been no evidence submitted to the Class that would explain how much risk was involved in this case at its inception, or whether

4

there were any governmental investigations or other information that would allow the Class and the Court to determine a reasonable fee.  There has also been no information directed to the Class in a "reasonable manner" of whether there was a fee agreement with Lead Plaintiff, when it was negotiated, or how the agreement (if any) was arrived at.

By not having access to Class Counsel's actual motion for an award of fees for more than a day before these objections were due, class members have been denied the opportunity to distinguish and rebut the cases and arguments that Class Counsel cited in their motion for fees.  This creates a one-sided playing field – Class Counsel know all of Objectors' arguments at the time they file their fee motion, but Objectors are not privy to any of Class Counsel's arguments in support of their fees at the time they must file their objections.  Again, this is a result of the procedural anomaly of requiring objections to be filed only a day after the "motion" was filed, contrary to what Rule 23(h) prescribes.

In 2007, the Second Circuit announced the general principle, albeit in a different context, that attorneys' fees should be set at "the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n. v. Albany*, 493 F.3d 110 (2d Cir. 2007).  In *Arbor Hill* (a case on which retired Justice Sandra Day O'Connor sat by designation), the Second Circuit emphasized that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively," *id*. at 118, and that "the district court (unfortunately) bears the burden of disciplining the market, stepping into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively." *Id*. at 112.  The proposition – that a reasonable paying client wishes to pay the least amount necessary – is true whether the fees are paid by the defendant pursuant to a fee-shifting statute, or as agreed to by the parties, or by the plaintiff class pursuant to the common fund doctrine.  Minimization of

attorney's fees is the goal of every client who has not been promised a share of the attorney's fees.

This Court should endeavor to set reasonable attorneys' fees without regard to the amount requested by Class Counsel. The Court should ascertain that the fee awarded is *the lowest one* that will adequately compensate Class Counsel. The burden is on Class Counsel to show that a fee award of less than $13 million is somehow unfair to them and an unjust windfall to the Class. Class Counsel has not and cannot do that. Therefore, this Court should award a fee that is reasonable, but not a windfall.

### III. THE RELEASE IS OVERLY BROAD AND/OR UNLAWFUL IN THAT IT PURPORTS TO RELEASE FUTURE ACTS OF MONOPOLISTIC PRICING.

The class-wide Release in this case is contained in paragraph 8(a) of the Stipulation of Settlement. The Release discharges from liability "future officers, directors, insurers, ... stockholders, agents, attorneys, etc." from "all manner of claims, ... damages whenever incurred", whether "known or unknown", that any releasing party now has or "hereafter can, shall or may have arising out of, based on or relating to the merger that formed SiriusXM Radio, Inc. ..." The combined effect of this language would seem to release the future unknown officers of the company who decide to price the services of SiriusXM Radio in a monopolistic way in violation of Section II of the Sherman Act. The Supreme Court has described the Sherman Act as "The Magna Carta of free enterprise." *U.S. v. Topco Associates, Inc.* 405 US 596, 610 (1972). Section 2 of the Sherman Act forbids unlawful monopolies, including monopolistic pricing. "Monopolistic pricing" occurs when an entity possesses monopolistic power and uses that monopolistic power to raise prices to a level which is considered an "abuse" of that monopoly. In this case, SiriusXM Radio, Inc. has arguably obtained monopoly power by

6

merging with its only effective competitor. In the future, there is a real danger that SiriusXM Radio will use its monopolistic power in an abusive way to raise the prices for its products and services. The effect of the proposed release is to grant immunity to the company and its officers and directors in advance for such abusive pricing in the future. Of course, it makes no sense to release SiriusXM Radio for raising prices, perhaps years in the future, that otherwise would be violative of Sherman Act Section 2. For example, two years from now, SiriusXM Radio could decide to double the prices of its basic services, knowing full well that its customers really have nowhere else to go to replace those products and services. The principal protection of consumers against that type of predatory pricing is private class actions on behalf of consumers under Section 2 of the Sherman Act. If that conduct is already subject to a binding release, then there is very little impediment to such conduct.

If, as hoped, this is not the purpose of the Release (notwithstanding the fact that it appears literally to be the case) then it would be a simple matter to change the language of the Release to make clear that future unknown increases in prices are not intended *in advance* to be subject to this Release. Accordingly, Objectors will continue to object to this Settlement until such time as the Release language is amended to make this clear. Class counsel are hereby invited to confer with Objectors' counsel to effect the needed changes.

Objectors hereby adopt and incorporate into these Objections all other well-taken, timely filed Objections that are not inconsistent with these Objections.

The Class members have a legally protectable interest in this

litigation.  That interest will be impacted by the proposed settlement agreement, particularly the legal fees that are proposed to be paid.

These Objections, presented to the Court as a matter of right, are properly and timely filed by the Objector.  All of the legally required prerequisites material to these Objections have been met.

WHEREFORE, Objectors respectfully request that this Court:

a) Upon proper hearing, sustain these objections;

b) Upon proper hearing, continue the issue of attorney fees until such time as the Court has allowed Class Members an adequate period of time in which to object to such Motion;

c) Upon proper hearing, enter such orders as are necessary and just to address and adjudicate these objections, and to alleviate the inherent unfairness, inadequacy and unreasonableness of the proposed settlement as set out herein.

Respectfully submitted,

.

\_\_Edward F. Siegel_____

Edward F. Siegel, Esq.
State Bar of Ohio No. 0012912
Edward F. Siegel Co. L.P.A.
27600 Chagrin Blvd., Ste. 340
Cleveland, OH 44122
(216) 831-3424 - phone
(216) 831-6584  - fax
efsiegel@efs-law.com
(pro hac vice applied for)

8

CERTIFICATE OF SERVICE

I certify that copies of the forgoing objections were filed with the Court through its electronic system, and were by such system served on other counsel of record .

Edward F. Siegel