UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

CARL BLESSING, et al., on Behalf of Themselves and
All Others Similarly Situated

                                Plaintiffs,

      -against-


SIRIUS XM RADIO INC.

                              Defendant.

----------------------------------------------------------------x

Civil Action

09 CV 10035 (HB)

**DECLARATION OF
COUNSEL ON BEHALF
OF OBJECTORS IN
OPPOSITION**

ROBERT K. ERLANGER does hereby declare pursuant to 28 U.S.C. §1746:

1.   I am admitted to practice law before this Court and represent as local counsel class members and objectors Jason Hawkins, Sheila Massie, and John Sullivan ("the Objectors").

2.   Objectors reside in the United States and contracted with Sirius Satellite Radio, Inc., XM Satellite Radio Holdings, Inc., Sirius XM Radio or their affiliated entities during the relevant period July 29, 2008 to July 19, 2011 ("class period").

3.   This Declaration is submitted on the Objectors' behalf in opposition to the parties' application for final approval of the proposed class settlement preliminarily approved by this Court's Order entered May 19, 2011 ("proposed class settlement") as required by this Court's Order entered June 9, 2011.   It also supports their objections to class counsel's application for attorneys' fees.

4.   The Objectors intend to present their objections at the August 8, 2011 fairness hearing (see accompanying Notice of Intention to Appear).

**Background**

5.   On July 28, 2008, a subsidiary of Sirius Satellite Radio, Inc. merged with XM Satellite Radio Holdings Inc.  As the result of the merger, Sirius XM increased its prices by: (1) charging a U.S. Music Royalty Fee as much as $1.98 per month; (2) increased the charge for additional radios from $6.99 to $8.99 per month; and (3) charged a $2.99 month fee for internet streaming. Class Notice at 3 (attached as Ex.1 to the 5/19/11 Order).

6.   The price increases violated the Clayton Antitrust Act, 15 U.S.C. § 18 and the Sherman Antitrust Act, 15 U.S.C. § 2. Class Notice at 3.

7.   On the grounds of the illegal price increases, a class action lawsuit was commenced on behalf of the injured subscribers. Class Notice at 3.

**Proposed Settlement**

8.   The proposed settlement allows Sirius to retain every penny of the past and present cash that it has amassed over the last three years as the result of its illegal price increase.

9.   In return, the proposed settlement offers non-monetary benefits to class members, i.e., Sirius will not contribute to a pot of money from existing cash to be distributed to them, rather the benefit will be in the form of a discount on current (to the end of 2011) and renewal subscriptions without any out-of-pocket contribution by Sirius.  Class members will not be subjected to further increases in the base subscription prices only through the next five months. Subscribers renewing their subscriptions can lock into the illegal base price through the next subscription period (this does not extend to "lifetime" members). Class Notice at 5.  Former subscribers, who canceled during the class period, may receive a free month of radio service or internet streaming by re-subscribing with waiver of a reactivation fee. Class Notice at 5.

10.   This proposed non-monetary settlement has an alleged "estimated value" of $180 million. Class Notice at 5.  Its value was inflated to at least $200 million three days ago (7/15/11

2

Lagenfeld Declaration).

**Attorneys' Fees**

11.   In exchange for the non-monetary "benefits" conferred on class members, class counsel asks the Court to award them fees and expenses of up to $13 million, plus interest, in the event that the proposed settlement received final approval. Class Notice at 7.

12.   According to the last minute submission by class counsel, the attorneys' fees represent "only" 7% of the settlement value.  Class counsel further alleges that it incurred $3,231,244.24  in out-of-pocket costs and $17,476,859.50 time charges. (7/15/11 Sabella Declaration ¶3).

**Objections**

13.   The proposed settlement is not fair, reasonable or adequate as to the class members because: (1) it grants a judicial stamp of approval to Sirius's receipt of up front cash from the illegal price increases while offering class members a non-monetary settlement; (2) it offers self-imposed injunctive relief and this court did not approve an injunctive relief class; (3) it appears to contain an improper negative option.  These arguments are elaborated upon in the accompanying Memorandum of Law.

14.   The Objectors further note that the so-called benefits to class members who renew their subscriptions are nothing more that a ploy by Sirius to increase its revenue base.

15.   As to attorneys' fees requested by class counsel, the request, first, did not comply with FRCP 23(h) and, second, the fees should not be based on a percentage of a subjective valuation of a non-monetary benefit. This argument is elaborated upon in the accompanying Memorandum of Law.

16.   The Objectors respectfully request that the Court deny the parties' application for

final approval of the proposed class settlement as presently constituted and deny class counsel's application for attorneys' fees.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 19, 2011.

s/ Robert K. Erlanger
Robert K. Erlanger (RE-0886)