UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARL BLESSING, et al. on Behalf of Themselves And All Others Similarly Situated,<br><br>                                                  Plaintiffs,<br><br>v.<br><br>SIRIUS XM RADIO INC.<br><br>                                                  Defendant. | No. 09-cv-10035 (HB) |

## DECLARATION OF HARVEY S. ROSEN AS TO LACK OF VALUE OF SIRIUS XM RADIO SETTLEMENT CONSIDERATION

I, Harvey S. Rosen, declare under penalty of perjury as follows:

1.      Attached as Exhibit 1 is a true and correct copy of my curriculum vitae outlining my career as an economist. I hold a Bachelor of Business degree from Case Western Reserve University; a Master of Arts degree; and a Ph.D. from Case Western Reserve University in Economics. I am currently an Associate Professor Emeritus of Economics at Cleveland State University and an Adjunct Associate Professor of Economics at John Carroll University in Cleveland, Ohio.

2.      I have had extensive experience in the area of economic damages determination and mass tort litigation for over thirty-five years. I have been the Court appointed expert in both federal and state courts as the Court's expert in six (6) separate complex litigation cases. These Court-appointed assignments included:

    (a)    Federal Court Southern District of Ohio 1980 in the matter of the Beverly Hills Supper Club Fire;

    (b)    State Court of Kentucky in the matter of the Beverly Hills Supper Club Fire;

    (c)    Common Pleas Court of Ohio, Montgomery County in the matter of the CSX Train Derailment at Miamisburg Ohio;

    (d)    Common Pleas Court of Ohio, Hamilton County in the matter of the BASF Chemical Plant Explosion;

(e)  Federal Court Southern District of Ohio in the matter of the Pfizer Heart Valve litigation; and

(f)  Common Pleas Court of Ohio, Franklin County in the matter of the Georgia Pacific Chemical Plant explosion.

3.  I have been appointed a Special Master by the Court in two (2) cases:

(a)  Common Pleas Court of Ohio, Hamilton County in the matter of the A&D Building Litigation; and

(b)  Common Pleas Court of Ohio, Hamilton County in the matter of the Cincinnati Bengals Stadium Litigation

4.  I have provided expert testimony in MDL litigation including Mentor, Telectronics, Acromed, Interneuron, Serzone and American Home Products.

5.  Attached as Exhibit 2 is a true and correct copy of the Settlement Agreement in the above-captioned matter.

6.  I have reviewed Exhibit 2 to evaluate the Settlement Consideration provided for in Section 2 of the Settlement Agreement.

7.  All prices referenced on page two of the proposed settlement agreement establish value under the assumption that the various prices mentioned in the agreement are to be frozen until December 31, 2011. It is on this basis that the estimate of the value to the Class is $180 million.

8.  The Settlement Agreement, however, does not provide details as to how the estimated value to the Class is calculated, or even that these calculations were a part of the settlement negotiations.

9.  The estimated settlement value is dependent upon the assumption that the Defendant had contemplated a price increase prior to December 31, 2011. I am not aware of any published or actual price increases that had occurred after July 28, 2011, after the three year cap on any increases expired.

10.  It is my opinion that without any monetary give-back (other than the $13 million in attorney's fees) this proposed settlement has little or no value for the following reasons:

(a)  There were monetary charges levied to the Class per additional radios for multi-radio subscribers; there was the monthly music royalty fee of $1.98 per month imposed; and there was a $2.99 month charge for internet streaming. None of these fees are being returned as part of the settlement.

(b) Even if there was a price increase, there is no way to know whether the contemplated rate increase would have turned into an actual increase. There is no mention in the proposed Settlement Agreement that any market analysis was performed that forecast whether the market would have allowed the price increase to stick. For example, in the airline industry there were several attempts to raise prices in the past year which were short-lived increases and quickly rolled back because the market would not absorb the increases.

(c) There is no prohibition against the Defendant raising prices after December 31, 2011 far in excess of what it would have been raised (if any at all) to make up for the cap proposed in the Settlement Agreement, thereby erasing, or taking back from the Class, any value claimed in the proposed Settlement Agreement.

11. I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to the penalty of perjury.

DATED this 21 day of July 2011

_____
Harvey S. Rosen, Ph.D.