USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/25/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARL BLESSING, et al., on Behalf of Themselves and All Others Similarly Situated,

                Plaintiffs,

-against-

SIRIUS XM RADIO INC.,

                Defendant.

No. 09-cv-10035 (HB)(RLE)

---

## FINAL ORDER AND JUDGMENT

WHEREAS, Plaintiffs Carl Blessing, Edward A. Scerbo, John Cronin, Brian Balaguera, Scott Byrd, Glenn Demott, James Hewitt, Todd Hill, Curtis Jones, Ronald William Kader, Edward Leyba, Greg Lucas, Joshua Nathan, James Sacchetta, David Salyer, Susie Stanaj, Janel and Kevin Stanfield, Paul Stasiukevicius, and Paola Tomassini ("Plaintiffs"), on behalf of themselves and the Class defined below, have entered into a Settlement Agreement, dated May 12, 2011 (the "Agreement") with Defendant Sirius XM Radio Inc. ("Defendant") to settle this action (the "Action") on the terms and conditions set forth therein; and

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Agreement; and

WHEREAS, by Order dated May 19, 2011 and amended by Order dated June 9, 2011 (together the "Preliminary Approval Order"), this Court (a) preliminarily approved the Settlement; (b) ordered that notice of the proposed Settlement be provided to Class Members; (c) provided Class Members with the opportunity either to exclude themselves from or to object

1

to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement; and

WHEREAS, due and adequate notice has been given to the Class; and

WHEREAS, the Court conducted a hearing (the "Settlement Hearing") on August 8, 2011 to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable and adequate and the Settlement should therefore be approved; and (ii) whether a judgment should be entered dismissing the Action with prejudice; and

WHEREAS, the Court having reviewed and considered the Agreement, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the proposed Settlement, and the record in the Action, and good cause appearing therefore;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction:** The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over the Parties and each of the Class Members.

2. **Class:** As set forth in the Court's March 29, 2011 Opinion and Order, the Class is as follows:

> FEDERAL ANTITRUST DAMAGE CLASS. All persons or entities who reside in the United States and who contracted with Sirius Satellite Radio, Inc., XM Satellite Radio Holdings, Inc., Sirius XM Radio Inc., or their affiliated entities, for the provision of satellite digital radio services who during the relevant period of July 29, 2008 through July 14, 2011: (1) paid the U.S. Music Royalty Fee; (2) own and activated additional radios ("multi-radio subscribers") and paid the increased monthly charge of $8.99 per additional radio; or (3) did not pay to

access the content available on the 32 bkps or 64 bkps connections on the Internet but are now paying the Internet access monthly charge of $2.99;[1]

3.   **Adequacy of Representation:** Named Plaintiffs and Class Counsel have fully and adequately represented the Class for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g).

4.   **Notice:** The Court finds that the distribution of the Notice and the publication of the Publication Notice to the best of the Court's knowledge: (i) were implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice reasonably practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the Settlement (including the releases provided for therein), of Class Counsel's motion for attorneys' fees and reimbursement of litigation expenses incurred in connection with the prosecution of the Action, of their right to object to the Settlement and/or Class Counsel's motion for attorneys' fees and reimbursement of litigation expenses, of their right to exclude themselves from the Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Class members who could be identified with reasonable efforts; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, Rule 23.1 of the Local Civil Rules of the United States District Court for the Southern District of New York, and all other applicable law and rules.

---

[1] Excluded from the Class are: (1) all persons or entities that make a timely election to be excluded from the proposed Class; (2) Sirius XM and its legal representatives, officers, directors, assignees and successors; (3) governmental entities; and (4) the judges to whom this case is assigned and any immediate family members thereof.

5. **Final Settlement Approval:** Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement as set forth in the Agreement in all respects, and finds that the Settlement is, in all respects, fair, reasonable, and adequate.

6. **Dismissal:** The Action is hereby dismissed on the merits and with prejudice, as of the Effective Date, and the Clerk is instructed to remove the matter from the Court's docket. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Agreement.

7. **Binding Effect:** The terms of the Agreement and of this Judgment shall be forever binding on Plaintiffs and all Class Members who have not excluded themselves, as well as all of their successors and assigns. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Agreement.

8. **Releases:** The releases as set forth in the Agreement (the "Releases") are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that, as of the Effective Date:

(a) Upon the Settlement becoming final in accordance with Section 6 of the Agreement, Plaintiffs and any Class Members who have not timely excluded themselves from the Class Action (collectively, the "Releasing Parties"), whether or not they object to the Settlement, shall release and forever discharge Defendant, its past, present or future officers, directors, insurers, general or limited partners, divisions, stockholders, agents, attorneys, employees, legal representatives, trustees, parents, associates, affiliates, subsidiaries, partners, heirs, executors, administrators, purchasers, predecessors, successors and assigns (collectively,

4

the "Released Parties") only from those claims, demands, actions, suits, causes of action, damages whenever incurred, liabilities of any nature whatsoever, whether class, individual or otherwise in nature, including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity, that any Releasing Party ever had, now has or hereafter can, shall or may have, arising out of, based on, or relating to the merger that formed Sirius XM Radio Inc., including, without limitation, claims which have been asserted or could have been asserted in this litigation which arise under, are based on, or relate to any federal or state antitrust, unfair competition, unfair practices, consumer protection, misrepresentation, or other law or regulation, or common law, including, without limitation, the Sherman Antitrust Act, 15 U.S.C § 1 et seq., and the Clayton Antitrust Act, 15 U.S.C. § 12 et seq. Plaintiffs, as defined in the first whereas clause on page 1 above, shall further release the Released Parties only from those claims arising out of, based on, or related to all conduct alleged or that could have been alleged in the Second Consolidated Amended Class Action Complaint filed in this action. Each Releasing Party hereby covenants and agrees that it shall not, hereafter, seek to establish liability against any of the Released Parties based, in whole or in part, upon any of the claims released herein.

    (b)    Upon the Settlement becoming final, all Class Members who have not timely excluded themselves from the Class Action shall be deemed to have waived any and all provisions, rights and benefits conferred by § 1542 of the California Civil Code, which reads:

> Section 1542. General Release; extent. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his settlement with the debtor;

or by any law of any state or territory of the United States or any other principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code. Each Class

5

member may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims which are the subject matter of this paragraph, but each Class member hereby expressly waives and fully, finally, and forever settles and releases, upon the Settlement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

(c) Upon the Settlement becoming final, Defendant, on behalf of itself and its past, present or future officers, directors, insurers, general or limited partners, divisions, stockholders, agents, attorneys, employees, legal representatives, trustees, parents, associates, affiliates, subsidiaries, partners, heirs, executors, administrators, purchasers, predecessors, successors and assigns, acting in their capacity as such, shall release Plaintiffs and their past, present or future agents, attorneys, employees, legal representatives, trustees, parents, heirs, executors, administrators, predecessors, successors and assigns, from all claims, demands, actions, suits, causes of action, or liabilities of any nature whatsoever, in law or in equity, that Defendant ever had, now has, or hereafter can, shall or may have, to the extent arising out of or relating to the Action (the "Defendant's Released Claims").

(d) The intent of the foregoing is to bar all claims that are or could have been brought regarding the claims in the Action consistent with the broadest principles of res judicata.

9. **No Admissions:** This Judgment, the Agreement, any of their terms and provisions, any of the negotiations, proceedings or agreements connected therewith, any matters arising in connection with settlement negotiations, proceedings, or agreements, and/or any of the documents or statements referred to therein:

(a) shall not be admissible in any action or proceeding for any reason, other than in an action to enforce the terms of the Settlement or this Judgment, or to establish the preclusive effect of this Judgment and the releases contained herein and in the Agreement in any subsequent proceeding, or to rebut an allegation that there has been an admission of liability or an admission of the validity of any claim or defense on the part of any Party in any respect;

(b) shall not be described as, construed as, offered or received against Defendant as evidence of and/or deemed to be evidence of any presumption, concession, or admission by Defendant of: (i) the truth of any fact alleged by Plaintiffs; (ii) the validity of any claim that has been or could have been asserted in the Action or in any litigation or forum; (iii) the deficiency of any defense that has been or could have been asserted in the Action or in any litigation or forum; or (iv) the existence of personal or subject matter jurisdiction over, or concession thereto by, Defendant;

(c) shall not be described as, construed as, offered or received against Plaintiffs or any Class Members as evidence of any infirmity in the claims of said Plaintiffs and the Class;

(d) shall not be described as, construed as, offered or received against any of the Parties in any other civil, criminal or administrative action or proceeding, *provided*, however, that if it is necessary to refer to the Agreement or this Judgment to effectuate or enforce the provisions of the Agreement or this Judgment, it may be referred to in such proceedings; and

(e) shall not be described as or construed against Defendant, Plaintiffs, or any Class Members as an admission or concession that the consideration to be given hereunder represents the relief, if any, that could be or would have been awarded to said Plaintiffs or any Class Member after trial of this Action.

7

10. **Retention of Jurisdiction:** Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) any motion for an award of attorneys' fees and/or expenses by Class Counsel in the Action; and (c) the Class Members for all matters relating to the Action.

11. **Attorneys' Fees and Expenses Not a Delay:** Any order entered regarding any motion for attorneys' fees and expenses filed by Class Counsel shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

12. **Modification of Settlement Agreement:** Without further approval from the Court, Plaintiffs and Defendant are hereby authorized to agree to and adopt such amendments or modifications of the Agreement or any exhibits attached thereto to effectuate this Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendant may agree to reasonable extensions of time to carry out any provisions of the Settlement.

13. **Termination:** If the Effective Date does not occur or the Agreement is terminated, then this Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Agreement.

Dated: _August 25, 11_     SO ORDERED:

_____
USDJ