UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Office of the Clerk
U.S. Courthouse
500 Pearl Street New York, NY 10007-1213

| | |
|---|---|
| Carl Blessing, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Sirius XM Radio, Inc.<br><br>Defendant. | CASE No : 09 – CV- 10035 HB (S.D.N.Y.)<br><br>Memorandum of Law By Unnamed Class Member, Randy Lyons, in Opposition to Plaintiff's Motion to Require Appellants to Post an Appeal Bond. |

**MEMORANDUM OF LAW BY UNNAMED CLASS MEMBER, RANDY LYONS, IN OPPOSITION TO PLAINTIFF'S MOTION TO REQUIRE APPELLANTS TO POST AN APPEAL BOND**

**I.   INTRODUCTION**

Class Counsel, in an obvious attempt to thwart the appeals in this action, are seeking a appeal bond totaling $200,000.00 in relation to twelve separate appeals challenging this court's August 24, 2011, Order approving the Settlement in this cause. Said bond is sought to secure payment of (1) the alleged estimated attorneys' fees of Class Counsel in defending the appeals; and (2) taxable costs under Rule 39 of the Federal Rules of Appellate Procedure. The claimed attorneys' fees requested to be secured by the bond consist of a totally arbitrary estimated fee of approximately $200,000.00 (this, despite the fact that Class Counsel has been awarded $13,000,000.00 for representing the Class, which received no monetary payment whatsoever and

1

whose purported benefit consisted of monthly fees not being raised for a period of only four months after the settlement was approved). Class Counsel makes no attempt to distinguish between attorneys fees on appeal and taxable costs under Rule 39.

For the reasons set forth herein, under the facts of the instant case and in accordance with Second Circuit and Supreme Court precedent, the only costs that are possibly subject to an appeal bond pursuant to Rule 7 are the Rule 39 costs, which Class Counsel makes no attempt to support.

While there is authority in the Second Circuit which would allow a District Court to exercise its discretion in certain specific cases to utilize the potential assessment of attorneys' fees on appeal as a basis for inclusion in a Rule 7 bond (i.e. where there is a <u>party neutral</u> fee shifting statute defining "cost" to include attorneys' fees), such is not the case under the Clayton Act or the Sherman Act, (which statutes, this Court found in its Final Order approving the Settlement, are the underlying basis of Plaintiffs' claims). In simplest terms, under Second Circuit precedent and precedent of other circuits, the cases that would give a District Court discretion in utilizing potential appellate attorneys' fees as a basis for a Rule 7 bond do not apply to the facts of this case. Furthermore, there is ample authority that, in any event, a District Court should not set bonds which would thwart the right to appeal, especially in light of the fact that should the Court of Appeals determine that an appeal is frivolous or unwarranted, the appellate court has means available to impose appropriate remedies, costs or penalties.

Class Counsel, in a footnote to its Memorandum of Law (Footnote 21, Page 13), states that Class Counsel is indifferent as to how appellants may choose to allocate among themselves the cost of the bond, but indicates that the bond should be joint and several. The indication that the requested bond of $200,000.00 should be joint and several is further evidence of Class

Counsel's intent to make it economically unfeasible for Objectors to exercise their lawful appellate rights and that the bond sought constitutes vexatious and harassing conduct by Class Counsel.

II.     IN AN APPEAL BY UNNAMED OBJECTING CLASS MEMBERS WHERE THE UNDERLYING ACTION IS BASED ON THE SHERMAN ACT AND THE CLAYTON ACT, ATTORNEYS' FEES ARE NOT AUTHORIZED TO BE TAXED AGAINST A CLASS MEMBER/OBJECTOR AND THEREFORE ARE NOT AN APPROPRIATE BASIS FOR REQUIRING SECURITY IN A RULE 7 BOND.

Class Counsel cites *Adsani vs. Miller*, 139 F.3d 67, 70 (2d Cir. 1998), *Cert. denied*, 525 US 875 (1998) for the proposition that there is some authority in the Second Circuit allowing a District Court, in its discretion, to include in a Rule 7 bond the potential attorneys' fees on appeal. Even the simplest analysis of *Adsani* shows that the facts and ruling in that case are not applicable in the present case. *Adsani* involved an appeal by an unsuccessful Plaintiff in a copyright infringement case. *Adsani* was not a class action. Furthermore, the fee shifting provisions of the copyright act are "symmetrical" in that the act provides that attorneys' fees could be taxed as costs against the non-prevailing party. Such is not the case under the Sherman Act or the Clayton Act, which allow attorneys' fees to be taxable as costs only against a named defendant where the plaintiff proves an injury under said Acts.[1] *See, e.g. Gulfstream III Associates Assocs. Inc., vs. Gulfstream Aerospace Corp*., 995 F.2d 414, 418 (3rd Cir 1993); *See also, In re Multidistrict Vehicle Air Pollution M.D.L. No*. 31, 481 F2d 122, 130 n. 12 (9th Cir. 1973).

In the case of *Azizian vs. Federated Dept. Stores, Inc*., 499 F.3d 950 (9th Cir. 2007), the Ninth Circuit wrote an exhaustive opinion on the history regarding whether, and under what

---

[1] In this Court's Order August 24, 2011, the Court held that the litigation was based on alleged violations of the Sherman Act, 15 U.S.C. §1 et.seq. and the Clayton Act, 15 U.S.C §12.

3

circumstances, appellate attorneys' fees are considered "costs on appeal" that a District Court may require an appellant to secure in a Rule 7 bond. *Azizian* dealt specifically with the appropriateness of such a bond when unnamed class members/objectors appeal the District Court's final approval of an action brought under the Clayton Act.[2]

In *Azizian,* the appellant was one of a large number of consumers who bought cosmetics products manufactured and sold by Defendants. The Appellant was an unnamed Class Member/Objector and appealed the court's final ruling in a nationwide antitrust class action. Subsequent to the appeal, Class Counsel sought an appeal bond in excess of twelve million dollars under Rule 7. Said request included estimated appellate attorneys' fees of $300,000.00 and alleged damages that would result from the delay of almost six million dollars. The District Court ordered Appellant to post a bond in the amount of $42,000.00 representing an anticipated $2,000.00 in Rule 39 costs and $40,000.00 in appellate attorneys' fees. In an exhaustive analysis of precedent from other circuits regarding the issue of including attorneys fees in a Rule 7 Bond, the *Azizian* court agreed with the Second, Sixth and Eleventh Circuit that the general holding defining the term "cost on appeal" includes all expenses defined as "costs" by applicable fee shifting statutes, including attorneys' fees. However, the *Azizian* court, citing the explicit language of Section 4 of the Clayton Act, 15 U.S.C. § 15(a), held that the District Court erred in including anticipated appellate attorneys' fees in its calculation of the amount of the Rule 7 bond, when the underlying claim is based on a statute where attorneys' fees are only recoverable by a successful Plaintiff against the Defendant (i.e. an asymmetrical fee shifting statute).

---

[2] It should be noted that lead Class Counsel's predecessor firm, Milburg, White, Bershad, Hynes and Lerach were among a group of firms representing class members in the *Azizian* case and participated in said appeal. Despite this history, Class Counsel totally failed to apprise this court of the Ruling of the Ninth Circuit which clearly holds against the attorneys' fees portion of the bond requested under the facts of this case and in doing so specifically discusses the history of Second Circuit cases and why such generalized cases as *Adsani* do not apply under the circumstances presented in *Azizian* and as presented here.

The Court in *Azizian* noted that Section 4 provides that "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws… shall recover three-fold the damages by him sustained and the cost of suit, including a reasonable attorneys' fee". The court went on to hold that Section 4 is "asymmetrical" (i.e. attorney's fees are not recoverable by whoever prevails in the litigation, but are limited to awards against a losing Defendant) and therefore, potential appellate attorneys' fees incurred defending the appeal of an Objecting Class Member are not includable in a Rule 7 bond. Specifically, the *Azizian* Court held as follows:

> However, unlike some other fee-shifting provisions, Section 4 is asymmetrical. *Compare*, 15 USC § 15(a), *with* 17 USC § 505, *and* 42 USC § 1988(b); *see also Aetna Cas. & Sur. Co. v. Liebowitz*, 730 F.2d 905, 908, (2nd Cir. 1984). Clayton Act attorneys' fees awards are "available only to plaintiffs who prove an antitrust injury." *Gulfstream III Assoc., Inc., v. Gulfstream Aerospace Corp*., 995 F.2d 414, 418 (3rd Cir. 1993); see also *In re Multidistrict Vehicle Air Pollution M.D.L. No 31*, 481 F.2d 122, 130 n.12 (9th Cir.1973); *MCA Television Ltd. V. Pub. Interest Corp.*, 171 F.3d 1265, 1281 n.21 (11th Cir. 1999); *Sciambra v. Graham News*, 892 F.2d 411, 415-16 & n.1 (5th Cir. 1990). Section 4 is intended not only "to encourage private enforcement of the antitrust laws" and "to insulate the treble damages award from the costs of obtaining recovery," but also "to deter violations of the antitrust laws by requiring the payment of that fee by a losing defendant." *Image Tech. Serv., Inc., v. Eastman Kodak Co*., 136 F.3d1354, 1357 (9th Cir. 1998). We have gone so far as to describe a Section 4 fee award as "a part of the penalty for violating the antitrust law" *Id*. at 1358.
>
> Thus, a district court can order only a losing defendant – the party that has violated antitrust laws – to pay attorneys' fees under Section 4. *See Byram Concretanks, Inc. v. Warren Concrete Prods. Co.,* 374 F.2d 649, 651 (3rd Cir. 1967) (as amended); *see also J.T. Gibbons, Inc. v. Crawford Fitting Co.,* 790 F.2d 1193, 1194-95 (5th Cir. 1986); *cf. Olympia Co. v. Celotex Corp*., 771 F.2d 888, 892-93 (5th Cir. 1985) (awarding fees to prevailing defendants based not on Section 4 but rather to sanction plaintiff and his attorney.)

The Sherman Act, 15 U.S.C. § 1 et. seq., provides that only the person injured in his business or property by reason of anything forbidden in the antitrust laws is entitled to recovery of attorneys' fees and such recovery is from the Defendant.

It should be noted that in *Azizian*, Class Counsel had also argued that attorneys' fees should be based on allegations that the appeal was frivolous. The *Azizian* court went on to find as follows:

> As an alternate basis for including security for appellate attorneys' fees in its Rule 7 bond, the district court concluded that we were likely to find Wilkinson's appeal on the merits frivolous and to award attorney's fees as a sanction under Rule 38. While we affirm the district court's decision on the merits, we do not conclude that Wilkinson's appeal is frivolous. Even if we were to conclude that her appeal was frivolous, however, we would reverse the district court's inclusion of appellate attorneys' fees on that basis.
>
> Award of appellate attorneys' fees for frivolousness under Rule 38 is highly exceptional, making it difficult to gauge prospectively, and without the benefit of a fully developed appellate record, whether such an award is likely. *CF. Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648-49 (9th Cir. 1997) (discussing the "high threshold" for sanctions in district court under Fed R. Civ. P. 11). Moreover, a Rule 7 bond including the potentially large and indeterminate amounts awardable under Rule 38 is more likely to chill an appeal than a bond covering the other smaller, and more predictable, costs upon appeal. Finally, in contrast to ordinary fee-shifting and cost provisions, Rule 38 authorizes an award of appellate attorneys' fees not simply as incident to a party's successful appellate defense or challenge of a judgment below, but rather as a sanction for improper conduct on appeal. While Rule 39 expressly authorizes the district court to tax certain costs on appeal, and while it is usually the district court that ultimately determines entitlement to expenses, including attorneys' fees on appeal under fee-shifting statutes, only the court of appeals may order the sanction of appellate attorneys' fees under Rule 38. See Fed R. App. P. 38.
>
> We agree with the D.C. Circuit that the question of whether, or how, to deter frivolous appeals is best left to the courts of appeals, which may dispose of the appeal at the out-set through a screening process, grant an appellee's motion to dismiss, or impose sanctions including attorneys' fees under Rule 38. *In re Am. President Lines*, 779 F.2d at 717. Allowing district courts to impose high Rule 7 bonds where the appeals might be found frivolous risks, "impermissibly encumber[ing]" appellants' right to appeal and "effectively preempt[ing] this court's prerogative" to make its own frivolousness determination. *Id.* at 717, 718; *see also Adsani*, 139 F.3d at 79 ("[A]ny attempt by a court at preventing an appeal is unwarranted and cannot be tolerated.") (quoting *Clark v. Universal Builders, Inc.,* 501 F. 2d 324, 341 (7th Cir. 1974).

Similarly, in the securities class action, *In re AOL Time Warner, Inc.* 2007 WL 2741033

(S.D. N. Y.) 2007 US Dist. LEXIS 69510, New York District Court Judge Kram held that even if there is a fee shifting statute, Second Circuit decisions make it inappropriate to utilize a Rule 7 bond to chill a right to appeal. With regard to Class Counsel's contention that the appeal bond should includ the estimated amount of attorneys' fees on appeal because of the alleged bad faith of Appellants' conduct, Judge Kram held as follows:

> Lead Securities Plaintiff apparently concedes that there is no statute underlying the action that provides for the payment of attorneys fees on appeal. Plaintiff argues, however, that the Court can find authority to include this cost in the appeal bond in Federal Rule of Appellate Procedure 38 and 29 U.S.C. § 1927. See Lead Securities Plaintiff's Mot. 13-14. For the reasons discussed below, the Court declines to include the attorneys fees under either source of authority.
>
> Appellate Rule 38 states that, "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." At the district court level, the comparable rule for awarding sanctions is Federal Rule of Civil Procedure 11. *Adsani* did not address the proprietary of a district court's using Appellate Rule 38 to include certain costs in an appeal bond. The few district courts in the Second Circuit to address the issue have refused to do so, reasoning that use of Appellate Rule 38 by district courts would infringe on the authority that the Rule explicitly grants to the Court of Appeals. See *In re* NASDAQ 187 FRD at 128 n. 4; *In re Allen-Main Assoc. Ltd Pshp.* 229 B.R. 577, 579 (Bankr. D Conn 1999). These decisions relied on the same reasoning used in *In re American President Lines, Inc.,* 779 F 2d 714, 717 (DC Cir 1985), in which the DC Circuit held that a district court's use of Appellate Rule 38 to include certain costs in an appeal bond "effectively preempts the[e Court of Appeals's] prerogative to determine should [appellant's] appeal be found to be frivolous, whether [appellee] is entitled to a Rule 38 recovery." *Id.*
>
> …This Court agrees with the Courts discussed above. Sanctioning appellants under appellate Rule 38 is a matter for the Court of Appeals, and including potential Appellate Rule 38 sanctions in the amount of an appeal bond risks infringing on that authority and saddling appellants with a potentially prohibitive bond.

### III. CONCLUSION

Based on the foregoing, there is no basis for setting a Rule 7 bond based upon anticipated

7

attorneys' fees on appeal. Furthermore, Class Counsel has not even provided an estimate of taxable costs under Rule 39. Hence, Class Counsel's Motion To Require Appellants To Post An Appeal Bond should be denied.

Dated: October 12, 2011                                          Respectfully submitted,

/s/ R. Stephen Griffis
Admitted Pro Hac Vice
R. Stephen Griffis, PC
2100 Riverhaven Dr., Suite 1
Hoover, AL 35244
Email: rsglaw@bellsouth.net
Ph: 205-402-7476
Fax: 205-402-7292

James J. Sabella, Esq.
Jay W. Eisenhofer, Esq.
Grant & Eisenhofer, PA
485 Lexington Ave.
New York, NY 10017

Peter Safirstein, Esq.
Milberg LLP
1 Pennsylvania Plaza
New York, NY 10119

Michael Hartlieb (pro se)
Brian David Goe (pro se)
PO BOX 7078
Laguna Niguel, CA 92677

Jeff Leon
Eric Freed
Freed & Weiss
11 W Washington St, St 1331
Chicago, ILL 60602

James Cecchi
Lindsay Taylor
Carella Byrne Bain
5 Becker Farm Rd
Roseland, NJ 07068

Nadeem Faruqui
Shane Rowley
Farughi & Faruqui
369 Lexington Ave
NY, NY 10017

Joseph Guglielmo
Scott & Scott
500 5th Ave
NY, NY 10110

William Wright
Wright Law Offices
301 Clematis St, St 3000
W Palm Beach, FL 33401

Jill Abrams
Natalie Marcus
Abbey Spanier LLP
212 E. 39th St
NY, NY 10016

Christine Craig
Shaheen & Gordon
140 Washingotn St
Dover, NH 03821

Christopher B. Hall
Cook, Hall & Lampros, LLP
1230 Promenade 2, Suite 3700
1230 Peachtree St, NE
Atlanta, GA 30309

Mark Gardy
James Notis
Gardy & Notis
560 Sylvan Av
Englewood Cliffs, NJ 07632

Stephen Weiss
James O'Brien, III
One William St
NY, NY 10004

Jeff Laytin
Richard Verneer
Laytin Verneer
One Pennsylvania PL, 48th FL
NY, NY 10119

Timothy Blood
Thomas O'Reardon, II
600 B Street, St 1550
San Diego, CA 92101

Shpetim Ademi
Guri Ademi
Ademi & O'Reilly
3620 E Layton Ave
Cudahy, WI 53110

| | |
|---|---|
| Merrill Davidoff | Howard Hirsch |
| Michael Dell'Angello | Lexington Law Group |
| Berger & Montague | 503 Divisadero St |
| 1622 Locust St | San Francisco, CA 94117 |
| Philadelphia, PA 19103 | |