# DECLARATION OF THEODORE H. FRANK
# IN OPPOSITION TO MOTION FOR APPEAL BOND

I, Theodore H. Frank, declare as follows:

    1.    I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

    2.    I am an attorney admitted *pro hac vice* in this case and am a member of the bar of the United States Court of Appeals for the Second Circuit. I am an elected member of the American Law Institute. I am the founder of the non-profit Center for Class Action Fairness LLC ("the Center"), which represents Nicolas Martin *pro bono* in this matter. The goal of the Center is to protect class members in the class action settlement process from abuse of the class action system.

### The Appeal Is Brought In Good Faith And Is Not Frivolous.

    3.    The Center does not object indiscriminately. It evaluates many more settlements than it objects to, and regularly rejects inquiries where it does not feel it has a good chance of establishing precedent generally useful to class members in future litigation. Because of this, it has an excellent track record, winning millions of dollars for class members, having many more successful than ultimately unsuccessful objections, and achieving a landmark decision last August in *In re Bluetooth Headset Prod. Liab. Litig.*, -- F.3d --, No. 09-56683 (9th Cir. Aug. 19, 2011).

    4.    Because one of the goals of the Center is to create good precedent and because the Center has limited resources (with more meritorious objections that it wishes to bring than it has the bandwidth to bring), the Center does not bring appeals unless it believes it has a substantial chance of success on appeal. The Center's appeals focus on legal issues of broad applicability beyond any specific case. Neither the Center nor I have ever been sanctioned for a frivolous appeal or a frivolous objection; indeed, I have argued four federal appeals without yet losing. I would not have taken on the expense and burden of appeal if I did not believe we could win and establish important

far-reaching precedent.

5.     While many "professional objectors" are accused of bringing bad-faith objections solely to extract extortionate settlements from class counsel by the threat of delay, this is not the business model of the Center for Class Action Fairness, which is funded solely by charitable donations and court-awarded attorneys' fees. The Center has never agreed to a *quid pro quo* settlement of an objection, and asks its clients to confirm that they are objecting for the benefit of the class as a whole rather than for personal profit before agreeing to represent them. Moreover, federal tax law presents strict limits on the amount of revenue the Center can bring in through attorneys' fees. Neither Mr. Martin nor the Center wishes to settle this appeal for a personal payout: we wish to win on the merits. But if this Court has any question whether the Center is bringing this objection in good faith, the Center and Mr. Martin are willing to stipulate to an injunction prohibiting the Center from settling Mr. Martin's objection in exchange for a cash payment. This same offer was made in our initial objection; the fact that the plaintiffs have sought an appeal bond, rather than a stipulation, demonstrates that their concern is not that the Center will seek to extort the plaintiffs but that the Center is bringing a meritorious appeal.

6.     This appeal is brought in good faith. The issues Mr. Martin wishes to raise in his appeal are not only non-frivolous, but many have been adopted by other appeals courts, and are of great importance to the law of class action settlements.

7.     In footnote 17, plaintiffs identify twelve cases where I have objected on behalf of myself or a client. One of these, *Bachman v. A.G. Edwards, Inc.*, No. 09-cv-00057 (E.D. Mo.), is incorrect: I did not appear in federal court in that case, as a review of the docket will confirm. The majority of the remaining eleven objections were successful in whole or part; CCAF requested attorneys' fees twice and was awarded attorneys' fees twice.

| | |
|---|---|
| *In re HP Inkjet Printer Litig.*, No. 05-cv-3580 (N.D. Cal.) | **Partially successful**: court reduced attorneys' fees from $2.3M to $1.5M; appeal pending in Ninth Circuit. |
| *In re Grand Theft Auto Video Game Consumer Litig.*, No. 06-md-01739 (S.D.N.Y.) | **Successful**: court decertified class and refused to approve settlement. |
| *Lonardo v. Travelers Indemnity Co.*, No. 06-cv-00962 (N.D. Ohio) | **Partially successful**: parties modified settlement to shift $2M from fee request to class. CCAF awarded attorneys' fees. |
| *Draucker Dev. & True Commc'ns Inc. v. Yahoo! Inc.*, No. 06-cv-02737 (C.D. Cal.) | Unsuccessful. |
| *Bronster v. AOL, LLC*, No. 09-cv-03568 (C.D. Cal.) | District court approved; appeal pending in Ninth Circuit. |
| *In re Apple Inc. Sec. Litig.*, No. 06-cv-05208 (N.D. Cal.) | **Successful**: parties modified settlement to provide additional $2.5M to class. CCAF awarded attorneys' fees. |
| *In re Bluetooth Headset Prods. Liab. Litig.*, No. 07-md-01822 (C.D. Cal.) | **Successful**: Ninth Circuit vacated settlement approval on appeal. |
| *In re TD Ameritrade Accountholder Litig.*, No. 07-cv-02852 (N.D. Cal.) | **Successful**: court upheld objections. |
| *Robert F. Booth Trust v. Crowley*, No. 09-cv-05314 (N.D. Ill.) | Pending in N.D. Illinois. |
| *True v. Am. Honda Motor Co.*, No. 07-cv-00287 (C.D. Cal.) | **Successful**: court upheld objections. |
| *In re Classmates.com Consol. Litig.*, No. 09-cv-00045 (W.D. Wash.) | **Successful**: court upheld objections. |

Plaintiffs separately list *Dewey v. Volkswagen of Am.*, which is pending on appeal in the Third Circuit, No. 10-3618, where we fully expect to prevail on the question of settlement fairness after successfully objecting to the $22.5 million fee request at the district court level. Plaintiffs omit several other successful CCAF objections, including, *inter alia*, *Sobel v. Hertz Corp.*, No. 06-CV-0545-LRH-RAM (D. Nev.) (rejecting settlement); *Weeks v. Kellogg Co.*, No. 09-CV-08102 (MMM) (RZx) (C.D. Cal.) (reducing common-fund attorney fees and restructuring *cy pres*); and *Stetson v. West Publishing*

*Corp.*, CV-08-00810-R (C.D. Cal.) (rejecting settlement). I fail to see why plaintiffs think citing this list of cases is remotely damning.

  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

  Executed on October 18, 2011, in Arlington, Virginia.

            <u>/s/ *Theodore H. Frank*</u>
            Theodore H. Frank