UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

| | |
|---|---|
| CARL BLESSING, et al., on Behalf of Themselves and All Others Similarly Situated<br><br>Plaintiffs,<br><br>-against-<br><br>SIRIUS XM RADIO INC.<br><br>Defendant. | Civil Action<br><br>09 CV 10035 (HB)<br><br>ECF CASE<br><br>**DECLARATION OF ROBERT K. ERLANGER IN OPPOSITION TO MOTION TO POST APPEAL BOND** |

----------------------------------------------------------------x

ROBERT K. ERLANGER does hereby declare pursuant to 28 U.S.C. §1746:

1. I am admitted to practice law before this Court and represent, as local counsel, class members/objectors Jason Hawkins, Sheila Massie, and John Sullivan ("the Objectors"). This Declaration is submitted in support of their opposition to Class Counsels' attempt to throttle their right to appeal from this Court's final Orders and Judgments entered August 25, 2011, approving the class settlement and attorneys' fees, by compelling them to post prohibitive appeal bonds.

2. The Objectors timely filed their Notice of Appeal on September 21, 2011.

3. Professional class counsel make two arguments as to why all objectors should be compelled to post appeal bonds. First, they claim that any appeal would be frivolous, and second, that many of objectors-appellants' attorneys are so-called "professional objectors."

**Objectors Have a Right not to be Intimidated**
**From Appealing this Court's Orders**

4. Many Sirius XM subscribers are outraged at getting a raw deal, some of whom are represented by "professional objectors" and others who are not. Their claims that the settlement is unfair and awarded attorneys' fees are excessive should not be lost in the fog of class

1

counsel's arguments in favor of imposing appeal bonds.

     5. Class counsel apparently believes that this Court's rationale for approving the proposed class settlement and attorneys' fees/costs application, as well as denying the objections, somehow renders it immune from an abuse of discretion review. Where is the authority for this? Is it now the rule that there is a direct relationship between the forcefulness of a District Court's Judge's opinion and the frivolousness of an appeal from that decision? The Objectors have a right under the Federal Rules to test this Court's judgment before the Second Circuit and that right must not be cut off by this Court by requiring them to post prohibitive appeal bonds.

     6. Objections are an integral and necessary part of the vetting of a proposed class settlement and application for attorneys' fees. FRCP 23(e)(5) permits any class member to object to a proposed class action settlement that requires court approval. And FRCP 23(h)(2) permits any class member to object to a motion for attorneys' fees.

     7. Objectors also have an absolute right to appeal this Court's review of their objections without being intimidated from doing so. Even though the Second Circuit's review of this Court's determinations is on an abuse of discretion standard, its affirmance is not automatic: "In these times of heightened visibility of class actions rulings, appellate review of settlements is not pro forma even when the court affirms the district court's findings and conclusions." M*anaging Class Action Litigation: A Pocket Guide for Judges,* section H.3. at 33, Barbara J., & Willging, Thomas E., (3d ed., Federal Judicial Center 2010) (with reference to FRCP 23).

     8. Notwithstanding class counsel's belief that its now approved settlement with Sirius XM is an immutable biblical tablet handed down from up high, and therefore any challenge to it is frivolous, it is flawed (as is its demand for attorneys' fee and costs). These flaws were

brought to this Court's attention in papers and at the Fairness Hearing. The Court, in its discretion, addressed some of the objections and declined to take the parties to task. But this Court's determinations, whatever the underlying rationales, did not cut off the Objectors' absolute right to appeal.

**Class Counsels' Professional Objector Argument is a Red Herring**

9. As surely as there are professional objector counsel, professional class counsel will argue that their objections are frivolous and they should be compelled to post bonds on appeal. But I am not a professional objector and my clients and other objectors should not be punished by professional class counsels' attempts to paint all objectors black by implying an association with professional objector counsel.

10. Because professional class counsel could not label me a "professional objector," they deliberately inserted my name between two alleged professional objectors, with the claim that "large portions" of the Objectors' objections were "apparently copied" from objections I had filed on behalf of my clients in the UnitedHealthCare class action, the first and only other class action in which I had represented objectors in 25 years of law practice.[1]  Mem. at 11. It is truly beyond belief that professional class counsel directed an associate to waste his or her time on this silly and meaningless "analysis"; such endeavor begs the question why they felt the need to do so. (Is professional class counsel going to rack up another $600 of attorneys' fees for this endeavor?).

---

[1] I also note parenthetically that I am rated AV Preeminent by my colleagues in Litigation and a Fellow of the Litigation Counsel of American. I have been selected as a SuperLawyer, New York Metro, for plaintiff's personal injury litigation for the past three years. I have also been an active member of the SDNY volunteer mediation panel since 1998.

11. Professional class counsel alleges that professional objectors' counsel seek fees for doing nothing. Ironically, here and in just about every other class action that I have heard about, professional class counsel receive millions of dollars in fees while each class member receives almost nothing of note. (At the Fairness Hearing, the point was made that each class member could negotiate a better deal with Sirius XM on his or her own).

12. Professional class counsel's professional objector arguments must certainly be rejected as to my clients, but also as to the other objectors who are entitled to appeal this Court's decisions based on valid and substantial objections.

13. To avoid repetitive argument and papers, the Objectors concur with, join and adopt pages 1-7 of the Memorandum of Law filed on behalf of unnamed objector Randy J. Lyons in opposition to professional class counsel's present application.

14. The Objectors' arguments as to why the approved settlement is unfair and awarded attorneys' fees excessive are a matter of record and also will not be repeated here.

15. Professional class Counsel's attempt to impose appeal bonds on Jason Hawkins, Sheila Massie, and John Sullivan and the other objectors must be denied as improper and punitive.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 19, 2011.

                                             /s/ Robert K. Erlanger
                                             Robert K. Erlanger (RE-0886)