**UNITED STATES DISTRICT COURT**   RECEIVED
**SOUTHERN DISTRICT OF NEW YORK** DOCKET UNIT

|  |  |
|---|---|
|  | x |

2011 OCT 20  A 11: 09

CARL BLESSING, et al., on Behalf of      :    No. 09-CV-10035 (HB)(RLE)
Themselves and All Others Similarly    :
Situated,                           :

            Plaintiffs,   :

                             :

      -against-              :

                             :

SIRIUS XM RADIO INC.,          :

                             x

## OPPOSITION OF JOHN IRELAND TO MOTION TO REQUIRE APPELLANTS TO POST AN APPEAL BOND

### I.      INTRODUCTION

Class Member and Appellant JOHN IRELAND opposes the requests in Docket

entry 184, and its exhibits (jointly, "the Motion") that ask the Court to impose an

excessively large appeal bond. The Court should deny the Motion for the following

reasons:

1.      Plaintiffs failed to meet their burden of proving their anticipated appeal

costs.

2.      Under the Second Circuit's rule regarding costs, the most Plaintiffs could

collect from Appellants is at most $500, and thus that is the maximum permitted bond

amount for *all* appellants combined.

3.      Plaintiffs' arguments that the objections are frivolous are irrelevant and

erroneous.  Regardless of the merits of the appeal, the maximum permitted bond is

governed under Fed. R. App. Proc. 7 and 39 and must bear a rational relationship to the

anticipated costs.

1

4. Plaintiffs' arguments that costs for "delay" and "attorneys' fees" are includable in this bond are not supported by Second Circuit precedent.

Accordingly, this Appellant requests that the Court deny this Motion.

## II.   ANALYSIS

### A.   The Court should deny the motion in its entirety.

As an initial matter, the Court should deny the Motion because it fails to provide any evidence of the anticipated costs. Courts routinely deny Rule 7 bond motions when the movant fails to meet its burden of proof as to the anticipated costs. *See Lundy v. Union Carbide Corp.*, 598 F.Supp. 451, 452 (D. Or. 1984). [Denying Rule 7 bond motion because Movant did not justify the amount of its request or provide any reasonable estimate of the actual costs it may incur on appeal); *Chiaverini, Inc. v. Frenchie's Fine Jewelry, Coins & Stamps, Inc.*, 2008 WL 2415340, *2 (E.D. Mich. 2008); *see also, Pan American Grain Mfg. Co. v. Puerto Rico Ports Authority*, 193 F.R.D. 26, 43 (D. Puerto Rico 2000)(denying request for $75,000 bond because the amount did not correlate with the costs recoverable under Rule 39 and the movant failed to justify the amount of the request.). However, instead of providing support for its request, Plaintiffs simply picked a overlarge, round number out of the air - $200,000.00 – that bears no reasonable relationship to the costs that may actually be incurred on this appeal.

This request is unsupported by either law or fact and is designed to deter this appellant (and others) from pursuing their appeal. The Federal Rules of Appellate Procedure define the items that may be recovered as costs. Fed. R. App. Proc. 39(e) states, inter alia, "[t]he following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule: (1) the preparation and transmission

2

of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedes bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal.  Plaintiffs have provided no rational basis for its request for $200,000.  A review of the recoverable costs, below, will show that Plaintiffs are only entitled to less than $1,000, if anything.

### 1.    **Recoverable Costs.**

#### *The Preparation And Transmission of the Record*

The preparation and transmission of the record is one of the several costs that are recoverable by a prevailing party upon appeal.  The record below, as it pertains to this appeal, will likely only involve the following documents:  a copy of the docket, excerpts of: the motion for preliminary settlement, motion for final settlement, motion for fees and costs, Appellant's objection, transcript from the final fairness hearing, and Appellant's notice of appeal.  This excerpt will likely not exceed 100 pages and will be prepared by this Appellant.

#### *The Reporter's Transcript*

The reporter's transcript has been ordered at a cost of $ 48.60.  (See Exhibit "A", a true and correct copy of the receipt.)

#### *Premiums Paid for Superseadeas Bond*

None.

#### *Fee for Filing Notice of Appeal*

The filing fee was paid by Appellant at a cost to him of $455.  Because Plaintiffs did not pay this fee, it is therefore not recoverable by them in the instance they are entitled to a recovery of their costs.

3

Thus, in sum total, assuming Plaintiffs order a transcript, the allowable, recoverable costs total $48.60, as Appellant will be responsible for incurring and paying for the remaining costs.

### 2.  Attorneys' Fees Are Not Includable As Costs In This Matter.

Plaintiffs' Motion requests an order "requiring Appellants to post, within five business days, an appeal bond for at least $200,000 to cover Plaintiffs-Appellees' costs and attorneys' fees on the appeal[.]"  (Motion at 12-13.)  However, this Circuit and the federal rules have made it clear that costs recoverable in this matter are limited in scope and, particularly here, will not exceed $ 500.00, let alone reach $200,000.00.

The Second Circuit's local rules provide that "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary <u>to ensure</u> <u>payment of costs on appeal</u>."  U.S. Ct. of App. 2d. Cir. Rule 7. (emphasis added)  Costs taxable in the court of appeals are limited to the expense of reproduction of the briefs and designated record and the ordering of the transcript.  Fed. R. App. Prac. 39.  Thus, Plaintiff may not recover for any delivery costs, travel costs, computer research, attorneys' fees or any other costs, which are not specifically delineated within the Rules. *Id.*; *see also*, *In re Initial Public Offering Securities Litigation*, 721 F.Supp.2d 210, 216 (S.D.N.Y.,2010) (attorneys' fees not permitted under a Rule 7 bond where there was no fee-shifting statute authorizing attorneys' fees and costs of delay were not awardable under any statute either); *Wyandotte Sav. Bank v. N.L.R.B.*, 682 F.2d 119, 120 (6th Cir. 1982)(attorney's fees and travel costs not recoverable); *Seyler v. Seyler*, 678 F.2d 29, 31 (5th Cir. 1982)(attorneys' fees not recoverable).

4

Contrary to precedent within the Second Circuit and nationwide, Plaintiffs provided a misleading argument that this Circuit's case law permits inclusion of attorneys' fees in a Rule 7 appellate cost bond. However, the cases to which they cite, specifically *Adsani v. Miller*, 139 F.3d 67 (2nd Cir. 1998), are inapplicable here. Contrary to this case, *Adsani* involved a case of copyright infringement. The underling statute at issue in the district court case permitted attorneys' fees awardable to the prevailing party. 17 U.S.C. §505. Accordingly, on appeal, when the Second Circuit was confronted with whether the cost bond imposed by the district court below was excessive given its inclusion of attorneys' fees after the defendant appealed, it opined that it was only permissible to include attorneys' fees as costs in an appeal bond when the case below turned on a statute which permitted an award of attorneys' fees. In other words, where a fee shifting statute permits the recovery of attorneys' fees as costs in the court below, like in *Adsani*, then the cost bond may also include contemplated attorneys' fees incurred at the appellate level.

In this matter, there is no such attorneys' fee award provision that would permit attorneys' fees to be included as costs. There is no fee shifting statute that would allow the precedent cited by Plaintiffs to apply here. Contrarily, the costs likely to be incurred, which will be discussed in greater detail below, are unlikely to exceed $ 250.

**B.      The Legal Authority to Impose an Appeal Bond.**

The federal rules provide that a district court "may require an appellant to file a bond or provide other security in such form and amount as it finds necessary to ensure payment of costs on appeal in a civil case." Fed. R. App. P. 7. The use of the word 'may' in this statute indicates imposition of an appeal bond is permissive, rather than

mandatory. In deciding whether to impose a bond, Courts regularly review the following factors: "(1) the appellant's financial ability to post a bond, (2) the risk that the appellant would not pay appellee's costs if the appeal loses, (3) the merits of the appeal, and (4) whether the appellant has shown any bad faith or vexatious conduct.' *Baker v. Urban Outfitters, Inc.* 431 F.Supp.2d 351 (S.D.N.Y.,2006.); *Adsani,* 139 F.3d at 79. The policy underlying Rule 7 is "to protect the rights of appellees brought into appeals court by ... appellants" who "pose [ ] a payment risk because [they have] no assets in the United States." *Adsani,* 139 F.3d at 75.

i.     *Appellant's Financial Ability to Post a Bond.*

The financial ability of the appellant is the first factor the Court may use to determine whether to impose an appeal bond. Generally speaking, an appellant's ability to pay an appeal bond weighs in favor of imposing one. This Appellant can pay a small cost bond; one that reasonably reflects the actual value of the costs likely to be incurred and taxable. However, in his wildest dreams, Appellant does not have the means to post a cost bond for $200,000. Not only is that a bloated overvaluation of the potential costs incurred, its value relies on the Court awarding attorneys' fees on appeal, for which there is no legal basis to support such an award. Accordingly, this factor weighs against imposing the requested appeal bond.

ii.     *The Risk that Appellant Will Not Pay Costs.*

Appellant has already expended over $500 between filing his notice of appeal, ordering the transcript, and other related costs. Appellant has demonstrated his ability and willingness to pay a small sum in connection with this appeal by already expending out-of-pocket monies to perfect his appeal. Appellant asserts here, and confirms that, in

6

the instance he does not prevail on appeal, he can and will pay any taxable costs to

Appellee.

         *iii.*      <u>*The Merits of the Appeal.*</u>

        Appellant vehemently contends that his underlying objection and resultant appeal

are meritorious and based on a thorough, studied review of the case and settlement below.

Appellant's objections were based largely on an inquiry regarding whether the attorneys'

fee award was fair, reasonable and adequate and based upon sufficient information in the

record. In class counsels' motion for fees, they failed to provide substantive information

regarding the underlying basis for their award. Additionally, Appellant contended that

this coupon settlement necessarily required heightened scrutiny by the District Court

regarding its fairness and adequacy, pursuant to the Class Action Fairness Act. Appellant

also took issue with the one-sided inclusion of Plaintiffs' experts' opinions on the

fairness of class counsels' request for fees. Appellant further objected that certain

deserving subsets of the class were being specifically excluded from any reward under

the settlement. Finally, and importantly, Appellant expressed concern regarding class

counsels' attorneys' fees given the nebulous value of the reward for the class. These are

all meritorious and well-thought objections, brought in good faith. To argue otherwise is

merely an attempt to make the objectors look bad before this Court. Thus, this factor

weighs against imposition of an appeal bond.

         *iv.*      <u>*Appellant Has Not Shown Any Bad-Faith*</u>

        As stated infra, this Appellant brings this appeal in good faith, in an effort to

make his objections known and maintain the fairness and adequacy of this class action

settlement.  Appellant has not demonstrated any bad-faith conduct to date and,
accordingly, this factor weighs against imposition of an appeal bond.

### C.    Importance of objectors.

Plaintiffs not only seek to prevent the right of class members to appeal the
approval of a class settlement by imposing a prohibitively expensive bond, they seek to
deprive the class of the benefit of objections. Both objectors and their counsel play an
important role in the class action process, and numerous courts have acknowledged this
benefit. *General Motors Corp. v. Bloyed*, 916 S.W.2d 949, 953 -954 (Tex. 1996)(quoting
Richard A. Posner, AN ECONOMIC ANALYSIS OF LAW 570 (4th ed. 1992)).

Objectors, therefore play a critical role:  While the parties to a class action start
out in an adversarial posture, once they reach the settlement stage, incentives have shifted
and there is the danger of collusion. Class counsel, for instance, might settle claims for
significantly less than they are worth, not because they think it is in the class's best
interest, but instead because they are satisfied with the fees they will take away.
Objectors counteract any inherently objectionable tendencies by reintroducing an
adversarial relationship into the settlement process and thereby improving the chances
that a claim will be settled for its fair value. Objectors have the potential to play this
important role even in the numerous valid class actions where each plaintiff is seeking to
be compensated only by a few dollars.

*Vollmer v. Selden*, 350 F.3d 656, 660 (7th Cir. 2003)(citations omitted).

### III.    CONCLUSION

Plaintiffs seek to deprive this Appellant of his statutorily protected right to object
and, now, appeal the settlement of a class action in which he is a member by imposition

8

of an excessive appellate bond.  The bond is not justified under the law, the facts, or

public policy. Thus, the Court should deny the Motion in its entirety.

      Wherefore, Appellant prays that the Court DENY the Motion and grant him such

other and further relief as to which he may be entitled.

                             Respectfully submitted,

Dated: October 18, 2011            By:  _____

                               John Ireland
                               603 N. Highwy 101, Suite A
                               Solana Beach, CA 92075
                               Phone: 858-792-5600
                               Fax: 858-792-5655

**Blessing v. Sirius XM Radio, Inc.**
**Case No. 1:09-cv-10035-HB**

1

2

3        **DECLARATION OF SERVICE**
         **STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

4

5        I, Maria V. Carapia, declare that I am over the age of eighteen (18) and I am not a party
         to this action.  On October 19, 2011, I caused to be served the following:

6

7        **OPPOSITION OF JOHN IRELAND TO MOTION TO REQUIRE APPELLANTS TO**
         **POST AN APPEAL BOND**

8        on the interested parties:

9

10                    **SEE ATTACHED SERVICE LIST**

11       by placing a copy in an envelope, prepaid postage U.S. Post Office, to the addressees
         named on the attached Service List on the above indicated day.

12

13       I declare under penalty of perjury under the laws of the State of California that the
         foregoing is true and correct.  Executed on October 19, 2011, at Solana Beach, California.

14

15

16

17                              Maria V. Carapia

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST FOR CASE #: 1:09-cv-10035-HB -RLE**
**Blessing v. Sirius XM Radio Inc.**

**Plaintiff**

| | | |
|---|---|---|
| **Carl Blessing** *on behalf of himself and all others similarly situated* | represented by | **James Joseph Sabella** **Jay W. Eisenhofer** **Shelly L Friedland** Grant & Eisenhofer P.A. (NY) 485 Lexington Avenue, 29th Floor New York, NY 10017 Phone: (646) 722-8500 / Fax: (646) 722-8501 Email: jsabella@gelaw.com Email: jeisenhofer@gelaw.com Email: sfriedland@gelaw.com |

**Mary Sikra Thomas**
Grant & Eisenhofer P.A.
1201 N. Market Street
Wilmington, DE 19801
Phone: (302)-622-7148 / Fax: (302)-622-7100
Email: mthomas@gelaw.com

**Peter George Safirstein**
Milberg LLP (NYC)
One Pennsylvania Plaza
New York, NY 10119
Phone: (212) 271-8205 / Fax: (212) 868-1229
Email: psafirstein@milberg.com

**Christopher B. Hall**
**Edward S Cook**
Cook, Hall & Lampros, LLP
1230 Peachtree Street, N.E
Promenade Two, Suite 3700
Atlanta, GA 30309
Phone: (404)-876-8100 / Fax: 404 876-3477
Email: chall@cookhall.com
Email: ecook@cookhall.com

**Reuben Guttman**
1920 L Street, NW, Suite 400
Washington, DC 20036
Phone: 202-386-9500

**Thomas J. O'Reardon, II**
**Timothy Gordon Blood**
Blood Hurst & O'reardon, LLP
600 B Street, Suite 1550
San Diego, CA 92101
Phone: (619) 338-1100 / Fax: (619) 338-1101
Email: toreardon@bholaw.com
Email: tblood@bholaw.com

**Plaintiff**

Edward A.
Scerbo
*on behalf of*
*themselves and all*
*others similarly*
*situated*

represented
by

**James Stuart Notis**
Gardy & Notis, LLP
560 Sylvan Avenue
Englewood Cliffs, NJ 07632
Phone: (201) 567-7377 / Fax: (201) 567-7337
Email: jnotis@gardylaw.com

**Mark Casser Gardy**
Gardy & Notis, LLP
440 Sylvan Avenue, Suite 110
Englewood Cliffs, NJ 07632
Phone: (201)567-7377 / Fax: (201)567-7337
Email: mgardy@gardylaw.com

**Nadeem Faruqi**
**Shane Thomas Rowley**
Faruqi & Faruqi, LLP
369 Lexington Avenue, 10th Floor
New York, NY 10017
Phone: (212) 983-9330 / Fax: (212) 983-9331
Email: nfaruqi@faruqilaw.com
Email: srowley@faruqilaw.com

**James Joseph Sabella** (See above for address)
**Jay W. Eisenhofer** (See above for address)
**Peter George Safirstein** (See above for address)
**Thomas J. O'Reardon II** (See above for address)
**Timothy Gordon Blood** (See above for address)

**Plaintiff**

John Cronin
*on behalf of*
*themselves and all*
*others similarly*
*situated*

represented
by

**Christine Craig**
Shaheen & Gordon
140 Washington Street
Dover, NH 03821
Phone: 603-749-5000 / Fax: 603-749-1838

**Jill Sharyn Abrams**
**Natalie Sharon Marcus**
Abbey Spanier Rodd Abrams & Paradis, LLP
212 East 39th Street
New York, NY 10016
Phone: (212) 889-3700 / Fax: (212) 684-5191
Email: jabrams@abbeyspanier.com
Email: nmarcus@abbeyspanier.com

**James Joseph Sabella** (See above for address)
**Jay W. Eisenhofer** (See above for address)
**Peter George Safirstein** (See above for address)
**Thomas J. O'Reardon II** (See above for address)
**Timothy Gordon Blood** (See above for address)

**Plaintiff**

**Curtis Jones**
*on behalf of*
*themselves and all*
*others similarly*
*situated*

represented
by

**Reuben Guttman**
1920 L Street, NW, Suite 400
Washington, DC 20036
Phone: 202-783-6091

**Christopher B. Hall** (See above for address)
**Edward S Cook** (See above for address)
**James Joseph Sabella** (See above for address)
**Jay W. Eisenhofer** (See above for address)
**Peter George Safirstein** (See above for address)
**Shelly L Friedland** (See above for address)
**Mary Sikra Thomas** (See above for address)
**Thomas J. O'Reardon II** (See above for address)
**Timothy Gordon Blood** (See above for address)

**Plaintiff**

**Todd Hill**
**Joshua Nathan**
**Susie Stanaj**
**Scott Byrd**
**Glenn Demott**
**James Hewitt**
**Ronald William**
**Kader**
**Edward Leyba**
**Greg Lucas**
**Kevin Stanfield**
**Paola Tomassini**
**Janel Stanfield**

represented
by

**James Joseph Sabella** (See above for address)
**Jay W. Eisenhofer** (See above for address)
**Peter George Safirstein** (See above for address)
**Thomas J. O'Reardon II** (See above for address)
**Timothy Gordon Blood** (See above for address)

**Plaintiff**

**James Sacchetta**
**David Salyer**
**Paul**
**Stasiukevicius**

represented
by

**Christopher B. Hall** (See above for address)
**Edward S Cook** (See above for address)
**James Joseph Sabella** (See above for address)
**Jay W. Eisenhofer** (See above for address)
**Peter George Safirstein** (See above for address)
**Reuben Guttman** (See above for address)
**Shelly L Friedland** (See above for address)
**Mary Sikra Thomas** (See above for address)
**Thomas J. O'Reardon II** (See above for address)
**Timothy Gordon Blood** (See above for address)

**Plaintiff**

**Thomas Himinez**

represented
by

**Thomas Himinez**
PRO SE

**Consolidated
Plaintiff**

**Brian Balaguera**
*Individually and
on behalf all
others similarly
situated*

represented
by

**Christopher M. Burke**
Scott + Scott, LLP (CA)
600 B Street, Suite 1500
San Diego, CA 92101
Phone: (619) 233-4565 / Fax: (619) 233-0508
Email: cburke@scott-scott.com

**Hal D. Cunningham**
Scott+Scott LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Phone: (619) 233-4565 / Fax: (619) 233-0508
Email: hcunningham@scott-scott.com

**Joseph Peter Guglielmo**
Scott + Scott, L.L.P.( NYC)
500 Fifth Avenue, 40th Floor
New York, NY 10110
Phone: (212) 223-6444 / Fax: (212) 223-6444
Email: jguglielmo@scott-scott.com

**William C. Wright**
Leopold-Kuvin, P.A.
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Phone: 561-935-4801

**James Joseph Sabella** (See above for address)
**Jay W. Eisenhofer** (See above for address)
**Peter George Safirstein** (See above for address)
**Thomas J. O'Reardon II** (See above for address)
**Timothy Gordon Blood** (See above for address)

**Defendant**

**Sirius XM Radio
Inc.**

represented
by

**Todd R. Geremia**
Jones Day (NYC)
222 East 41st Street
New York, NY 10017
Phone: 212-326-3429 / Fax: 212-755-7306
Email: trgeremia@jonesday.com

**John Michael Majoras**
Jones Day (DC)
51 Louisiana Avenue, NW
Washington, DC 20001
Phone: (202)-879-3939 / Fax: (202)-626-1700
Email: jmmajoras@jonesday.com

**Brian Keith Grube**
**Thomas Demitrack**
Jones Day (Cleveland )
901 Lakeside Avenue
Cleveland, OH 44114
Phone: (216) 586-7096 / Fax: (216) 579-0212
Email: bkgrube@jonesday.com
Email: tdemitrack@jonesday.com

<u>**Objector**</u>

**Marvin Union**          represented  **Edward Frank Siegel**
**Adam Falkner**                   by  27600 Chagrin Blvd. #340
                                       Cleveland, OH 44124
                                       Phone: (216) 831-3424 / Fax: (216) 831-6584
                                       Email: efsiegel@efs-law.com

<u>**Objector**</u>

**Nicolas Martin**        represented  **David Stein**
                                   by  Samuel & Stein
                                       38 West 32nd Street, Suite 1210
                                       New York, NY 10001
                                       Phone: (212) 563-9884 / Fax: (212) 563-9870
                                       Email: dstein@samuelandstein.com

                                       **Theodore H Frank**
                                       Center for Class Action Fairness
                                       1718 M Street NW, NO 236
                                       Washington, DC 20036
                                       Phone: (703) 203-3848

<u>**Objector**</u>

**Lange M.**              represented  **John J Pentz**
**Thomas**                         by  2 Clock Tower Place
                                       Maynard, MA 017454
                                       Phone: (978) 461-1548 / Fax: (978) 405-5161

<u>**Objector**</u>

**John Sullivan**         represented  **Robert Keith Erlanger**
**Sheila Massie**                  by  Erlanger Law Firm, PLLC
**Jason M.**                           122 East 42nd Street, Suite 519
**Hawkins**                            New York, NY 10168
                                       Phone: (212) 686-8045 / Fax: (212) 986-1379
                                       Email: rke@erlangerlaw.com

<u>**Interested Party**</u>

**Dave Denny**            represented  **Rachel Eve Schwartz**
                                   by  Rachel E. Schwartz, Esq.,
                                       267 Edgecome Avenue, Suite 2H
                                       New York, NY 10031
                                       Phone: (646)-415-4977
                                       Email: racheleschwartz@juno.com

**Objector**

**Ms. Linda
Mrosko
Crutchfield
Stephen
Krueger D Scott
Asset Strategies,
Inc.
Zuravin B
Charles
Deachin Jennifer
Jill Piazza
Ken Ward
Ruth Cannata
Lee Clanton
Craig Cantrall
Ben Frampton**