UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARL BLESSING, et al., on Behalf of Themselves and All Others Similarly Situated,<br><br>                              Plaintiffs,<br><br>     -against-<br><br>SIRIUS XM RADIO INC.,<br><br>                              Defendant. | No. 09-cv-10035 (HB)(RLE) |

### PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO REQUIRE APPELLANTS TO POST AN APPEAL BOND

**GRANT & EISENHOFER P.A**.
485 Lexington Avenue
New York, NY  10017
Tel.:  646-722-8500
Fax:  646-722-8501

**MILBERG LLP**
One Penn Plaza
New York, NY  10119
Tel.:  212-594-5300
Fax:  212-868-1229

**COOK, HALL & LAMPROS, LLP**
Promenade Two, Suite 3700
1230 Peachtree Street, N.E.
Atlanta, GA  30309
Tel.:  404-876-8100
Fax:  404-876-3477

*Class Counsel*

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

I.   THIS COURT HAS THE DISCRETION TO ORDER A RULE 7
     APPEAL BOND COVERING COSTS AND ATTORNEYS' FEES .................................1

     A.   A Rule 7 Bond Can Include a Potential Award of Attorneys'
          Fees Under Rule 38 .................................................................................................1

     B.   Rule 7 Empowers This Court to Address Whether the Appeal Is Frivolous ...........3

     C.   A Rule 7 Bond May Be Required Notwithstanding Its Impact on
          the Exercise of the Right to Appeal .........................................................................3

     D.   The Bond Should Be Substantial Even If It Were Limited to Costs
          Under Rule 39 ..........................................................................................................4

II.  THE APPROPRIATENESS OF A BOND IS REINFORCED
     BY THE FRIVOLOUSNESS OF THE APPEAL ...............................................................4

     A.   The Appeal Will Be Subject to the Deferential Abuse of Discretion Standard .......4

     B.   The Appeal Is Frivolous ...........................................................................................5

     C.   Martin's Counsel, Theodore Frank, Is a Professional Objector ..............................6

# TABLE OF AUTHORITIES

Cases | Page

*Adsani v. Miller*,
139 F.3d 67 (2d Cir. 1998)....................3

*Azizian v. Federated Dep't Stores, Inc.*,
499 F.3d 950 (9th Cir. 2007) ....................1

*In re Bluetooth Headset Prods. Liab. Litig.*,
No. 09-56683, 2011 U.S. App. LEXIS 17224 (9th Cir. Aug. 19, 2011) ....................5

*In re Compact Disc Minimum Advertised Price Antitrust Litig.*,
MDL No. 1361, 2003 WL 22417252 (D. Me. Oct. 7, 2003)....................2

*Crescent Publ'g Group, Inc. v. Playboy Enters., Inc.*,
246 F.3d 142 (2d Cir. 2001).................... 4-5

*In re Currency Conversion Fee Antitrust Litig.*,
MDL No. 1409, 2010 U.S. Dist. LEXIS 27605 (S.D.N.Y. Mar. 5, 2010) ....................4

*Dewey v. Volkswagen of Am.*,
728 F. Supp. 2d 546 (D.N.J. 2010) ....................6

*In re Diet Drugs Prods. Liab. Litig.*,
MDL No. 1203, 2000 WL 1665134 (E.D. Pa. Nov. 6, 2000)....................3

*In re NASDAQ Market-Makers Antitrust Litig.*,
187 F.R.D. 124 (S.D.N.Y. 1999) ....................2

*Tri-Star Pictures, Inc. v. Unger*,
32 F. Supp. 2d 144 (S.D.N.Y. 1999), *aff'd*, 198 F.3d 235 (2d Cir. 1999) ....................3

*World Trade Ctr. Props. LLC v. Certain Underwriters at Lloyd's of London*,
No. 10-2970-cv, 2011 U.S. App. LEXIS 7310 (2d Cir. Apr. 8, 2011)....................4

Statutes and Rules

Fed. R. App. P. 7....................1, 2, 3

Fed. R. App. P. 38....................1, 2

Fed. R. App. P. 39....................4

Fed. R. App. P. 39(c) ....................4

Plaintiffs respectfully submit this reply memorandum of law in support of their motion pursuant to Rule 7 of the Federal Rules of Appellate Procedure for an order requiring Appellants to post a bond to cover the potential costs and attorneys' fees of Plaintiffs-Appellees which could result from Appellants' frivolous appeal.

Opposing memoranda or declarations have been submitted by or on behalf of the following Objectors-Appellants: (1) Randy Lyons; (2) Nicolas Martin; (3) Steven Crutchfield *et al.*, (4) John Ireland, (5) Jason Hawkins, *et al.*, (6) Marvin Union *et al.*, (7) Tom Carder, and (8) Jeannine Miller.[1] None overcome the showing in Plaintiffs' moving brief that a substantial bond under Fed. R. App. P. 7 should be required.

## I.    THIS COURT HAS THE DISCRETION TO ORDER A RULE 7 APPEAL BOND COVERING COSTS AND ATTORNEYS' FEES

### A.    A Rule 7 Bond Can Include a Potential Award of Attorneys' Fees Under Rule 38

Relying principally on cases from other circuits, such as *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007), the appellants argue that an appeal bond in an antitrust case cannot include attorneys' fees, because Section 4 of the Clayton Act provides a basis only for requiring antitrust ***defendants*** to pay the attorneys' fees of successful antitrust plaintiffs. But Plaintiffs will not rely on the Clayton Act as the basis for seeking reimbursement of their attorneys' fees on appeal. And, as appellants concede, fees on appeal can be awarded under Fed. R. App. P. 38 if the appeal is frivolous, regardless of any provision in the underlying statute in the case regarding attorneys' fee awards. *See, e.g.,* Lyons Br. at 6. If an appellee has a reasonable prospect of recovery an award of attorneys' fees in the Court of Appeals, the appellee's need for security for such an award does not change whether the award is based on a

---

[1] The Union, Carder and Miller briefs merely join in the briefs filed by Lyons and Martin.

fee-shifting statute or on Fed. R. App. P. 38.  In either event, in a case such as this with numerous individual appellants scattered around the country, appellees will face a serious risk of non-collection in the absence of a bond.[2]  None of the appellants' briefs explain why a fee award under a fee-shifting statute should be treated differently from a fee award under Rule 38 insofar as the imposition of a bond for the appeal is concerned.

On all fours with the instant case is *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 124 (S.D.N.Y. 1999), where Judge Sweet rejected the argument that appellants make here.  *NASDAQ* was an antitrust case where an appeal was taken by a class member who had objected to the settlement and award of fees to class counsel.  Judge Sweet ordered that the objector "will post a bond to include: (1) costs on appeal; (2) attorney's fees on appeal; and (3) damages resulting from the delay and/or disruption of settlement administration caused by his appeal." *Id*. at 128.  Plaintiffs cited *NASDAQ* in their moving brief (Pl. Br. at 7 n.5), and thus, the statement in Martin's brief that plaintiffs do not cite any case in this Circuit "permitting a Fed. R. App. P. 7 appeal bond to include anticipated Fed. R. App. 38 fees" (Martin Br. at 3) is simply untrue.

*In re Compact Disc Minimum Advertised Price Antitrust Litig.*, MDL No. 1361, 2003 WL 22417252 (D. Me. Oct. 7, 2003), was another antitrust class action involving an appeal by objectors to a settlement.  As in *NASDAQ*, the court held that a Rule 7 appeal bond can include a component to cover appellees' attorneys' fees defending a frivolous appeal.  *Compact Disc*, 2003 WL 22417252, at *1.

---

[2] It is relevant to note that Martin asserts that his counsel, the self-proclaimed Center for Class Action Fairness LLC, has only "limited resources."  Martin Br. at 10.  Assuming this is true (no evidentiary support is offered, and the assertion is questionable given that the Center is a program of the wealthy Donors Trust), it only underscores Plaintiffs' need for a bond to secure any award of attorneys' fees that Plaintiffs may receive on the appeal.  To make such relief meaningful, Plaintiffs should not have to chase nearly a dozen appellants around the country in a collection effort.

### B. Rule 7 Empowers This Court to Address Whether the Appeal Is Frivolous

Crutchfield and Lyons argue that since the power to impose sanctions under Rule 38 lies with the Court of Appeals, this Court should not consider whether the appeal is frivolous and could result in an award of attorneys' fees by the Court of Appeals. Instead, they argue, this Court must leave it to the Court of Appeals to evaluate if the appeal is frivolous. The Second Circuit, however, flatly rejected this position in *Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998), stating: "A district court, familiar with the contours of the case appealed, has the discretion to impose a bond which reflects its determination of the likely outcome of the appeal." As Judge Edelstein explained in *Tri-Star Pictures, Inc. v. Unger*, 32 F. Supp. 2d 144, 149 (S.D.N.Y. 1999), *aff'd*, 198 F.3d 235 (2d Cir. 1999), "a district court's prejudging of a case's chances on appeal is a necessary byproduct of the imposition of a bond pursuant to Rule 7."

### C. A Rule 7 Bond May Be Required Notwithstanding Its Impact on the Exercise of the Right to Appeal

Lyons complains that a substantial bond should not be imposed because it would chill his right to appeal. In this Circuit, however, that argument fails. Notwithstanding the potential deterrent effect a bond might have on the exercise of appellate rights, the Second Circuit has held that District Courts have the power to deny access to the courts if the condition of reasonable security is not met. *See Adsani*, 139 F.3d at 77 (quoting *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 552 (1949)) (government has power to "'close its courts … if the condition of reasonable security is not met'"); *accord Tri-Star Pictures,* 32 F. Supp. 2d at 148; *see also In re Diet Drugs Prods. Liab. Litig.*, MDL No. 1203, 2000 WL 1665134, at *5 (E.D. Pa. Nov. 6, 2000). In any event, as there are 11 appellants or appellant groups, obtaining the bond should not impose a particularly onerous burden on any one appellant.

3

### D. The Bond Should Be Substantial Even If It Were Limited to Costs Under Rule 39

For all of the reasons set out herein and in Plaintiffs' opening brief, the Court should impose a bond that will secure Plaintiffs in the event that they are awarded attorneys' fees on appeal. Ireland argues that, in the event the bond is limited to securing costs enumerated in Fed. R. App. P. 39 (which it should not be), "the costs likely to be incurred [by Plaintiffs] … are unlikely to exceed $250." Ireland Br. at 5. He is wrong. Costs under Rule 39 include the cost of preparing and printing the necessary copies of the brief. *See* Fed. R. App. P. 39(c). In addition to filing copies of their brief(s) with the Court, Plaintiffs will need to serve copies on counsel for Sirius XM and each of the 11 appellants or appellant groups. The printing costs will be substantial. *See In re Currency Conversion Fee Antitrust Litig.*, MDL No. 1409, 2010 U.S. Dist. LEXIS 27605 (S.D.N.Y. Mar. 5, 2010), which is one of the cases cited by appellants in which the court declined to include attorneys' fees in the amount of the bond. The court nevertheless set the bond at $50,000 because, *inter alia*, there were 9 appellants and many copies of the brief would be required.

## II. THE APPROPRIATENESS OF A BOND IS REINFORCED BY THE FRIVOLOUSNESS OF THE APPEAL

### A. The Appeal Will Be Subject to the Deferential Abuse of Discretion Standard

Plaintiffs' moving brief pointed out that the likelihood that this Court's decisions approving the Settlement and awarding attorneys' fees and expenses will be reversed is very small because, *inter alia*, the Court's decisions will be reviewed in the Court of Appeals under the abuse of discretion standard. *See* Pl. Br. at 7 (citing *World Trade Ctr. Props. LLC v. Certain Underwriters at Lloyd's of London*, No. 10-2970-cv, 2011 U.S. App. LEXIS 7310, at *9 (2d Cir. Apr. 8, 2011), and *Crescent Publ'g Group, Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 146 (2d

4

Cir. 2001)). Hawkins agrees with this proposition,[3] but Martin quarrels with it, arguing that his Form C in the Court of Appeals asserts that his appeal is raising issues that will be reviewed *de novo*. *See* Martin Br. at 1. But Martin's self-serving characterization of his appellate issues as questions of law does not make it so. As other courts have recognized, the matters that Martin is raising are reviewed for abuse of discretion.[4]

### B. The Appeal Is Frivolous

Appellants contend that their appeals are not frivolous. However, on the motion to approve the Settlement and for an award of fees and expenses, the Court considered all of the objectors' arguments on a full evidentiary record and found none of them persuasive. The Court of Appeals is unlikely to find that this Court abused its discretion in approving the Settlement and awarding attorneys' fees and expenses. At a bare minimum, there is a good possibility that Plaintiffs will be awarded their attorneys' fees on appeal. They should, therefore, be secured in the event that the Second Circuit grants such fees.

Indeed, the passage of time has only underscored how meritless the objectors' arguments are. As the Court will recall, the objectors contended that the Settlement was illusory because Sirius XM would not have raised prices even in the absence of the Settlement. This Court considered and rejected that argument in light of the evidentiary showing Plaintiffs made as to Sirius XM's intentions to implement a price increase. In the period since the Court approved the

---

[3] *See* Declaration of Robert K. Erlanger, dated Oct. 19, 2011 ¶ 7.

[4] For example, Martin argues that in *In re Bluetooth Headset Prods. Liab. Litig.*, No. 09-56683, 2011 U.S. App. LEXIS 17224 (9th Cir. Aug. 19, 2011), the Ninth Circuit viewed with disfavor a so-called "clear sailing" provision, a common provision whereby a defendant agrees not to contest an award of fees for plaintiffs' counsel up to a certain amount. *See* Martin Br. at 7-8. Contrary, however, to Martin's assertion that this raises "legal question" that is reviewed *de novo*, Martin Br. at 8, in *Bluetooth* the Ninth Circuit applied the abuse of discretion standard in reviewing the propriety of such a provision in a settlement agreement. 2011 U.S. App. LEXIS 17224, at *8. Making it clear that what is involved was discretion, not a question of law, the Ninth Circuit stated flatly: "[C]lear sailing provisions are not prohibited." *Id*. at *35.

Settlement and awarded fees, Sirius XM has now in fact announced a large price increase, to take effect as soon as the price freeze imposed by the Settlement expires.[5] By freezing Sirius XM's prices, the Settlement has delivered a concrete, substantial benefit to class members.

### C. Martin's Counsel, Theodore Frank, Is a Professional Objector

Martin argues that his counsel, Theodore Frank of the Center for Class Action Fairness, does not settle objections in exchange for a payment and that, therefore, he should not be considered a professional objector. Martin Br. at 9. Martin's characterization of what a professional objector is has not persuaded other courts, however, which have applied the "professional objector" label to Mr. Frank. *See Dewey v. Volkswagen of Am.*, 728 F. Supp. 2d 546, 574-75 & n.17 (D.N.J. 2010) (rejecting Mr. Frank's objections and including him among a group of attorneys that "have been described as 'professional objectors'"). That Mr. Frank repeatedly files objections to advance a political agenda, rather than to extract a payment, does not make a difference for purposes of this motion.

---

[5] *See* http://investor.siriusxm.com/releasedetail.cfm?ReleaseID=605526 (a copy of which is Exhibit 1 to the October 5, 2011 Declaration of James J. Sabella).

Dated:  October 26, 2011                                  Respectfully submitted,

| **GRANT & EISENHOFER P.A.** | **MILBERG LLP** |
|---|---|
| /s/ James J. Sabella | /s/ Paul F. Novak |
| Jay W. Eisenhofer | Herman Cahn |
| Richard S. Schiffrin | Peter Safirstein |
| James J. Sabella | Anne Fornecker |
| Shelly L. Friedland | One Penn Plaza |
| 485 Lexington Avenue | New York, NY  10119 |
| New York, NY  10017 | Tel.:  212-594-5300 |
| Tel.:  646-722-8500 | Fax:  212-868-1229 |
| Fax:  646-722-8501 | and |
| and | Paul F. Novak |
| Mary S. Thomas | One Kennedy Square |
| 1201 N. Market Street | 777 Woodward Avenue, Suite 890 |
| Wilmington, DE  19801 | Detroit, MI  48826 |
| Tel.: 302-622-7000 | Tel.:  313-309-1760 |
| and | and |
| Reuben Guttman | Nicole Duckett |
| 1920 L Street, N.W., Suite 400 | 300 S. Grand Avenue, 39th Floor |
| Washington, DC  20036 | Los Angeles, CA  90071 |
| Tel.:  202-386-9500 | Tel.:  213-617-1200 |

**COOK, HALL & LAMPROS, LLP**

/s/ Christopher B. Hall
Edward S. Cook
Christopher B. Hall
P. Andrew Lampros
Promenade Two, Suite 3700
1230 Peachtree Street, N.E.
Atlanta, GA 30309
Tel.:  404 876-8100
Fax:   404 876-3477

*Class Counsel*

7

**ABBEY SPANIER RODD & ABRAMS, LLP**
Jill Abrams
Natalie Marcus
212 East 39th Street
New York, NY  10016
Tel.:  212-889-3700

**SHAHEEN & GORDON, P.A.**
Christine Craig
140 Washington Street
Dover, NH  03821
Tel.:  603-749-5000

*Attorneys for Plaintiff John Cronin and Todd Hill*

**GARDY & NOTIS, LLP**
Mark C. Gardy
James S. Notis
560 Sylvan Avenue
Englewood Cliffs, NJ  07632
Tel.:  201-567-7377

**FARUQI & FARUQI, LLP**
Nadeem Faruqi
Shane T. Rowley
369 Lexington Avenue
New York, NY  10017
Tel.:  212-983-9330

*Attorneys for Plaintiff Edward A. Scerbo*

**SCOTT+SCOTT LLP**
Joseph P. Guglielmo
500 Fifth Avenue
New York, NY  10110
Tel.:  212-223-6444
        and
Christopher M. Burke
600 B Street, Suite 1500
San Diego, CA 92101
Tel.:  619-233-4565

**FREED & WEISS LLC**
Jeffrey A. Leon
Eric D. Freed
111 West Washington Street, Suite 1331
Chicago, IL  60602
Tel.:  312-220-0000

**CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN**
James E. Cecchi
Lindsey Taylor
5 Becker Farm Road
Roseland, NJ  07068
Tel.:  973-994-1700

**SEEGER WEISS LLP**
Stephen A. Weiss
James A. O'Brien, III
One William Street
New York, NY 1 0004
Tel.:  888-584-0411

**LAYTIN VERNER LLP**
Jeffrey L. Laytin
Richard B. Verner
One Pennsylvania Plaza, 48th Floor
New York, NY  10119
Tel.:  212-631-8695

*Additional Counsel for Plaintiffs*

**BLOOD HURST & O'REARDON LLP**
Timothy G. Blood
Thomas J. O'Reardon, II
600 B Street, Suite 1550
San Diego, CA  92101
Tel.:  619-338-1100

8

**THE WRIGHT LAW OFFICE, P.A.**
William C. Wright
301 Clematis Street, Suite 3000
West Palm Beach, FL  33401
Tel.:  561-514-0904

**ADEMI & O'REILLY, LLP**
Shpetim Ademi
Guri Ademi
David J. Syrios
3620 East Layton Avenue
Cudahy, WI  53110
Tel.:  866-264-3995

*Additional Counsel for Plaintiffs*

**BERGER & MONTAGUE, P.C.**
Merrill G. Davidoff
Michael Dell'Angelo
1622 Locust Street
Philadelphia, PA  19103
Tel.:  215-875-3000

*Attorneys for Plaintiff Brian Balaguera*

**LEXINGTON LAW GROUP**
Howard Hirsch
503 Divisadero Street
San Francisco, CA  94117
Tel.:  415-913-7800

*Attorneys for Plaintiff James Hewitt*

<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that on October 26, 2011 the attached **Plaintiffs Reply Memorandum of Law in Support of Motion to Require Appellants to Post an Appeal Bond** was filed electronically. Notice of this filing will be electronically mailed to all parties registered with the Court's electronic filing system. A copy of the filing will also be sent via first class mail to the following parties:

Brian David Goe
P.O. Box 7078
Laguna Niguel, CA 92677

Michael Hartleib
P.O. Box 7078
Laguna Niguel, CA 92677

                                              /s/ James J. Sabella
                                              James J. Sabella