UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
CARL BLESSING ET AL.,                          :
                                               :
    Plaintiffs,                              :
                                               :         09 CV 10035 (HB)
    - against -                              :
                                               :         OPINION &
SIRIUS XM RADIO INC.,                          :         ORDER
                                               :
    Defendant.                               :
-------------------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge:**

    Before the Court is Plaintiffs-Appellees' ("Plaintiffs") motion pursuant to Rule 7 of the Federal Rules of Appellate Procedure for an order requiring Appellants-Objectors ("Objectors") to post a Bond in the amount of $200,000 or such other amount as the Court deems appropriate to cover the Plaintiffs' potential costs and attorneys' fees that could result from Objectors' appeal from this Court's Final Judgment and Order and Order Awarding Attorneys' Fees and Expenses, both entered on August 25, 2011. The August 25, 2011 Orders concluded a class action against Sirius XM. Objectors are Class Members who objected to approval of the Settlement Agreement and the award of attorneys' fees and expenses to Class Counsel, and have appealed to the Second Circuit. For the reasons set forth below, the Motion is DENIED.

### I. Costs Included in an Appeal Bond

    Under Rule 7 of the Federal Rules of Appellate Procedure, a district court "may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. Proc. 7. "The power to impose an appeal bond under Rule 7 has been specifically given to the discretion of the district court." *Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998).

    The parties disagree about whether attorneys' fees may be included in the costs of an appeal bond in this case. There are two potential bases for including attorneys' fees in an appeal bond: (1) the substantive statute under which the appeal is sought provides for attorneys' fees "as part of the costs" awarded to the prevailing party, *id.* at 75, or (2) the district court determines that the court of appeals might award fees under Fed. R. App. P. 38 because the appeal is frivolous, regardless of whether the underlying statute permits an attorneys' fee award. *In re Currency Conversion Fee Antitrust Litig.*, 01 MDL No. 1409, 2010 U.S. Dist. LEXIS 27605, at *7 (S.D.N.Y. Mar. 5, 2010); *In*

re *AOL Time Warner, Inc., Sec. & "ERISA" Litig.*, 02 Cv. 5575, 2007 WL 2741033, at *4-5 (S.D.N.Y. Sept. 20, 2007).

Plaintiffs concede that the substantive statute under which the appeal is sought in this case, Section 4 of the Clayton Act, only provides a basis for requiring antitrust defendants to pay the attorneys' fees of successful antitrust plaintiffs and that attorneys' fees are not appropriately included in the Bond on this basis. Pls.' Reply 4; *In re Currency Conversion*, 2010 U.S. Dist. LEXIS 27605, at *7 (rejecting award of attorneys' fees on the basis of Section 4 of the Clayton Act because the Clayton Act provides for fees only to successful plaintiffs). However, Plaintiffs argue that attorneys' fees are appropriate under Fed. R. App. P. 38, because the appeal in this case is frivolous.

Appellate Rule 38 states that, "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion on notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. Proc. 38. Although some courts in other circuits have awarded fees under Rule 38 where they found that the court of appeals might make a determination that the appeal was frivolous, courts in the Second Circuit have found that "the imposition of sanctions is a question for the Court of Appeals to determine." *In re Currency Conversion*, 2010 U.S. Dist. LEXIS 27605, at *8-9 (finding that Rule 38 was not a basis for including attorneys' fees in the bond); *In re Initial Public Offering Sec. Litig.*, 728 F. Supp. 2d 289, 297 (S.D.N.Y. 2010) (same); *In re AOL Time Warner*, 2007 WL 2741033, at *4-5 (same). Because an award of attorneys' fees under Rule 38 would impermissibly infringe on the authority given to the Second Circuit under Rule 38, I would not include attorneys' fees in any possible bond award.[1]

## II. Appropriateness of a Bond

In deciding whether to grant a motion for an appeal bond, courts consider several nonexhaustive factors including, "(1) the appellant's financial ability to post a bond, (2) the risk that the appellant would not pay appellee's costs if the appellant loses, (3) the merits of the appeal, and

---

[1] Plaintiffs' argument that *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 124 (S.D.N.Y. 1999) is "[o]n all fours with the instant case" is unpersuasive. *NASDAQ* was an antitrust case in which the district court included attorneys' fees in a Rule 7 bond. *Id.* at 128. However, that case—incorrectly in my view—included attorneys' fees in the bond on the basis of the underlying statute, the Clayton Act, not under Rule 38. *Id.* As Plaintiffs concede, and as numerous other courts in this Circuit have concluded, the inclusion of attorneys' fees in a bond on the basis of a statute that is not a fee-shifting statute, such as the Clayton Act, is not proper. *See, e.g.*, *In re Currency Conversion*, 2010 U.S. Dist. LEXIS 27605, at *7 (rejecting award of attorneys' fees on the basis of Section 4 of the Clayton Act because the Clayton Act provides for fees only to successful plaintiffs); *In re Initial Public Offering Sec. Litig.*, 728 F. Supp. 2d at 297 (rejecting award of attorneys' fees on the basis of Section 11(e) of the 1933 Securities Act because "section 11(e) is not a fee-shifting statute"). Moreover, in the only section where *NASDAQ* refers to Rule 38, it does so in a manner that undercuts, rather than supports, Plaintiffs' argument. 187 F.R.D. at 128 n.4 (rejecting plaintiffs argument that the bond should secure double costs on appeal pursuant to Rule 38 because "it is for the court of appeals and not the district court to decide whether Rule 38 costs and damages should be allowed in any given case") (internal quotation marks and citation omitted).

(4) whether the appellant has shown any bad faith or vexatious conduct." *Baker v. Urban Outfitters Wholesale, Inc.*, 01cv5440, 2006 U.S. Dist. LEXIS 90120, at *1 (S.D.N.Y. Dec. 12, 2006).

**A. Financial Ability to Post a Bond**

A finding that an appellant is financially unable to post a bond might weigh against the imposition of an appeal bond in a specific case. *Adsani*, 139 F.3d at 77, 79 (noting that "Government's power to 'close its courts' by imposing fees upon appeal . . . is not unlimited" but finding that the appellant had not made a showing of "financial hardship"); *In re Initial Public Offering*, 728 F. Supp. at 293 (finding appellant was not arguing that it lacked the financial ability to post a bond where no financial information was submitted *)*; *In re AOL Time Warner*, 2007 WL 2741033, at *2 (same).

None of the Objectors provide specific financial information detailing their inability to post a bond, and in fact, just one of the Objectors states that joint and several liability for a $200,000 bond would make pursuing this appeal nearly impossible for him. *See* Ireland Opp. Memo 6 ("This Appellant can pay a small cost bond . . . [h]owever, in his wildest dreams, Appellant does not have the means to post a cost bond for $200,000."). Because none of the other Objectors state that they would be unable to pay a $200,000 bond, I find, as have other courts to examine the issue, that the other Objectors are not opposing the bond on this basis. *See In re Initial Public Offering*, 728 F. Supp. 2d at 293; *In re AOL Time Warner*, 2007 WL 2741033, at *2. Further, although Ireland specifically states that he could not afford a $200,000 bond, he could pay a "small cost bond." Ireland Opp. Memo 6. Plaintiffs have not taken the trouble to separate out the portion of the bond attributable to potential attorneys' fees from the portion attributable to potential costs. However, a bond including only a provision for costs would likely be substantially smaller than $200,000,[2] and alleviate any risk of chilling the Objectors' right to appeal. *Adsani*, 139 F.3d at 79. In short, the Objectors would have the financial ability to post a substantially smaller bond limited to Plaintiffs' potential costs; however, for the reasons below, I find such a bond unnecessary.

**B. Risk of Objectors' Nonpayment**

Plaintiffs have failed to demonstrate that there is a substantial risk of nonpayment of appeal costs by the Objectors, merely noting that appellants are scattered around the country. Pls.' Reply 2. Furthermore, Plaintiffs appear far more concerned with ensuring that they have "a bond to secure any award of attorneys' fees," which as noted above is not permissible in this case, than they are with securing any potential award for costs. Although some courts have found a significant risk of

---

[2] Although in reply, Plaintiffs argue that the bond would be "substantial" even if it were limited to costs, they again fail to provide any estimate of the separate amount attributable to fees versus costs.

nonpayment merely because the appellants were "dispersed around the country," *see In re Currency Conversion*, 2010 U.S. Dist. LEXIS 27605, at *5; *In re Initial Public Offering*, 728 F. Supp. 2d at 293, other courts have found a legitimate risk of nonpayment, and consequently imposed a bond, where specific facts established a substantial likelihood of nonpayment. *Adsani*, 139 F.3d at 70 (finding risk of nonpayment when appellant had no assets in the United States); *Tri-Star Pictures, Inc. v. Unger*, 32 F. Supp. 2d 144, 147 (S.D.N.Y. 1999) (same); *Baker v. Urban Outfitters Wholesale, Inc.*, 2006 U.S. Dist. LEXIS 90120, at *3 (finding risk of nonpayment established where appellant had failed to comply with previous court order to pay costs).  Plaintiffs have not shown a significant risk of nonpayment, especially in light of the fact that any bond in this case would not include attorneys' fees and so would be substantially smaller than the $200,000 Plaintiffs request. *In re Air Cargo Shipping Services Antitrust Litig.*, 06-MD-1775, 2010 WL 1049269, at *2 (E.D.N.Y. Mar. 22, 2010) (finding the small amount of the possible bond, which would not include requested attorneys' fees, "considerably reduces any financial risk").

**C.  The Merits of the Appeal**

Naturally, this appeal in my view lacks merit, a factor weighing in favor of requiring a bond. *Baker v. Urban Outfitters Wholesale, Inc.*, 2006 U.S. Dist. LEXIS 90120, at *3.  The settlement resulted from extensive negotiations and followed a fairness hearing at which objectors were heard; I find it unlikely that the Objectors will succeed.

**D.  Bad Faith or Vexatious Conduct**

Although the Plaintiffs characterize several of the attorneys involved in this appeal as "professional objectors," I do not find that they have exhibited any bad faith or vexatious conduct in filing this appeal or in the litigation in general. *Id.*  Merely characterizing some of the attorneys as "professional objectors" without specifying what, exactly, they have done that is either in bad faith or vexatious, is not enough. *Compare In re Air Cargo Shipping Services Antitrust Litig.*, 2010 WL 1049269, at *3 (finding that although plaintiffs characterized one attorney as a professional objector and noted vexatious conduct he had engaged in during earlier litigation, "in my judgment, that is insufficient to support a finding in this case") *with In re Initial Public Offering*, 728 F. Supp. 2d at 294-95 (finding vexatious conduct where, in addition to the fact that attorneys were professional objectors, one attorney had sought an exorbitant fee from Class Counsel in exchange for withdrawing their appeal and several others had refused to comply with the court's orders); *In re AOL Time Warner*, 2007 WL 2741033, at *3 (finding some evidence of bad faith or vexatious conduct where non-class member tried to "extract a settlement from the Plaintiff, but it failed to provide the information necessary to complete the extraction").

### E. A Bond is Inappropriate

Although it is unlikely that the Objectors will succeed in their appeal, Plaintiffs have failed to demonstrate either that there is a significant risk of nonpayment or that the Objectors have engaged in bad faith or vexatious conduct. *In re Air Cargo Shipping Services Antitrust Litig.*, 2010 WL 1049269, at *3 (rejecting an appeal bond where the objectors were "unlikely to prevail on appeal" but "I find that the low risk of nonpayment and the lack of bad faith by the appellants obviate the need for an appeal bond in this case").

### Conclusion

For the reasons stated above, the Plaintiffs-Appellees' motion to require Objectors-Appellants to Post an Appeal Bond is DENIED. The clerk of the Court is instructed to close the motion and remove it from my docket.

**SO ORDERED**

November 22, 2011
New York, New York

Hon. Harold Baer, Jr.
U.S.D.J.

5