**MANDATE**

11-3696-cv (L)
Blessing et al. v. Martin

1:09-cv-10035-HB-RLE

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of December, two thousand twelve.

PRESENT: ROBERT D. SACK,
         DENNY CHIN,
         RAYMOND J. LOHIER, JR.,
              <u>Circuit Judges</u>.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 13, 2013

- - - - - - - - - - - - - - - - - - -x

CARL BLESSING, EDWARD A. SCERBO, JOHN CRONIN, CHARLES BONISIGNORE, ANDREW DREMAK, TODD HILL, CURTIS JONES, JOSHUA NATHAN, JAMES SACCHETTA, DAVID SALYER, SUSIE STANAJ, PAUL STASIUKEVICIUS, SCOTT BYRD, GLENN DEMOTT, MELISSA FAST, JAMES HEWITT, RONALD WILLIAM KADER, EDWARD LEYBA, GREG LUCAS, KEVIN STANFIELD, TODD STAVE, PAOLA TOMASSINI, JANEL STANFIELD, BRIAN BALAGUERA, individually and on behalf of all others similarly situated,

              <u>Plaintiffs-Appellees</u>,

              -v.-

SIRIUS XM RADIO INC.,
              <u>Defendant-Appellee</u>,

                                   11-3696-cv (Lead)
                                   11-3729-cv (Con)

```
                                        11-3834-cv (Con)
                                        11-3883-cv (Con)
         -v.-                           11-3908-cv (Con)
                                        11-3910-cv (Con)
                                        11-3916-cv (Con)
                                        11-3965-cv (Con)
                                        11-3970-cv (Con)
                                        11-3972-cv (Con)
```

MARVIN UNION, ADAM FALKNER, NICOLAS MARTIN, JILL PIAZZA, KEN WARD, RUTH CANNATA, LEE CLANTON, CRAIG CANTRALL, BEN FRAMPTON, KIM FRAMPTON, JOEL BROIDA, JOHN SULLIVAN, SHEILA MASSIE, JASON M. HAWKINS, STEVEN CRUTCHFIELD, SCOTT D. KRUEGER, ASSET STRATEGIES, INC., CHARLES B. ZURAVIN, JENNIFER DEACHIN, RANDY LYONS, TOM CARDER, JOHN IRELAND, JEANNIE MILLER, MICHAEL HARTLEIB, BRIAN DAVID GOE, DONALD K. NACE, CHRISTOPHER BATMAN,
    Objectors-Appellants,

LINDA MROSKO, LANGE M. THOMAS,
    Objectors.

- - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FOR PLAINTIFFS-APPELLEES: | JAMES J. SABELLA (Jay W. Eisenhofer, Richard S. Schiffrin, Shelly L. Friedland, Grant & Eisenhofer P.A., New York, New York, Mary S. Thomas, Grant & Eisenhofer P.A., Wilmington, Delaware, Reuben Guttman, Grant & Eisenhofer, Washington, District of Columbia, Paul F. Novak, Milberg LLP, Detroit, Michigan, Herman Cahn, Anne Fornecker, Milberg LLP, New York, New York, Nicole Duckett, Milberg LLP, Los Angeles, California, Christopher B. Hall, Edward S. Cook, P. Andrew Lampros, Cook, Hall & Lampros, LLP, Atlanta, Georgia, on the brief). |
| FOR DEFENDANTS-APPELLEE: | TODD R. GEREMIA (John M. Majoras, Thomas Demitrack, on the brief), Jones Day, New York, New York. |
| FOR OBJECTORS-APPELLANTS: | THEODORE H. FRANK, Center for Class Action Fairness LLC, Washington, District of Columbia, PAUL S. |

|||
|---|---|
| | ROTHSTEIN, Gainesville, Florida (Michael Hartlieb, pro se, Brian David Goe, pro se, N. Albert Bacharach, Jr., Gainesville, Florida, R. Stephen Griffis, Hoover, Alabama, Charles M. Thompson, Birmingham, Alabama, Joseph Darrell Palmer, Law Offices of Darrell Palmer P.C., Solana Beach, California, Steve A. Miller, Denver, Colorado, on the briefs). |
| FOR AMICUS CURIAE: | Michael E. Rosman, Michelle A. Scott, for Center for Individual Rights, Washington, District of Columbia. |
| | Meriem L. Hubbard, Joshua P. Thompson, for Pacific Legal Foundation, Sacramento, California. |

Appeal from the United States District Court for the Southern District of New York (Baer, J.).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Objectors-appellants appeal from the district court's August 25, 2011 final order and judgment approving the settlement of this class action, and its August 25, 2011 order awarding class counsel $13 million in attorneys' fees and expenses. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews for abuse of discretion a district court's approval of a proposed class action settlement, D'Amato v. Deutsche Bank, 236 F.3d 78, 85 (2d Cir. 2001), and its award of attorneys' fees, In re Nortel Networks Corp. Sec. Litig., 539 F.3d 129, 134 (2d Cir. 2008).

-3-

Collectively, objectors argue, inter alia, that the district court erred when it: (1) found that the proposed settlement was fair, reasonable, and adequate; (2) found that the attorneys' fee award was reasonable; and (3) directed the sole candidate for class counsel to address diversity concerns in staffing the case. We address each of these arguments in turn.

**1. The Proposed Settlement**

A district court's approval of a settlement is contingent on a finding that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); see also 28 U.S.C. 1712(e) (2006) (judicial scrutiny of coupon settlement requires finding that the settlement is "fair, reasonable, and adequate"). This entails a review of both procedural and substantive fairness. See, e.g., D'Amato, 236 F.3d at 85. With respect to procedural fairness, a proposed settlement is presumed fair, reasonable, and adequate if it culminates from "arm's-length negotiations between experienced, capable counsel after meaningful discovery." McReynolds v. Richards-Cantave, 588 F.3d 790, 803 (2d Cir. 2009) (internal quotation marks omitted). A proposed settlement is substantively fair if the nine factors outlined in City of Detroit v. Grinnell Corp. weigh in favor of that conclusion. See, e.g., Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 117 (2d Cir. 2005) (citing Grinnell, 495 F.2d 448, 463 (2d Cir. 1974)).

Here, the proposed settlement provided, in part, that defendant-appellant Sirius XM Radio Inc. ("Sirius XM") would not raise its prices for five months. Furthermore, class members

-4-

received no cash remedy. The case was settled on the eve of trial, after nearly three years of litigation, including extensive fact and expert discovery. Moreover, competent counsel appeared on both sides, and settlement was reached only after contentious negotiations. Thus, the district court did not abuse its discretion when it presumed the proposed settlement was procedurally fair, see McReynolds, 588 F.3d at 803, and objectors presented no evidence to rebut that presumption.

The record also supports a finding of substantive fairness. The district court conducted a fairness hearing, where it considered objectors' arguments. The district court's opinion and order approving the proposed settlement also noted that it had considered the oral and written submissions of the objectors. Moreover, although objectors now complain that the district court did not thoroughly evaluate the value of the settlement, no one requested an evidentiary hearing to ascertain the settlement's value, more time to identify expert witnesses, or an opportunity to present any witnesses.

Finally, the Grinnell factors supported the district court's determination that the proposed settlement was substantively fair. In particular, it became apparent that, were the case to go to trial, plaintiffs' likelihood of success was slim. We acknowledge that valuing nonmonetary antitrust settlements -- much like the price freeze here -- is an inherently imprecise business, see Merola v. Atl. Richfield Co., 515 F.2d 165, 172 (3d Cir. 1975) (courts should apply their "informed economic judgment" and any "probative evidence of the

-5-

monetary value" of the remedy when assessing nonmonetary antitrust settlement value), and as the record provides a factual basis for its finding, we hold that the district court did not abuse its discretion when it concluded that the proposed settlement was substantively fair.

**2. Reasonableness of the Attorneys' Fee Award**

Except as otherwise required by statute, fees awarded pursuant to a class action suit must be calculated as either a "percentage of the fund" or by applying the lodestar method. See, e.g., Masters v. Wilhelmina Model Agency, Inc., 473 F.3d 423, 436 (2d Cir. 2007); Wal-Mart Stores, 396 F.3d at 121. The reasonableness of a fee calculated by either of these methods, however, is determined by the factors outlined in our decision in Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000). See Masters, 473 F.3d at 436.

Objectors contend that the $13 million fee was unreasonable because of the clear-sailing and reversionary provisions written into the settlement, and in light of the limited recovery to the class. To the extent objectors argue that the clear-sailing and reversionary provisions suggest improper collusion between class counsel and Sirius XM, we note that such provisions, without more, do not provide grounds for vacating the fee. See Malchman v. Davis, 761 F.2d 893, 905 & n.5 (2d Cir. 1985) (addressing clear-sailing provision), abrogated on other grounds, Amchem Prods., Inc. v. Windsor, 521 U.S. 591 (1997). Moreover, the fee was negotiated only after settlement terms had been decided and did not, as the district court found,

reduce what the class ultimately received. See id. (such factors favored respecting the fee); Thompson v. Metro. Life Ins. Co., 216 F.R.D. 55, 71 (S.D.N.Y. 2003) (same). Finally, the district court independently inspected applicable time and expense records before judging the reasonableness of the requested fee, which -- after accounting for expenses -- represented less than sixty percent of the lodestar calculation. Thus, as the record supports a finding that the $13 million award was reasonable, the district court did not abuse its discretion in granting the fee award.

Objectors also argue that the price freeze offered in the proposed settlement was the equivalent of a "coupon" and, therefore, should have been subject to the attorneys' fee provisions applicable to coupon settlements under the Class Action Fairness Act of 2005 ("CAFA"). See § 1712(a)-(c). We need not, however, decide this issue. Even assuming that the coupon provisions of CAFA were applicable, the district court's approval of the proposed settlement and the attorneys' fee award was appropriate. As noted, the attorneys' fees were negotiated only after the terms of the settlement were reached, and the fee award comes directly from Sirius XM, rather than from funds (or coupons) earmarked for the class.

Thus, even assuming the price freeze was the equivalent of a coupon, no "portion of [the] attorney's fee award . . . is attributable to the award of the coupons." § 1712(a). Where "a portion of the recovery of the coupons is not used to determine the attorney's fee to be paid to class counsel, any attorney's

-7-

fee award shall be based upon the amount of time class counsel reasonably expended working on the action." § 1712(b)(1); see also S. Rep. No. 109-14, at 30 (2005) ("[T]he proponents of a class settlement involving coupons may decline to propose that attorney's fees be based on the value of the coupon-based relief provided by the settlement. Instead, the settlement proponents may propose that counsel fees be based upon the amount of time class counsel reasonably expended working on the action."). The district court approved the fee award after determining it was reasonable under the lodestar method, which reflects "the amount of time class counsel reasonably expended working on the action," and is therefore consistent with CAFA. § 1712(b), (c)(2).

### 3. Diversity of Class Counsel

In the class certification order, the district court requested that class counsel consider diversity when staffing the case,[1] a provision objectors now contest. To establish standing to bring a claim, a plaintiff must show (1) injury-in-fact, (2) causation, and (3) redressability. Town of Babylon v. Fed. Hous. Fin. Agency, 699 F.3d 221, 228 (2d Cir. 2012). An injury-in-fact is a "'concrete and particularized' harm to a 'legally protected interest.'" Selevan v. N.Y. Thruway Auth., 584 F.3d 82, 89 (2d Cir. 2009); see also W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP, 549 F.3d 100, 107 (2d Cir. 2008) ("[P]laintiff must have personally suffered an injury."). Although objectors allege

---

[1] The class certification order stated that class counsel "should ensure that the lawyers staffed on the case fairly reflect the class composition in terms of relevant race and gender metrics." Opinion and Order at 14, Blessing v. Sirius XM Radio Inc., No. 09-cv-10035 (S.D.N.Y. Mar. 29, 2011), ECF No. 85.

that staffing a case with an eye to diversity "may interfere with [counsel's] ability to provide the best representation for the class," J.A. 829, they never contend that class counsel's representation was actually inferior.  As objectors failed to state an injury-in-fact, we find that they lack standing to challenge the district court's diversity request in its class certification order.

We have considered objectors' remaining arguments and conclude they are without merit.  For the foregoing reasons, we **AFFIRM** the orders and judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

-9-